IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

10X GENOMICS, INC. and PRESIDENT
AND FELLOWS OF HARVARD COLLEGE,

    Plaintiffs,

    v.

VIZGEN, INC.,

    Defendant.

C.A. No. 22-595-MFK

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED WILLFUL AND INDIRECT INFRINGEMENT CLAIMS**

OF COUNSEL:

David Bilsker
Sam Stake
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600

Kevin Johnson
Victoria Maroulis
Andrew Bramhall
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
(650) 801-5000

Angus Chen
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

James L. Higgins (No. 5021)
Pilar G. Kraman (No. 5199)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jhiggins@ycst.com
pkraman@ycst.com

*Attorneys for Defendant Vizgen, Inc.*

**TABLE OF CONTENTS**

**Page**

I.   NATURE AND STAGE OF THE PROCEEDINGS AND SUMMARY OF ARGUMENT ................................................................................................................1

II.  FACTUAL BACKGROUND ..............................................................................................2

III. LEGAL STANDARD ..........................................................................................................4

   A.   Willful Infringement ................................................................................................4

   B.   Indirect Infringement ...............................................................................................5

IV.  ARGUMENT .......................................................................................................................6

   A.   Plaintiffs Have Not Plausibly Pled Willful Infringement Against Vizgen ..............6

        1.   Pleading Knowledge Based on Notice Received the Day Prior to the Lawsuit Does Not State a Plausible Claim of Willful Infringement ...........................................................................................7

        2.   Neither Knowledge of the Original Complaint Nor Post-Suit Allegations Are Sufficient to State a Plausible Claim of Willful Infringement ...........................................................................................9

   B.   Plaintiffs Have Not Plausibly Pled Indirect Infringement Against Vizgen ...........11

V.   CONCLUSION ..................................................................................................................14

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ............................................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ............................................................................................................... 4

*Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*,
   No. 12-1380, 2013 WL 12149301 (M.D. Fla. Mar. 29, 2013) .............................................. 13

*Bos. Sci. Corp. v. Nevro Corp.*,
   560 F. Supp. 3d 837 (D. Del. 2021) ........................................................................................ 5

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015) .......................................................................................................... 5, 11

*Davis v. Wells Fargo*,
   824 F.3d 333 (3d Cir. 2016) ................................................................................................... 4

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
   No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) ........................................... 5, 7

*Dynamic Data Techs., LLC v. Brightcove Inc.*,
   No. 19-1190-CFC, 2020 WL 4192613 (D. Del. July 21, 2020) ............................................ 12

*Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*,
   No. 15-545-SLR, 2016 WL 1019667 (D. Del. Mar. 15, 2016) ........................................... 8, 9

*Express Mobile, Inc. v. Squarespace, Inc.*,
   No. 20-1163-RGA, 2021 WL 3772040 (D. Del. Aug. 25, 2021) ...................................... 7, 8, 9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) ........................................................................................................ 11, 13

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
   897 F.2d 508 (Fed. Cir. 1990) ................................................................................................ 8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   579 U.S. 93 (2016) ............................................................................................................. 4, 5

*Intellectual Ventures I LLC v. Toshiba Corp.*,
   66 F. Supp. 3d 495 (D. Del. 2014) .................................................................................. 7, 8, 9

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018) ............................................................................................ 13

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
  No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) .............................................. 14

*Orlando Commc'ns LLC v. LG Elecs., Inc.*,
  No. 14-1017, 2015 WL 1246500 (M.D. Fla. Mar. 16, 2015) ....................................... 12, 13, 14

*Roche Diagnostics Corp v. Meso Scale Diagnostics, LLC*,
  30 F.4th 1109 (Fed. Cir. 2022) ........................................................................................... 14

*Sonos, Inc. v. Google LLC*,
  No. 21-07559, 2022 WL 799367 (N.D. Cal. Mar. 16, 2022) ..................................... 7, 9, 13, 14

*SynQor, Inc. v. Artesyn Techs., Inc.*,
  709 F.3d 1365 (Fed. Cir. 2013) ......................................................................................... 13

