**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Plaintiffs,<br><br>v.<br><br>VIZGEN, INC.,<br><br>Defendant. | C.A. No. 22-cv-595-MFK |
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Plaintiffs,<br><br>v.<br><br>NanoString Technologies, Inc.<br><br>Defendant. | C.A. No. 22-cv-261-MFK |

## SCHEDULING ORDER

This 19th day of September, 2022, the Court having reviewed the parties' Joint Status Report (No. 261-MFK, D.I. 47; No. 595-MFK, D.I. 25), the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration, and the Court having modified certain provisions of the parties' proposed Scheduling Order;

IT IS HEREBY ORDERED that:

1.      <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) and Paragraph 3 of the D. Del. E-Discovery Default Standard on **September 20, 2022**.  The parties shall submit a proposed form of order to govern E-Discovery on or before **September 30, 2022**.

2.      <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **June 23, 2023**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

3.      <u>Application to Court for Protective Order</u>. Should counsel in the 595 Case find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court no later than **September 23, 2022**. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

<u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      <u>Application to Court for Protective Order</u>. Should counsel in the 261 Case find it necessary to apply to the Court for a modification to the Stipulated Protective Order (D.I. 29),

counsel should confer and attempt to reach an agreement and submit it to the Court no later than **September 23, 2022**.

5.    <u>Papers Filed Under Seal</u>. In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6.    <u>Courtesy Copies</u>. The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

7.    <u>Disclosures</u>. Absent agreement among the parties, and approval of the Court: [1]

(a)    By **September 29, 2022**, Plaintiffs shall identify the accused product(s), including accused methods and systems, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiffs shall also produce the file history for each asserted patent.

(b)    By **October 27, 2022**, each Defendant shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s)

---

[1] "Plaintiffs" for purposes of discovery disclosures are as follows: 10x and Harvard in the 595 Case with respect to their Counts I-V (D.I. 16) and in the 261 Case with respect to Counts I-V (D.I. 17); NanoString with respect to its Eleventh Count in the 261 Case (D.I. 43); and Vizgen and Harvard with respect to its Counterclaim XVI in the 595 Case (D.I. 29); and Vizgen with respect to Counterclaims I-V where applicable (D.I. 29). Likewise, "Defendants" for purposes of discovery disclosures are as follows: Vizgen in the 595 Case with respect to 10x and Harvard's Counts I-V (D.I. 16); NanoString in the 261 Case with respect to 10x and Harvard's Counts I-V; 10x in the 261 Case with respect to NanoString's Eleventh Count and in the 595 Case with respect to Vizgen's Counterclaims XVI, IV and V where applicable (D.I. 29); and Harvard in the 595 case with respect to Counterclaims I-III where applicable (D.I. 29). Declaratory judgement plaintiffs and defendants are not listed here.

work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Each Defendant shall also produce sales figures for the accused product(s) and copies of prior art.

(c)     By **November 23, 2022**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes. For each Defendant, Plaintiffs shall select no more than 20 asserted claims per patent and no more than 50 asserted claims total.

(d)     By **December 23, 2022**, each Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references. Each Defendant shall select no more than 50 total prior art references, no more than 10 total prior art invalidity grounds per asserted claim, and no more than 6 total non-prior-art invalidity grounds.

(e)     For each Defendant, Plaintiffs shall identify no more than 20 asserted claims by **January 20, 2023**.  NanoString shall identify no more than 5 asserted claims for the '689 patent by **January 20, 2023**.

(f)     Plaintiffs shall provide final infringement contentions and Defendant shall provide final invalidity contentions **30 days after** the Court issues a claim construction order. Plaintiffs' final contentions shall identify no more than 20 asserted claims per Defendant.

(g)     Each Defendant shall provide final invalidity contentions **30 days after** the Court issues a claim construction order.  Each Defendant shall identify no more than 25 prior art references, 4 prior art grounds per claim, and 4 non-prior art grounds per claim.

(h)     Each Defendant shall provide final non-infringement contentions **60 days after** the Court issues a claim construction order.

