IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>VIZGEN, INC., )<br>)<br>Defendant. ) | Case No. 22-595-MFK |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Defendant Vizgen, Inc. has moved to dismiss the claims of willful and indirect infringement asserted by plaintiff 10X Genomics, Inc.  The original complaint alleged that 10X provided Vizgen with notice of the alleged infringement one day before it originally filed suit on May 3, 2022.  Vizgen moved to dismiss the claims of willful and indirect infringement, arguing that one day's notice was not enough to establish the elements of both of these sorts of claims.  10X then filed an amended complaint on August 1, 2022, about three months after it filed suit.  In the amended complaint, 10X relied on its May 2 notice and the May 3 lawsuit and alleged that Vizgen had continued to infringe after these events (in other words, post-suit) and had expanded its allegedly infringing activity.

A claim for willful infringement of a patent requires the plaintiff to establish—or at this point in the case, to plausibly allege—that the accused infringer had knowledge of or was willfully blind to the patent and that its conduct constituted, induced, or contributed to infringement.  *See generally Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).  Similarly, a claim of induced or contributory infringement "requires knowledge of the patent in suit and knowledge of patent infringement."

*Commil USA, LLC v. Cisco Sys., Inc*, 135 S. Ct. 1920, 1926 (2015). Vizgen argues that neither one day's pre-suit notice nor notice suppled by the filing of suit itself suffices. The Court, however, agrees with those judges who have concluded that notice supplied to the accused infringer by the filing of a suit may satisfy the knowledge requirement for post-suit willful or induced infringement, which is what 10X contends here. *See, e.g., Tonal Sys., Inc. v. iFIT Inc.*, No. 20-1197-LPS-CJB, 2022 WL951549, at *1-2 (D. Del. Mar. 30, 2022) (Stark, J.).

     For these reasons, the Court denies defendant's motion to dismiss [dkt. no. 21] and directs it to answer plaintiff's remaining claims by no later than October 11, 2022.

Date:  September 19, 2022

                                                                     _____
                                                                     MATTHEW F. KENNELLY
                                                                     United States District Judge