*VLSI Tech. LLC v. Intel Corp.*,
  No. 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ................................................ 13

*Volterra Semiconductor LLC v. Monolithic Power Sys., Inc.*,
  No. 19-2240-CFC, 2021 WL 4476998 (D. Del. Sept. 30, 2021) .............................................. 6

*Wrinkl, Inc. v. Facebook, Inc.*,
  No. 20-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) .................................. 9, 10, 11

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
  528 F. Supp. 3d 247 (D. Del. 2021) ............................................................. 5, 8, 10, 11, 12, 13

I.   **NATURE AND STAGE OF THE PROCEEDINGS AND SUMMARY OF ARGUMENT**

In their First Amended Complaint, Plaintiffs 10x Genomics, Inc. ("10x") and the President and Fellows of Harvard College ("Harvard") (10x and Harvard, together, "Plaintiffs") accuse Defendant Vizgen, Inc. ("Vizgen") of directly, indirectly, and willfully infringing five U.S. Patents (the "Asserted Patents"). *See* D.I. 16 at ¶ 1.  Knowledge of a patent is a required element of both willful and indirect infringement claims.  But the Amended Complaint does not allege that Vizgen had knowledge of the Asserted Patents in the years, months, or weeks prior to the instant lawsuit, or that Vizgen knowingly and intentionally infringed or encouraged others to infringe during such times.  Instead, the Amended Complaint alleges that Vizgen first obtained knowledge of the Asserted Patents and of its infringement through a notice letter received ***just one day before*** Plaintiffs filed their Original Complaint, effectively providing no advance notice at all.

Unsurprisingly, such a tactic is not permissible under the law.  That is, even accepting as true the allegation that Vizgen received the notice letter and appreciated its contents, claims of willful and indirect infringement cannot be predicated upon knowledge obtained approximately 24 hours before a lawsuit is initiated.  And mere awareness of the allegations in an original complaint cannot satisfy the knowledge requirement for amended claims of willful and indirect infringement.  Indeed, consistent with the weight of authority, 10x itself recently argued in this District that claims of willful and indirect infringement in an amended complaint must include facts demonstrating ***pre-suit*** knowledge in order to survive a motion to dismiss.

For these reasons and those set forth more fully herein, Vizgen respectfully submits that Plaintiffs' amended willful and indirect infringement claims should be dismissed.

## II.     FACTUAL BACKGROUND

Vizgen is a start-up biotechnology company located in Cambridge, Massachusetts and was founded in 2019.  It is dedicated to improving human health and pioneering the next generation of genomics.  Vizgen has developed tools that allow scientists to identify—and then map the spatial distribution of—gene expression in biological systems at an unprecedented scale and quality.  What this means is that Vizgen's technology can be used to accurately determine where and how genes are expressed within biological tissues, such as brain, heart, or kidney tissues.

MERFISH is Vizgen's proprietary and patented technology.  It is capable of both identifying and providing the spatial distribution of hundreds to tens of thousands of RNA species in individual cells by simultaneously imaging single molecules.  Vizgen's MERSCOPE™ platform, which is powered by the MERFISH technology, is the first commercially available genomic platform to enable researchers to perform this highly multiplexed analysis on cells—all while retaining spatial information within the tissue architecture—with high accuracy and unrivaled detection efficiency at subcellular resolution.   The MERSCOPE™/MERFISH technology has already provided transformative insight to a wide range of medical fields, such as neuroscience, oncology, immunology, and infectious disease.  For example, scientists have used MERFISH to investigate the cellular diversity of human and mouse brains and map their intricate spatial and functional organization.[1]  This information, in turn, provides scientists with insight into potential treatments for diseases relating to those organs.