(i)      Plaintiffs shall provide final validity contentions **60 days after** the Court's issues a claim construction order.

8.      <u>Discovery</u>. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a)      <u>Fact Discovery Cut Off</u>. All fact discovery (except for claim construction evidence) in this case shall be initiated so that it will be completed by **November 17, 2023**.

(b)      <u>Document Production</u>. Production of ESI collected using a party's own search terms shall be substantially complete by **January 25, 2023**. The parties shall exchange ESI search terms for opposing parties' custodians and data sources by **February 10, 2023**.  Document production shall be substantially complete by **May 26, 2023**.

(c)      <u>Requests for Admission</u>. A maximum of 75 requests for admission are permitted for each side in each case.

(d)      <u>Interrogatories</u>.

i.      A maximum of 30 interrogatories, including contention interrogatories, are permitted for each side in each case.

ii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

(e)      <u>Depositions</u>.

i.      <u>Limitation on Hours for Deposition Discovery</u>. Each side in each case is limited to a total of **85 hours** of taking fact testimony by deposition upon oral

5

examination.  The parties will submit a proposal for coordination of depositions with respect to overlapping witnesses no later than **March 31, 2023**.  Such proposal will limit duplicative depositions of 10x's and Harvard's witnesses, including inventors, on overlapping issues to ensure the witness will be deposed once, while also providing adequate time to address both overlapping and non-overlapping issues.  Deposition time on overlapping issues will be counted against the total deposition time for NanoString and Vizgen.

    ii. <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    (f) <u>Disclosure of Expert Testimony</u>.

    i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **December 15, 2023**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **January 24, 2024**. Reply expert reports from the party with the initial burden of proof are due on or before **February 21, 2024**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

ii.     Expert Report Supplementation. The parties agree they **will not** permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

iii.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

iv.     Expert Discovery Cut-Off. All expert discovery in this case shall be initiated so that it will be completed on or before **March 13, 2024**.

(g)     Discovery Matters and Disputes Relating to Protective Orders.

i.     Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.     Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

iii.     On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the

conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

       iv.    The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

       v.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

9.    <u>Motions to Amend / Motions to Strike</u>.

    (a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g) above.

    (b)    Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

10.    <u>Technology Tutorials</u>. Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

11.    <u>Claim Construction Issue Identification</u>. On **February 8, 2023**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and proposed claim construction of those term(s)/phrase(s). 10x and Harvard may collectively propose up to 10 terms for construction.  NanoString and Vizgen may collectively propose up to 8 common terms for construction, and each may propose an additional 2 unique terms for construction.  On **March**

**8, 2023**, the parties shall exchange proposed constructions for terms offered by the other side. These documents will not be filed with the Court.  Subsequent to exchanging the terms and proposed constructions, the parties will meet and confer to reduce the number of terms to be briefed and prepare a Joint Claim Construction Chart to be submitted on **April 14, 2023**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

      12.    <u>Claim Construction Briefing</u>:  NanoString and Vizgen shall serve, but not file, their opening brief(s),[2] on **May 3, 2023**.  10x and Harvard shall serve, but not file, their answering brief on **May 31, 2023**.  NanoString and Vizgen shall serve, but not file, their reply brief(s) on **June 14, 2023**.  No further briefing is authorized absent prior order by the Court.  The cumulative page limits for NanoString and Vizgen's briefs (opening and reply briefs, cumulatively) is 40 pages. NanoString and Vizgen may file joint or individual briefs, but the cumulative total may not exceed this limit.  The page limit for 10x and Harvard's brief is likewise 40 pages.  No later than **June 28, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in

---

[2] Defendants may file joint or individual briefs, but the cumulative page limits may not exceed the total provided for in this paragraph.

substantially the form below.  If the joint brief as submitted is more than 80 pages, the parties must

certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied

with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to

why the brief is longer than 80 pages.