---

[1] *See, e.g.*, "Conservation and divergence of cortical cell organization in human and mouse revealed by MERFISH", Vizgen, https://vizgen.com/resources/conservation-and-divergence-of-cortical-cell-organization-in-human-and-mouse-revealed-by-merfish/ (last visited August 2, 2022); "Spatially resolved transcriptomics and the kidney: Many opportunities", Vizgen, https://vizgen.com/resources/spatially-resolved-transcriptomics-and-the-kidney-many-opportunities/ (last visited August 2, 2022).

On May 3, 2022, Plaintiffs filed a complaint for patent infringement of U.S. Patent Nos. 11,021,737; 11,293,051; 11,293,052; 11,293,054; and 11,299,767 by the MERSCOPE™ Platform. *See* D.I. 1 ("Original Complaint"). The Original Complaint alleged direct, indirect (i.e., induced and contributory), and willful infringement claims against Vizgen. More specifically, Plaintiffs alleged that Vizgen's MERSCOPE™ Platform directly infringed the five Asserted Patents. *See* D.I. 1 at ¶¶ 35, 42, 49, 56, 63. Plaintiffs also alleged that Vizgen's sale and provision of the MERSCOPE™ Platform with certain instructions to customers constitutes acts of indirect infringement. *See id.* at ¶¶ 36-37, 43-44, 50-51, 57-58, 64-65. Plaintiffs further contended that Vizgen's infringement was willful. *See id.* at ¶¶ 38, 45, 52, 59, 66.

Although pre-suit knowledge of a patent is a required element of both willful and indirect infringement claims, the Original Complaint did not allege that Vizgen, through any actions of its own, had knowledge of the Asserted Patents (or their subject matter) prior to the instant suit. Instead, the Original Complaint merely claimed that Vizgen became aware of the Asserted Patents and its alleged infringement on May 2, 2022—***the day before the Original Complaint was filed***. Specifically, the Original Complaint alleged that Vizgen obtained knowledge "of its infringement of the Asserted Patents on or around May 2, 2022, when Vizgen received a letter from 10x including the claim charts attached as Attachments A - E to th[e] Complaint and detailing how Vizgen and other users of Vizgen's MERSCOPE Platform infringe the Asserted Patents." *Id.* at ¶ 33. The Original Complaint made no allegation indicating that Vizgen had (or should have had) knowledge of the Asserted Patents or its alleged infringement of them prior to May 2, 2022. Vizgen therefore moved to dismiss Plaintiffs' deficient claims. *See* D.I. 13.

Plaintiffs amended their Original Complaint on August 1, 2022. *See* D.I. 16 ("Amended Complaint"). But the Amended Complaint does not cure the deficiencies of the Original

Complaint by alleging that Vizgen had *pre-suit* knowledge of any Asserted Patent.  To the contrary, the Amended Complaint largely repeats the direct (¶¶ 36, 44, 52, 60, 68), induced (¶¶ 37, 45, 53, 61, 69), contributory (¶¶ 38, 46, 54, 62, 70), and willful (¶¶ 39-40, 47-48, 55-56, 63-64, 71-72) infringement allegations contained within the Original Complaint.  And all of the new factual allegations contained within the Amended Complaint merely claim that Vizgen has taken actions *after* the filing of the Original Complaint that purportedly evidence its knowledge of the Asserted Patents.  *Id.* at ¶ 34 (alleging conduct in June 2022).  Vizgen therefore renews its motion to dismiss.

## III.   LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  When reviewing a motion to dismiss under Rule 12(b)(6), although the court is "required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant," the court must "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### A.   Willful Infringement

Section 284 of the Patent Act "gives district courts the discretion to award enhanced damages against those guilty of patent infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579

U.S. 93, 110 (2016).  In *Halo*, the Supreme Court held that where the asserted basis for enhanced damages is willful misconduct, it is "[t]he subjective willfulness of [the] patent infringer, ***intentional or knowing***, [that] may warrant enhanced damages, without regard to whether his infringement was objectively reckless."  *Id*. at 105 (emphasis added).  Courts within this District have held that the Supreme Court's "'intentional or knowing' clause makes clear that willful infringement is—at a minimum—knowing infringement."  *Bos. Sci. Corp. v. Nevro Corp*., 560 F. Supp. 3d 837, 842 (D. Del. 2021); *see also, e.g.*, *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd*., No. 19-1239-CFC, 2020 WL 4365809, at *4 (D. Del. July 30, 2020).