**JOINT CLAIM CONSTRUCTION BRIEF**

**I.      AGREED-UPON CONSTRUCTIONS**

**II.     DISPUTED CONSTRUCTIONS**

      **A.      [TERM 1]**

            **1.      NanoString and Vizgen Opening Position(s)**

            **2.      10x and Harvard Answering Position**

            **3.      NanoString and Vizgen Reply Position(s)**

            **4.      10x and Harvard Sur-Reply Position**

      **B.      [TERM 2]**

            **5.      NanoString and Vizgen Opening Position(s)**

            **6.      10x and Harvard Answering Position**

            **7.      NanoString and Vizgen Reply Position(s)**

            **8.      10x and Harvard Sur-Reply Position**

The parties need not include any general summaries of the law relating to claim

construction. If there are any materials that would be submitted in an index, the parties shall submit

them in a Joint Appendix. The parties shall make claim construction experts available for

deposition from **June 6 to 13, 2023**.

13.     <u>Hearing on Claim Construction</u>. The Court will hear argument on claim

construction on **July 14, 2023 at 9:00 a.m. Central time**. The parties need not include any general

summaries of the law relating to claim construction in their presentations to the Court. The parties

shall notify the Court, by joint letter submission, no later than the date on which their joint claim

construction brief is filed: (i) whether they request leave to present testimony at the hearing; and

10

(ii) the amount of time they are requesting be allocated to them for the hearing. Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14.     Supplementation. Absent agreement among the parties, and approval of the Court, no later than **March 31, 2023** the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

15.     Case Dispositive Motions.

(a)     All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **April 5, 2024**. Answering briefs are due **April 26, 2024** and reply briefs are due **May 3, 2024**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

(b)     Concise Statement of Facts Requirement. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the

facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

(c)     Page limits combined with *Daubert* motion page limits. Any party filing a dispositive and/or *Daubert* motion is strongly encouraged to incorporate all such motions into a single filing.  The total cumulative page limit for dispositive and *Daubert* briefing for each of the two cases (Case No. 22-261 and Case No. 22-595) is 125 pages per case.  This does not depend on the number of motions filed or on whether just one side or both sides file dispositive and/or *Daubert* motions.  The parties are to work together in advance of the due dates for dispositive and *Daubert* motions to divide up the page limits between motions and briefs to ensure that they are not exceeded, and they are to provide an agreed stipulation to the Court in this regard no later than 21 days before the due date for dispositive and *Daubert* motions.

(d)     <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16.     <u>Motions *in Limine*</u>. Absent prior leave of court, motions *in limine* are limited to a total of 25 pages per side in each case, and responses to motions *in limine* are likewise limited to a total of 15 pages per side in each case.  Separate *in limine* requests and responses may be combined in a single filing.

17.     <u>Pretrial Conference</u>.  The Court will hold a pretrial conference in the 261 case on **June 10, 2024** beginning at 9:00 a.m. Central time; and in the 595 case on **July 8, 2024** beginning at 9:00 a.m. Central time.  The pretrial conferences will be conducted by video conference unless otherwise ordered by the Court.  Unless otherwise ordered, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than **7 days before the pretrial conference**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

18.     <u>Jury Instructions, Voir Dire, and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than **7 days before the pretrial conference**. This submission shall be accompanied by a courtesy

copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

19.     Trial. The 261 case is scheduled for an 8-day jury trial beginning at 9:30 a.m. on **June 17, 2024** and the 595 case is scheduled for an 8-day jury trial beginning at 9:30 a.m. on **July 15, 2024**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

20.     Judgment on Verdict and Post-Trial Status Report. Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

21.     Post-Trial Motions. Unless otherwise ordered by the Court, all **SIDES** in each case are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