Applying these principles to a Rule 12(b)(6) motion, courts in this District have further held that a "willful infringement-based claim for enhanced damages survives a motion to dismiss if it alleges facts from which it can be plausibly inferred that the party accused of infringement (1) had knowledge of or was willfully blind to the existence of the asserted patent and (2) had knowledge of or was willfully blind to the fact that the party's alleged conduct constituted, induced, or contributed to infringement of the asserted patent."  *Dynamic Data*, 2020 WL 4365809, at *5.  In other words, Plaintiffs must plead facts making it plausible that Vizgen knew about the Asserted Patents before the Original Complaint was filed and deliberately infringed them with its MERSCOPE™ platform and MERFISH technology.

### B. Indirect Infringement

"Claims of indirect infringement—that is, induced or contributory infringement—require proof that the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent."  *ZapFraud, Inc. v. Barracuda Networks, Inc*., 528 F. Supp. 3d 247, 249 (D. Del. 2021) (citing *Commil USA, LLC v. Cisco Sys., Inc*., 575 U.S. 632 (2015)).  Thus, for "an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that

the accused infringer specifically intended [another party] to infringe [the patent] and ***knew*** that the [other party]'s acts constituted infringement." *Volterra Semiconductor LLC v. Monolithic Power Sys., Inc.*, No. 19-2240-CFC, 2021 WL 4476998, at *5 (D. Del. Sept. 30, 2021) (alterations in original) (emphasis added). Knowledge must also be pled to state a claim for contributory infringement. *See id.* ("Contributory infringement requires a showing that the accused infringer 'offers to sell or sells . . . a component of a patented [invention], . . . *knowing* the same to be especially made or especially adapted for use in an infringement of such patent.'") (alterations and emphasis in original).

## IV. ARGUMENT

### A. Plaintiffs Have Not Plausibly Pled Willful Infringement Against Vizgen

Plaintiffs have not adequately pled pre-suit knowledge, a required element for their willful infringement claims. Rather than allege that Vizgen had notice in the years, months or even weeks leading up to the lawsuit, Plaintiffs have alleged pre-suit knowledge based on a single letter received one day before the lawsuit. That is legally insufficient.

Plaintiffs further allege that "Vizgen's infringement since at least 10x's May 2, 2022, notice letter has been willful." *See* D.I. 16 at ¶¶ 40, 48, 54, 62, 70. But the law is also well-settled that a plaintiff may not put a defendant on notice of its patents by filing a complaint (or, as in this case, sending a notice letter one day before filing a complaint) and then later amend its complaint to allege the defendant has willfully infringed since the time the original suit was filed. In other words, the law demands that the pieces necessary to allege post-suit willfulness must be in place ***before*** the lawsuit is initiated.

### 1. Pleading Knowledge Based on Notice Received the Day Prior to the Lawsuit Does Not State a Plausible Claim of Willful Infringement

"[W]illful infringement is—at a minimum—knowing infringement." *Dynamic Data*, 2020 WL 4365809, at *4. Accordingly, in order for their willful infringement claims to survive this motion to dismiss, the Amended Complaint must plausibly assert that Vizgen had knowledge of the asserted patents *and* knowledge that its conduct directly or indirectly infringed **before** the lawsuit was ever initiated. *See id.* at *5. Indeed, 10x agreed with these principles in a brief recently filed in this District. *See* 10x Genomics, Inc.'s Opening Brief In Support of its Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6), *Bio-Rad Labs. Inc. v. 10x Genomics, Inc.*, No. 19-01699-RGA, D.I. 13 (D. Del. Dec. 4, 2019) (attached as Ex. A). Specifically, 10x asserted that "the pleading standard for willful infringement [in this District] requires allegations of willful conduct **prior** to the filing [of] the claim." *Id.* at 19 (emphasis added) (citation omitted).