Date:  September 19, 2022

The Honorable Matthew F. Kennelly
United States District Judge

| EVENT | DATE | |
|---|---|---|
| Rule 26(a)(1) Initial Disclosures; Initial Disclosures (Section 3 of the Court's Default Standard for Discovery) | September 20, 2022 (Tuesday) | |
| Initial Patent Disclosures pursuant to Section 4a of the Court's Default Standard for Discovery<br><br>**[Identify accused products]** | September 29, 2022 (Thursday) | |
| Parties shall file stipulated/proposed Protective Order | 261 Case:<br>July 12, 2022<br>(261 Case, D.I. 26) | 595 Case:<br>September 23, 2022<br>(Friday) |
| Parties shall file stipulated/proposed Discovery Order | September 30, 2022 (Friday) | |
| Initial Patent Disclosures pursuant to Section 4b of the Court's Default Standard for Discovery<br><br>**[Produce technical documents and sales figures]** | October 27, 2022 (Thursday) | |
| Initial Patent Disclosures pursuant to Section 4c of the Court's Default Standard for Discovery<br><br>Per defendant: no more than 20 asserted claims/patent; no more than 50 asserted claims total.<br><br>**[Initial Infringement Contentions]** | November 23, 2022 (Wednesday) | |
| Initial Patent Disclosures pursuant to Section 4d of the Court's Default Standard for Discovery<br><br>Per defendant: 50 or fewer prior art references; 10 or fewer prior art grounds per claim; 6 or fewer non-prior art grounds<br><br>**[Initial Invalidity Contentions]** | December 23, 2022 (Friday) | |

| EVENT | DATE |
|---|---|
| 10x/Harvard's Identification of 20 or Fewer Claims (in each case); NanoString's Identification of 5 or Fewer Claims (689 Patent) | January 20, 2023 (Friday) |
| Substantial completion of ESI production using a party's own search terms | January 25, 2023 (Wednesday) |
| Exchange of claim terms and proposed constructions | February 8, 2023 (Wednesday) |
| Exchange of ESI search terms for opposing parties' custodians and sources | February 10, 2023 (Wednesday) |
| Parties shall exchange proposed constructions for terms offered by other parties | March 8, 2023 (Wednesday) |
| Supplementation of Accused Products and Invalidity References | March 31, 2023 (Friday) |
| Submit joint claim construction chart | April 14, 2023 (Friday) |
| Service of opening claim construction brief(s) | May 3, 2023 (Wednesday) |
| Substantial Completion of Document Production | May 26, 2023 (Friday) |
| Service of answering claim construction brief | May 31, 2023 (Wednesday) |
| Parties shall make expert witnesses available for deposition (subject to expert availability) | June 6-13, 2023 |
| Service of reply claim construction brief(s) | June 14, 2023 (Wednesday) |
|  |  |
| Motions to Amend or Supplement Pleadings | June 23, 2023 (Friday) |
| Parties shall file a Joint Claim Construction Brief; technology tutorials; and joint letter regarding live testimony and amount of time for the claim construction hearing | June 28, 2023 (Wednesday) |
| **Claim Construction Hearing** | **DATE: July 14, 2023 at 9:00 a.m. CT** |
| Final Infringement Contentions; 20 or fewer asserted claims (in each case) | 30 days after Court's claim construction order |
| Final Invalidity Contentions; no more than 25 prior art references; 4 prior art grounds per claim; 4 non-prior art grounds per claim |  |
| Final Non-Infringement Contentions | 60 days after Court's claim construction order |
| Final Validity Contentions |  |
| Fact Discovery Cut Off | November 17, 2023 (Friday) |

| EVENT | DATE | |
|---|---|---|
| Opening Expert Reports | December 15, 2023 (Friday) | |
| Rebuttal Expert Reports | January 24, 2024 (Wednesday) | |
| Reply Expert Reports | February 21, 2024 (Wednesday) | |
| Completion of Expert Discovery | March 13, 2024 (Wednesday) | |
| Opening briefs for dispositive motions and Daubert motions | April 5, 2024 (Friday) | |
| Responsive briefs for dispositive motions and Daubert motions | April 26, 2024 (Friday) | |
| Reply briefs for dispositive motions and Daubert motions | May 3, 2024 (Friday) | |
| The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference | 7 days before pretrial conference | |
| Pretrial Conference | 261 Case: <br><br> **DATE: June 10, 2024, 9:00 a.m. CT** | 595 Case: <br><br> **DATE: July 8, 2024, 9:00 a.m. CT** |
| Trial **(subject to shorter time limits to be addressed later)** | **Trial:** <br> **June 17-26, 2024** | **595 Case:** <br> **July 15-24, 2024** |

17