Courts in this District, as well as around the country, have repeatedly held that a patentee does not plausibly state a claim for willful infringement by pleading a defendant had knowledge of the asserted patents based upon the receipt of a "notice" letter received only the day before the lawsuit is initiated. Such facts (even accepted as true) cannot and "do not plausibly support an allegation that Defendant willfully infringed between the time it was notified of the alleged infringement of the [asserted patent] and the filing of the suit the subsequent day." *Express Mobile, Inc. v. Squarespace, Inc.*, No. 20-1163-RGA, 2021 WL 3772040, at *5 (D. Del. Aug. 25, 2021) (dismissing willful infringement claim where plaintiff notified defendant of its alleged infringement on August 31, 2020 and then "filed suit the following day"); *Intellectual Ventures I LLC v. Toshiba Corp.*, 66 F. Supp. 3d 495, 499-500 (D. Del. 2014) (granting motion to dismiss where plaintiff sent letter alleging infringement one day before the complaint was filed); *Sonos, Inc. v. Google LLC*, No. 21-07559, 2022 WL 799367, at *7 (N.D. Cal. Mar. 16, 2022) (holding

Plaintiff "failed to sufficiently allege knowledge of the patent and knowledge of infringement" where it "proceeds on the theory that provision of a massive, pre-filing copy of the complaint one day prior to filing it in Texas was adequate to provide knowledge").

The reason one-day notice has been repeatedly found insufficient to establish pre-suit knowledge is entirely logical: "when a notice letter is filed one day before the infringement suit commences, the defendant does not have sufficient time to react to the notice letter to prevent a suit from being filed" or otherwise alter its conduct. *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd.*, No. 15-545-SLR, 2016 WL 1019667, at *4 (D. Del. Mar. 15, 2016) (granting motion to dismiss). Defendants that find themselves in this position barely have enough time to review what they have been sent, much less formulate a meaningful response. This is especially true in cases like this one, involving patents that are lengthy or complex in nature.

When addressing pre-suit knowledge based on receipt of a notice letter, courts therefore recognize that an alleged infringer must be given adequate time to respond in order for the letter to support a claim of willful infringement. *See, e.g.*, *Express Mobile*, 2021 WL 3772040, at *5; *Evolved Wireless*, 2016 WL 1019667, at *4; *Intellectual Ventures*, 66 F. Supp. 3d at 499-500. In particular, courts have raised concerns about the unfairness of potentially exposing a defendant to enhanced damages based on such limited notice. *ZapFraud*, 528 F. Supp. 3d at 251 (Chief Judge Connolly explaining that "[t]he policies that govern our patent system make the requirement of pre-suit knowledge of the asserted patents especially warranted for enhanced damages claims").

For the same reasons, dismissal of Plaintiff's willful infringement claims are warranted here. Plaintiffs were required to make plausible allegations that Vizgen ***knowingly*** acted in disregard of Plaintiffs' patent rights. *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990). Yet, Plaintiffs allege only that Vizgen first obtained knowledge of the

Asserted Patents since May 2, 2022, the day before the Original Complaint was filed. D.I. 16 at ¶ 33. That meant Vizgen had a mere 24 hours to review the letter, including the five attached claim charts, before Plaintiffs commenced their lawsuit against it. Nowhere does the Amended Complaint allege that Vizgen had or should have had knowledge of the Asserted Patents (or its alleged infringement of those patents) prior to May 2, 2022. Without more, the facts alleged by Plaintiffs in this case are simply not enough to plausibly state a claim that Vizgen knowingly and deliberately infringed the Asserted Patents and accordingly should face a willful infringement claim and the attendant possibility of enhanced damages. *See Express Mobile*, 2021 WL 3772040, at *5; *Evolved Wireless*, 2016 WL 1019667, at *4; *Intellectual Ventures*, 66 F. Supp. 3d at 499-500; *Sonos*, 2022 WL 799367, at *7.

### 2. Neither Knowledge of the Original Complaint Nor Post-Suit Allegations Are Sufficient to State a Plausible Claim of Willful Infringement

In an apparent attempt to remedy past deficiencies, the now-operative Amended Complaint alleges that in the three months since the Original Complaint was filed, "Vizgen continued to make, advertise and instruct, sell, ship, and encourage the use of the infringing MERSCOPE platform to customers in the United States and abroad." D.I. 16 at ¶ 34. In other words, Plaintiffs now plead that Vizgen's infringement after the lawsuit was initiated has been willful. *See, e.g.*, *id.* at ¶ 40.

But the law is well-settled that any knowledge of Plaintiffs' allegations that Vizgen may have gleaned from the Original Complaint cannot sustain Plaintiffs' amended willful infringement claims, and, without pre-suit knowledge, Plaintiffs may not allege Vizgen has willfully infringed since the filing of the Original Complaint. Because "[w]illful patent infringement is the rare exception [and] not the rule," the law requires a patentee alleging amended willful infringement claims to plead that the accused infringer had knowledge of the asserted patents **before** an original complaint was filed. *Wrinkl, Inc. v. Facebook, Inc.*, No. 20-1345-RGA, 2021 WL 4477022, at *7

(D. Del. Sept. 30, 2021). Thus, "when there is no pre-suit knowledge, it is not sufficient merely to allege the defendant has knowledge since the filing of the original complaint and has not ceased doing whatever the infringing behavior is alleged to be." *Id.* As Chief Judge Connolly recently held, "the operative complaint in a lawsuit fails to state a claim for willfulness-based enhanced damages under § 284 where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint ***or a prior version of the complaint filed in the same lawsuit***" (as is the case here). *ZapFraud*, 528 F. Supp. 3d at 252 (emphasis added). Therefore, "unless the pieces necessary to allege post-suit willfulness are in place before the suit is filed," courts in this District "will, in the usual case, grant motions to dismiss that are entirely based on post-suit conduct. Such allegations are not plausible." *Wrinkl*, 2021 WL 4477022, at *7.

As set forth above, 10x agrees with these principles, having argued recently that "the pleading standard for willful infringement [in this District] requires allegations of willful conduct ***prior*** to the filing [of] the claim." Ex. A at 19 (emphasis added). In that pleading, 10x argued that filing an amended complaint cannot sustain claims of willful infringement since the filing of an original complaint, explaining that "this Court has rejected such post-suit pleadings as being inadequate to state a claim for post-suit willful infringement because '[o]nce a suit is filed, however, the only thing a willfulness allegation in an amended complaint does is allow the Plaintiff to raise the stakes.'" *Id.* at 19-20 (citation omitted). Notably, 10x concluded that "the 'better course is generally ***not*** to allow allegations of willfulness ***based solely on conduct post-dating the filing of the original complaint***.'" *Id.* at 20 (emphasis added). 10x should not be permitted to change course now and argue the opposite before this Court.

Accordingly, Plaintiffs' willful infringement claims should be dismissed.

### B. Plaintiffs Have Not Plausibly Pled Indirect Infringement Against Vizgen

As with willfulness claims, claims for induced and contributory infringement require "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA*, 575 U.S. at 639; *see also Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (indirect infringement requires "knowledge of the existence of the patent that is [allegedly] infringed" and "knowledge that the induced acts constitute patent infringement"). As discussed above, the Complaint fails to adequately plead pre-suit knowledge of the Asserted Patents. Accordingly, Plaintiffs' induced and contributory infringement claims should be dismissed alongside the willful infringement claim.

The Amended Complaint alleges that "since at least May 2, 2022," Vizgen has indirectly infringed and will continue to indirectly infringe into the future. *See* D.I. 16 at ¶¶ 37-38, 44-45, 51-52, 58-59, 65-66. In other words, Plaintiffs appear to assert only post-suit indirect infringement against Vizgen.[2] Because Plaintiffs have failed to plausibly allege facts to support the necessary elements of these claims, the claims should be dismissed in their entirety.

The weight of authority in this District holds that an original complaint alone—the only possible basis for post-suit knowledge here—also cannot sustain indirect infringement claims.[3] For instance, in *ZapFraud*, like here, the plaintiff filed an amended complaint that accused the

---

[2] To the extent Plaintiffs assert that Vizgen indirectly infringed before May 2, those claims should also be dismissed. There can be no dispute that a failure to allege sufficient pre-suit knowledge warrants dismissal of indirect infringement allegations to the extent they are premised on **pre-suit** conduct. *See, e.g.*, *Wrinkl*, 2021 WL 4477022, at *6-7. Here, Plaintiffs' only basis for claiming pre-suit indirect infringement—the notice letter sent one day before commencing the instant suit—is legally insufficient for all the reasons given above in connection with willful infringement.

[3] While the weight of authority supports Vizgen, there is not complete unanimity on this issue among district courts, including those within this District. *See, e.g.*, *ZapFraud*, 528 F. Supp. 3d at 249-50 & 249 n.1 (discussing split of authority and collecting cases).

defendant of "induced, contributory, and willful infringement 'since at least the filing of th[e] action.'" 528 F. Supp. 3d at 249-50. Chief Judge Connolly dismissed the indirect infringement claims,[4] holding that "the operative complaint in a lawsuit fails to state a claim for indirect patent infringement where the defendant's alleged knowledge of the asserted patents is based solely on the content of that complaint or a prior version of the complaint filed in the same lawsuit." *Id.* at 252; *see also, e.g.*, *Dynamic Data Techs., LLC v. Brightcove Inc.*, No. 19-1190-CFC, 2020 WL 4192613, at *3 (D. Del. July 21, 2020) (dismissing induced infringement claims where plaintiff only alleged that the defendant had become aware of patents-in-suit "as of the filing of the Complaint"); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 14-1017, 2015 WL 1246500, at *11-12 (M.D. Fla. Mar. 16, 2015) (dismissing induced infringement claims because the court was "not convinced that sending a letter merely one day before filing a lawsuit confers on a defendant" knowledge of the patent and knowledge of infringement). Therefore, Plaintiffs may not assert that Vizgen has knowingly induced infringement "since at least May 2, 2022," when the Amended Complaint only pleads Vizgen has had knowledge of the Asserted Patents from the Original Complaint and the notice letter sent one day before.

These decisions are in accord with the rationale underlying 35 U.S.C. § 271(b)-(c), which requires an indirect infringer to have a pre-existing and purposeful intent for others to infringe a patent and knowledge of others' actions that constituted infringement. The service of a complaint itself should not and "cannot be the source of the knowledge required to sustain claims of induced infringement." *Dynamic Data*, 2020 WL 4192613, at *3; *see also ZapFraud*, 528 F. Supp. 3d at 251 (noting that no other area of tort law has "allowed a plaintiff to prove an element of a legal

---

[4] As set forth above, Chief Judge Connolly dismissed the amended willful infringement claims for the same reason.

claim with evidence that the plaintiff filed [a] claim," and counseling against "encouraging plaintiffs to create claims by filing claims"). Indeed, "[t]he purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *VLSI Tech. LLC v. Intel Corp.*, No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). Were it otherwise, the knowledge requirement "would be meaningless," as alleged indirect infringers would **always** be deemed to have knowledge of the patents-in-suit after receiving the original complaint. *Bonutti Skeletal Innovations LLC v. Arthrex, Inc.*, No. 12-1380, 2013 WL 12149301, at *3 (M.D. Fla. Mar. 29, 2013). The same reasoning applies to notice letters sent immediately before filing a lawsuit. *See, e.g.*, *Orlando Commc'ns, Inc.*, 2015 WL 1246500, at *11-12; *Sonos*, 2022 WL 799367, at *7.

Further, this interpretation properly accounts for the key differences between direct infringement, a strict liability violation, and indirect infringement, which requires a showing of intent on the part of the alleged infringer. *See Global-Tech*, 563 U.S. at 761 n.2. From a policy perspective, requiring pre-suit knowledge—e.g., in the form of a notice letter sent ***sufficiently prior to the filing of an original complaint***—"could very well lead the patent holder and the asserted infringer to exchange information, and the asserted infringer might then take a license, or the patent holder might learn of reasons why suit should not be filed." *ZapFraud*, 528 F. Supp. 3d at 251 (internal alteration and citation omitted).

Recent decisions from the Federal Circuit also suggest that—like willful infringement—allegations of *pre-suit* knowledge are, in fact, required in order to allege indirect infringement. *See, e.g.*, *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018) (concluding that knowledge element of contributory infringement was satisfied where plaintiff had "pled facts to show Defendants' knowledge, prior to filing of the suit, of the '692 patent"); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1380 (Fed. Cir. 2013) (concluding that the "jury's finding of

liability for contributory infringement demonstrate[d] the jury found each Defendant had actual knowledge of the '190 Patent prior to suit"); *Roche Diagnostics Corp v. Meso Scale Diagnostics, LLC*, 30 F.4th 1109, 1119 (Fed. Cir. 2022) (overturning finding of induced infringement where district court had already determined defendant did not willfully infringe, because "the intent standard for inducement is akin to the one for willfulness, as both rest on the subjective intent of the accused infringer").

In a recent filing in this District, 10x itself argued that "actual knowledge of the Asserted Patents ***prior to*** filing [a] complaint . . . [is] ***required*** . . . to plead indirect and willful infringement." *See* Ex. A at 13 (emphasis added). There, 10x argued for dismissal of an amended indirect infringement claim against it where the original complaint failed to "sufficiently allege ***that before*** the . . . Defendants received the initial Complaint, they had knowledge that the Accused Products infringed the Asserted Patents or of how they did so." *Id.* at 18-19 (alteration and emphasis in original) (quoting *Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052-LPS, 2014 WL 4675316, at *3 (D. Del. Sept. 19, 2014)). The only difference in that case, where 10x sought dismissal of an amended complaint, is Plaintiffs' eleventh-hour notice letter, which is legally insufficient to establish pre-suit knowledge. *See Orlando Commc'ns*, 2015 WL 1246500, at *11-12; *Sonos*, 2022 WL 799367, at *7.

Based on the foregoing, the indirect infringement allegations should be dismissed in their entirety.

V.  **CONCLUSION**

For all the foregoing reasons, Plaintiffs' willful and indirect infringement claims and the associated allegations in the complaint should be dismissed with prejudice.

| | |
|---|---|
| Dated: August 15, 2022 | Respectfully submitted, |

<u>OF COUNSEL</u>:

David Bilsker
Sam Stake
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111
(415) 875-6600

Kevin Johnson
Victoria Maroulis
Andrew Bramhall
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
(650) 801-5000

Angus Chen
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

/s/ *Pilar G. Kraman*
_____
James L. Higgins (No. 5021)
Pilar G. Kraman (No. 5199)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jhiggins@ycst.com
pkraman@ycst.com

*Attorneys for Defendant Vizgen, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 15, 2022, a copy of the foregoing document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Karen Jacobs
Cameron P. Clark
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
kjacobs@morrisnichols.com
cclark@morrisnichols.com

Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
Tensegrity Law Group LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
matthew.powers@tensegritylawgroup.com
paul.ehrlich@tensegritylawgroup.com
stefani.smith@tensegritylawgroup.com
robert.gerrity@tensegritylawgroup.com

Samantha Jameson
Kiley White
Tensegrity Law Group LLP
8260 Greensboro Dr., Suite 260
McLean, VA 22102
samantha.jameson@tensegritylawgroup.com
kiley.white@tensegritylawgroup.com

*/s/ Pilar G. Kraman*
James L. Higgins (No. 5021)
Pilar G. Kraman (No. 5199)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jhiggins@ycst.com
pkraman@ycst.com

*Attorneys for Vizgen, Inc.*