IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-595 (MFK) |
| VIZGEN, INC., | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |
| VIZGEN, INC., | ) ) | |
| Counterclaim-Plaintiff, | ) ) | |
| v. | ) ) | |
| 10X GENOMICS, INC., | ) ) | |
| Counterclaim-Defendant as to certain claims | ) ) ) | |
| and | ) | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | ) ) ) | |
| Counterclaim-Defendant as to certain claims. | ) ) ) | |

**10X GENOMICS, INC.'S PARTIAL ANSWER, DEFENSES, AND COUNTERCLAIMS
TO VIZGEN INC.'S AMENDED COUNTERCLAIMS AGAINST PLAINTIFFS;
WITH PRESIDENT AND FELLOWS OF HARVARD COLLEGE JOINING AS TO
<u>VIZGEN'S COUNTERCLAIMS VI-XV</u>**

Plaintiff 10x Genomics, Inc. ("10x") hereby answers the allegations in the Counterclaims

asserted by Defendant Vizgen Inc's ("Vizgen") against Plaintiffs ("Counterclaims") (D.I. 29

[Sealed], D.I. 34 [Public]). Co-Plaintiff President and Fellows of Harvard College ("Harvard")

joins with respect to Counterclaims VI-XV and the allegations pertaining thereto.

10x has moved to dismiss Counterclaims IV, V, and XVI and Harvard has moved to dismiss Counterclaims I-III. As such, answers to Counterclaims I-V and XVI are not required until the time prescribed in Rule 12(a)(4) of the Federal Rules of Civil Procedure after the Court resolves the motions to dismiss.

Unless expressly admitted, 10x denies each and every allegation in Vizgen's Counterclaims. To the extent that any non-numbered statements in the Counterclaims contain allegations, 10x denies each and every such allegation.

## 10X'S ANSWER TO VIZGEN'S COUNTERCLAIMS AGAINST 10X AND HARVARD

## NATURE OF THE ACTION[1]

1.      10x admits that Vizgen purports to state a claim for breach of the implied covenant of good faith and fair dealing, breach of warranty, and negligent misrepresentation against Harvard. 10x admits that Vizgen purports to state a claim against 10x for tortious interference with contractual and advantageous business relationships and unfair trade practices in purported violation of Massachusetts General Laws Chapter 93A, §§ 2 and 11. 10x denies that the claims have any merit. Except as so admitted, 10x denies any remaining allegations of this paragraph.

2.      10x admits that Vizgen's Counterclaims purport to seek declaratory judgment of non-infringement of United States Patent Nos. 11,021,737; 11,293,051; 11,293,052; 11,293,054, and 11,299,767 (collectively, the "10x Asserted Patents") and declaratory judgment that the 10x Asserted Patents are invalid, arising under the Patent Laws of the United States, 35 U.S.C. § 271

---

[1] In addition to joining 10x's Answer to Counterclaims VI-XV, Harvard denies that Vizgen is entitled to any relief arising out of any claim against Harvard, and additionally joins 10x's responses to any factual allegations in Vizgen's Counterclaims to the extent they relate to Counterclaims VI-XV. Harvard does not presently respond to any allegations relating to, or forming the purported basis for, Counterclaims I-III in light of its co-pending Motion to Dismiss.

*et seq.* 10x denies that the claims have any merit. Except as so admitted, 10x denies any remaining allegations of this paragraph.

3.　　10x admits that Defendant's Counterclaim purports to state a claim of infringement of U.S. Patent No. 11,098,303 ("the 303 Patent") by 10x. 10x denies that the claim has any merit. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

## THE PARTIES

4.　　Denied.

5.　　On information and belief, admitted.

6.　　Admitted.

7.　　10x admits that Harvard is an educational institution in Massachusetts with its principal place of business in Cambridge, MA. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

## JURISDICTION AND VENUE

8.　　This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that the Court has subject matter jurisdiction over Vizgen's counterclaims VI-XV pursuant to 28 U.S.C. §§ 2201 and 2202, and 10x admits that the Court has subject matter jurisdiction over Vizgen's counterclaim XVI pursuant to U.S.C. §§ 1331 and 1338(a) and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, provided that standing and other requirements are met. Except as so admitted, 10x denies any remaining allegations of this paragraph.

9.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations.

10.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that it filed a Complaint and First Amended Complaint in this action, and that the Court has personal jurisdiction over 10x for purposes of this action. 10x also admits that it has brought suit and filed counterclaims in this district. Except as so admitted, 10x denies the remaining allegations of this paragraph.

11.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that it filed its original Complaint and First Amended Complaint in this action, and that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) for purposes of Plaintiffs' claims and Vizgen's Counterclaims V-XV of this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## **BACKGROUND**

12.     This paragraph does not contain allegations against 10x but on information and belief it contains general characterizations of the following third-party publications purporting to describe aspects of the field of Spatial Transcriptomics: (1) Moses & Pachter, Museum of spatial transcriptomics, 19 Nature Methods 534 (2022), Abstract. 3 ("Moses & Pachter"); (2) Marx, Method of the Year: spatially resolved transcriptomics, 18 Nature Methods 9-14 (2021) ("Marx"); (3) Spatially resolved biology[:] Novel insights about your tissue. Visualized, https://www.10xgenomics.com/spatial-transcriptomics. As such, they do not conform to Federal Rule of Civil Procedure 8 ("Rule 8") and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x states that these publications speak for themselves and that Vizgen's characterizations are vague, ambiguous, and incomplete and on that basis 10x denies

them. 10x admits that Marx states that "*Nature Methods* has crowned spatially resolved transcriptomics Method of the Year 2020." 10x denies the remaining allegations of this paragraph.

13.     This paragraph does not contain allegations against 10x but general characterizations of Moses & Pachter purporting to describe aspects of the field of Spatial Transcriptomics. As such, they do not conform to Rule 8 and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x states that Moses & Pachter speaks for itself and Vizgen's characterizations are vague, ambiguous, and incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

14.     This paragraph does not contain allegations against 10x but general characterizations of Moses & Pachter purporting to describe aspects of the field of Spatial Transcriptomics. As such, they do not conform to Rule 8 and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x states that Moses & Patcher speaks for itself and Vizgen's characterizations are vague, ambiguous, and incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

15.     This paragraph does not contain allegations against 10x but general characterizations of aspects of the field of Spatial Transcriptomics. As such, the statements do not conform to Rule 8 and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x states that the FISH application called single molecule FISH ("smFISH") speaks for itself, but Vizgen's characterizations are vague, ambiguous, and incomplete and on that basis 10x denies them.

16.     This paragraph does not contain allegations against 10x but general characterizations of Moses & Pachter and Femino *et al.*, Visualization of single RNA transcripts in situ, 280 Science 585-590 (1998) ("Femino") and Levsky *et al.*, Single-Cell Gene Expression

Profiling, 297 Science 836-840 (2002) ("Levsky") purporting to describe aspects of the field of Spatial Transcriptomics. As such, they do not conform to Rule 8 and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x states that these publications speak for themselves and Vizgen's characterizations are vague, ambiguous, and incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

17.     This paragraph does not contain allegations against 10x but general characterizations of Levsky. As such, the statements do not conform to Rule 8 and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x states that the cited publications speak for themselves, but Vizgen's characterizations are vague, ambiguous, and incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

18.     This paragraph does not contain allegations against 10x but general characterizations of Gunderson *et al.*, Decoding Randomly Ordered DNA Arrays, 14 Genome Res. 870-877 (2004) ("Gunderson"). As such, the statements do not conform to Rule 8 and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x states that Gunderson speaks for itself, but Vizgen's characterizations are vague, ambiguous, and incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

19.     This paragraph does not contain allegations against 10x but general characterizations of Gunderson. As such, the statements do not conform to Rule 8 and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x states that Gunderson speaks for itself, but Vizgen's characterizations are vague, ambiguous, and incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

20.     This paragraph does not contain allegations against 10x but general characterizations of the following references purporting to describe aspects of the field of Spatial Transcriptomics: (1) Rehman *et al.*, Immobilization of acrylamide-modified oligonucleotides by co-polymerization, 27 Nucleic Acids Res. 649-655 (1999); (2) Mitra *et al.*, Fluorescent in situ sequencing on polymerase colonies, 320 Analytical Biochem. 55 (2003); (3) Pena *et al.*, miRNA in situ hybridization in formaldehyde and EDC-fixed tissues, 6 Nature Methods 139-141 (2009). As such, the statements do not conform to Rule 8 and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x states that the cited articles speak for themselves, but Vizgen's characterizations are vague, ambiguous, and incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

21.     10x admits that Vizgen asserts in its public literature that the MERSCOPE Platform is based on the MERFISH (Multiplexed error-robust fluorescence in situ hybridization) technology. Vizgen's remaining statements are vague, ambiguous, and incomplete; 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

22.     10x admits that MERFISH is an acronym used for Multiplexed error-robust fluorescence in situ hybridization and that MERFISH technology may allow for imaging numerous RNA species in their native cellular environment. Vizgen's statements are vague, ambiguous, and incomplete; 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

23.     10x admits that the 303 Patent claims a method that requires producing codewords "wherein each of the codeword[s] represent one of the plurality of different nucleic acid targets

7

and comprises multiple binary values 1 and 0." Vizgen's statements are vague, ambiguous, and incomplete; 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

24.     Vizgen's statements are vague, ambiguous, and incomplete; 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

25.     Vizgen's statements are vague, ambiguous, and incomplete; 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

26.     On information and belief, 10x admits that the MERSCOPE Platform that Vizgen uses on behalf of its Lab Services customers and provides to its end-user customers includes a MERSCOPE Instrument (imaging box) and Analysis Computer, Visualizer Software, and reagents and consumables, including slides, gene panels, gene imaging kits, cell boundary staining kits, sample prep kits, and sample verification kits. 10x admits that Dr. Xiaowei Zhuang is one of the named inventors on the 303 Patent, which lists the President and Fellows of Harvard College as assignee. 10x admits that Exhibit 1 to Vizgen's Counterclaims purports to be a License Agreement between Vizgen and Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis 10x denies them.

27.     10x admits that Vizgen asserts in its public literature that the MERSCOPE Platform is based on the MERFISH (Multiplexed error-robust fluorescence in situ hybridization) technology. On information and belief, 10x admits that the MERSCOPE Platform that Vizgen uses on behalf of its Lab Services customers and provides to its end-user customers includes a MERSCOPE

Instrument (imaging box) and Analysis Computer, Visualizer Software, and reagents and consumables, including slides, gene panels, gene imaging kits, cell boundary staining kits, sample prep kits, and sample verification kits. 10x admits that Vizgen announced the launch of MERSCOPE in March 2021. On information and belief, 10x admits that Vizgen started shipping the MERSCOPE Platform—including instruments, reagents, and software—and providing MERSCOPE Platform Lab Services to its customers as early as August 2021. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis 10x denies them.

28.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them.

29.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them.

30.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them.

31.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis 10x denies them.

32.     10x admits that it is currently developing Xenium In Situ, 10x's forthcoming platform built on its investments in *in situ* technology ("Xenium"). Except as so admitted, 10x denies the remaining allegations of this paragraph.

33.     10x admits that, in 2020, it acquired CartaNA, a company based in Sweden, and ReadCoor, a company based in Massachusetts. Except as so admitted, 10x denies the remaining allegations of this paragraph.

34.    10x admits that, in 2020, it acquired Readcoor and CartaNa and, in doing so, obtained intellectual property, key technology advances, and deep talent and expertise in the *in situ* field. Except as so admitted, 10x denies the remaining allegations of this paragraph.

35.    10x admits it is currently developing Xenium, 10x's forthcoming platform built on its investments in *in situ* technology. 10x admits that Xenium will be a complete platform—including the Xenium In Situ Analyzer instrument, Xenium In Situ reagents and panels, Xenium software, and the full support of 10x's team of spatial experts—designed to create spatial maps of gene expression in the original tissue at true cellular and subcellular resolutions. Except as so admitted, 10x denies the remaining allegations of this paragraph.

36.    10x admits it is currently developing the Xenium platform. 10x admits that Xenium will be a complete platform—including the Xenium In Situ Analyzer instrument, Xenium In Situ reagents and panels, Xenium software, and the full support of 10x's team of spatial experts—designed to create spatial maps of gene expression in the original tissue at true cellular and subcellular resolutions. 10x admits that http://www.10xgenomics.com/in-situ-technology describes some aspects of the Xenium platform currently under development but denies that it accurately describes all technical details of the Xenium product. Except as so admitted, 10x denies the remaining allegations of this paragraph.

37.    10x admits it is currently developing the Xenium platform. 10x admits that Xenium will be a complete platform—including the Xenium In Situ Analyzer instrument, Xenium In Situ reagents and panels, Xenium software, and the full support of 10x's team of spatial experts—designed to create spatial maps of gene expression in the original tissue at true cellular and subcellular resolutions. 10x admits that http://www.10xgenomics.com/in-situ-technology includes

some information related to the Xenium platform. Except as so admitted, 10x denies the remaining allegations of this paragraph.

38.     10x admits it is currently developing the Xenium platform. 10x admits that it "expects the Xenium Analyzer will deliver targeted gene expression information at subcellular resolution at high sensitivity, and will be a complete end-to-end in situ solution: a robust instrument, consumables, panels, and software." https://www.prnewswire.com/news-releases/10x-genomics-showcases-robust-innovation-pipeline-at-xperience-2022-event-301487919.html. 10x admits that http://www.10xgenomics.com/in-situ-technology includes some information related to the Xenium platform. Except as so admitted, 10x denies the remaining allegations of this paragraph.

39.     10x admits that 10x's acquisition of ReadCoor, Inc., founded on Professor George Church's work at Harvard, obtained intellectual property, key technology advances, and deep talent and expertise in the emerging *in situ* field. 10x admits that the press release entitled *10x Genomics Advances Leadership and Innovation in Single Cell and Spatial Technologies at 2022 AGBT General Meeting*, 10x Genomics (June 7, 2022) ("AGBT Press Release"), https://investors.10xgenomics.com/news/news-details/2022/10x-Genomics-Advances-Leadership-and-Innovation-in-Single-Cell-and-Spatial-Technologies-at-2022-AGBT-General-Meeting/default.aspx states "10x Genomics developed the Xenium platform by uniting its internal development with its 2020 acquisitions of CartaNa and ReadCoor, which provided intellectual property, key technology advances, and deep talent and expertise in the emerging in situ field." 10x admits that *DeciBio's Spatial Omics Q&A with Michael Schnall-Levin of 10x Genomics*, DeciBio (Mar. 15, 2022), https://www.decibio.com/insights/decibios-spatial-omics-q-a-with-michael-schnall-levin-of-10x-genomics states, among other things that "we acquired ReadCoor and Cartana

AB, which was a smaller startup in Stockholm, and Xenium is a bit of a mishmash and a bit of completely new stuff from 10x Genomics. There was a ton of know-how from both companies and their foundational technologies." 10x admits that the article, "Proceedings at AGBT are dominated by spatial and NGS, List23" (July 8, 2022), https://list23.com/953342-proceedings-at-agbt-are-dominated-by-spatial-and-ngs/ states, among other things, that "10x Genomics acquired Readcoor and Cartana a few years ago and developed its own high-resolution, single-cell, spatial instrument. The company then repurposed parts from Readcoor and Cartana into the Xenium." 10x admits that "*10x Genomics, Inc. (TXG) CEO Serge Saxonov on Q4 2021 Results – Earnings Call Transcript*, Seeking Alpha (Feb. 16, 2022)", (https://seekingalpha.com/article/4487718-10x-genomics-inc-txg-ceo-serge-saxonov-on-q4-2021-results-earnings-call-transcript) states, among other things, that "Over the course of 2021, we intentionally prioritized and shifted resources to Xenium, and we've made significant progress building on technology and intellectual property we acquired with our own - together with our own innovations" and "Since we announced our plans to enter the space with acquisitions of CartaNA and ReadCoor, there's been tremendous interest from our customers." Except as so admitted, 10x denies the remaining allegations of this paragraph.

40.     10x admits that the article "*10x Genomics Announces Two In Situ Sequencing Acquisitions*, BioIT World (Oct. 5, 2020), https://www.bio-itworld.com/news/2020/10/05/10x-genomics-announces-two-in-situ-sequencing-acquisitions, states, among other things, that "Cartana's in situ technology allows researchers to analyze either fresh/fixed frozen or FFPE samples and rapidly create single-cell gene expression maps of up to hundreds of genes, according to the company. The technology came out of work from Mats Nilsson's SciLife Lab at Stockholm University, and ensures high specificity and high throughput reliable, reproducible data." 10x admits that the article Marx, *Method of the Year: spatially resolved transcriptomics*, 18 Nature

Methods 9-14 (2021) states, among other things "Cartana uses padlock probes that hybridize to the mRNA of genes of interest, followed by rolling circle amplification to amplify the RNA on-site to prepare it for sequencing. ReadCoor uses barcoding and probes for fluorescence in situ RNA sequencing and protein detection, too. Cartana brings to 10x Genomics an intellectual property portfolio, chemistry and scientists with know-how, which is a seed one can build around in an accelerated fashion, says Schnall-Levin. ReadCoor brought scientists, a 'foundational technology,' intellectual property and technology development, since the team that built the company's instrument had worked though some 'non-trivial' engineering constraints, he says." Except as so admitted, 10x denies the remaining allegations of this paragraph.

41.    10x admits that the article "*10x Genomics Announces Two In Situ Sequencing Acquisitions*, BioIT World (Oct. 5, 2020), https://www.bio-itworld.com/news/2020/10/05/10x-genomics-announces-two-in-situ-sequencing-acquisitions, states, among other things, "'With these acquisitions, we add over 110 filed and pending applications to our already robust portfolio of 825 issued patents and applications. We will now have three teams that are based in Pleasanton, Stockholm and Boston, focused on building new In Situ technologies,' 10x Genomics CEO Serge Saxonov told Bio-IT World. 'In addition, we get two of the pioneers in the In Situ field, Mats Nilsson and George Church, working with us as scientific advisors. It's a powerful combination and I am excited for what lies ahead.'" Except as so admitted, 10x denies the remaining allegations of this paragraph.

42.    Admitted.

43.    10x admits that "*10x Genomics Showcases Robust Innovation Pipeline at Xperience 2022 Event* (Feb. 22, 2022), https://www.prnewswire.com/news-releases/10x-genomics-showcases-robust-innovation-pipeline-at-xperience-2022-event-301487919.html    states

that, at that time, 10x expected to ship the Xenium Analyzer by the end of 2022. 10x also admits that the excerpt pasted into paragraph 43 appears to be from a 10x Genomics webpage. Except as so admitted, 10x denies the remaining allegations of this paragraph.

44.     10x admits that "*10x Genomics Showcases Robust Innovation Pipeline at Xperience 2022 Event* (Feb. 22, 2022), https://www.prnewswire.com/news-releases/10x-genomics-showcases-robust-innovation-pipeline-at-xperience-2022-event-301487919.html, states, among other things, "'We plan to put the Xenium Analyzer in the hands of customers this year, marking the beginning of a revolution in tissue analysis, at the most fundamental level with unprecedented scale,' Hindson added. 'With our Xenium platform for in situ analysis, RNA and proteins can be measured in the cells where they originated, still located in the native tissue. Our multi-year roadmap will usher in this powerful new capability and lead to an explosion of new data and insights to ultimately master biology and advance human health. Until then, we are relentlessly focused on this mission.'" Except as so admitted, 10x denies the remaining allegations of this paragraph.

45.     10x admits that "*10x Genomics Showcases Robust Innovation Pipeline at Xperience 2022 Event* (Feb. 22, 2022), https://www.prnewswire.com/news-releases/10x-genomics-showcases-robust-innovation-pipeline-at-xperience-2022-event-301487919.html, states, among other things, "Xperience 2022 provided a first look into Xenium, the company's forthcoming in situ platform. The company expects the Xenium Analyzer will deliver targeted gene expression information at subcellular resolution at high sensitivity, and will be a complete end-to-end in situ solution: a robust instrument, consumables, panels, and software. Xenium is being developed as a high throughput platform that can run large cohorts of entire tissue sections without requiring selection of regions of interest. 10x Genomics expects to ship the Xenium

14

Analyzer by the end of 2022." 10X admits that the press release entitled *10x Genomics Advances Leadership and Innovation in Single Cell and Spatial Technologies at 2022 AGBT General Meeting*, 10x Genomics (June 7, 2022), https://investors.10xgenomics.com/news/news-details/2022/10x-Genomics-Advances-Leadership-and-Innovation-in-Single-Cell-and-Spatial-Technologies-at-2022-AGBT-General-Meeting/default.aspx states, among other things, "The latest developments across 10x Genomics' leading Chromium and Visium platforms and the highly anticipated Xenium launch expected later this year showcase the company's leadership and innovation at the forefront of single-cell analysis, spatial biology, and in situ technology." It further states, "At launch, Xenium is expected to offer single-molecule RNA analysis at subcellular resolution and be compatible with both fresh frozen and FFPE tissues. In addition, 10x Genomics is developing Xenium to have the highest throughput of any instrument in its class. 10x Genomics expects to begin shipping the Xenium Analyzer by year-end." Except as so admitted, 10x denies the remaining allegations of this paragraph.

46.     10x admits that *TSS: 10X Genomics Presents its Single Cell and Spatial Multiomics Platforms*, YOUTUBE (Jun. 16, 2022), https://www.youtube.com/watch?v=wt8R70Pp8JE, purports to show a Xenium prototype. 10x admits that it expects the Xenium Analyzer will deliver targeted gene expression information at subcellular resolution at high sensitivity, and will be a complete end-to-end in situ solution. Except as so admitted, 10x denies the remaining allegations of this paragraph.

47.     10x admits that it displayed some aspects of the Xenium technology at the Alzheimer's Association International Conference (AAIC) in Amsterdam, the Netherlands, and some aspects of Xenium technology on social media. Except as so admitted, 10x denies the remaining allegations of this paragraph.

48.     10x admits that Exhibit 1 to Vizgen's Counterclaims purports to be a License Agreement between Vizgen and Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis 10x denies them.

49.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them.

50.     10x denies the allegations of paragraph 50 as they relate to the activity of 10x. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

51.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them. 10x further denies that Vizgen is entitled to the relief requested in paragraph 51.

52.     10x admits, on information and belief, that Vizgen is a Delaware corporation with its principal place of business at 61 Moulton Street, Cambridge, Massachusetts, 02138. 10x admits that Vizgen announced the launch of MERSCOPE in March 2021 and started shipping the MERSCOPE Platform—including instruments, reagents, and software—and providing MERSCOPE Platform Lab Services to its customers as early as August 2021. Vizgen's remaining statements are vague, ambiguous, and incomplete; 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

53.     10x admits that Vizgen asserts in its public literature that the MERSCOPE Platform is based on the MERFISH (Multiplexed error-robust fluorescence in situ hybridization) technology

and that Vizgen, through its MERSCOPE Platform and Lab Services program, attempts to provide multiplexed, single-molecule *in situ* spatial imaging analysis technology to its customers. Except as so admitted, 10x denies the remaining allegations of this paragraph.

54.      10x admits that Vizgen asserts in its public literature that the MERSCOPE Platform is based on the MERFISH (Multiplexed error-robust fluorescence in situ hybridization) technology and that Vizgen, through its MERSCOPE Platform and Lab Services program, attempts to provide multiplexed, single-molecule *in situ* spatial imaging analysis technology to its customers. Except as so admitted, 10x denies the remaining allegations of this paragraph.

55.      10x admits that Vizgen asserts in its public literature that the MERSCOPE Platform is based on the MERFISH (Multiplexed error-robust fluorescence in situ hybridization) technology and that Vizgen, through its MERSCOPE Platform and Lab Services program, attempts to provide multiplexed, single-molecule *in situ* spatial imaging analysis technology to its customers. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

56.      10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

57.      10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

58.      10x admits that Exhibit 1 to Vizgen's Counterclaims purports to be a License Agreement between Vizgen and Harvard. 10x asserts that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

59.     10x admits that Exhibit 1 to Vizgen's Counterclaims purports to be a License Agreement between Vizgen and Harvard. 10x asserts that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

60.     10x admits that Exhibit 1 to Vizgen's Counterclaims purports to be a License Agreement between Vizgen and Harvard. 10x asserts that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

61. 10x admits that Exhibit 1 to Vizgen's Counterclaims purports to be a License Agreement between Vizgen and Harvard. 10x asserts that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

62.     10x admits that Exhibit 1 to Vizgen's Counterclaims purports to be a License Agreement between Vizgen and Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

63.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

64.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

65.     10x denies the allegations of paragraph 65 as they relate to the activity of 10x. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

66.     10x denies the allegations of paragraph 66 as they relate to the activity of 10x. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

67.     10x denies the allegations of paragraph 67 as they relate to the activity of 10x. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

68.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

69.     10x admits that ReadCoor, Inc. was founded based on George Church's work at Harvard and had obtained intellectual property in the *in situ* field. Except as so admitted, 10x denies the remaining allegations of this paragraph.

70.     10x admits that ReadCoor technology included technology based on George Church's work at Harvard and had obtained intellectual property in the *in situ* field. Except as so admitted, 10x denies the remaining allegations of this paragraph.

71.     10x denies that Vizgen's technology is fundamentally different from 10x's patented technology. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

72.     10x admits that on October 5, 2020, it announced that it would be acquiring ReadCoor and that on October 13, 2020, it acquired the outstanding shares of ReadCoor. Except as so admitted, 10x denies the remaining allegations of this paragraph.

73.     10x admits that in January 2022 at the JP Morgan Healthcare Conference, 10x announced that commercial availability of Xenium was expected in 2023. Except as so admitted, 10x denies the remaining allegations of this paragraph.

74.     Denied.

75.     10x admits that "*10x Genomics, Inc. (TXG) CEO Serge Saxonov on Q4 2021 Results – Earnings Call Transcript*, Seeking Alpha (Feb. 16, 2022)", https://seekingalpha.com/article/4487718-10x-genomics-inc-txg-ceo-serge-saxonov-on-q4-2021-results-earnings-call-transcript, states, among other things, that "Over the course of 2021, we intentionally prioritized and shifted resources to Xenium, and we've made significant progress building on technology and intellectual property we acquired with our own - together with our own innovations" and "Since we announced our plans to enter the space with acquisitions of CartaNA and ReadCoor, there's been tremendous interest from our customers." Except as so admitted, 10x denies the remaining allegations of this paragraph.

76.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that its yearly revenues are set forth in its public filings and refers to its public filings for their terms. Except as so admitted, 10x denies the remaining allegations of this paragraph.

77.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

78.     10x admits that the applications that matured into the 051 and 052 Patents were filed on April 23, 2021, 10x admits that the application that matured into the 767 Patent was filed on June 30, 2021, 10x admits that the application that matured into the 737 Patent was filed on July 29, 2020, and any amendments to the application are set forth in the file history. 10x admits

that the application that matured into the 054 Patent was filed on April 24, 2019, and any amendments to the application are set forth in the file history. Except as so admitted, 10x denies the remaining allegations of this paragraph.

79. 10x admits that Exhibit 1 to Vizgen's Counterclaims purports to be a License Agreement between Vizgen and Harvard. 10x asserts that this paragraph contains legal conclusions to which no response is required. To the extent that a response is required, 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

80. 10x admits that on May 3, 2022, 10x and Harvard filed the original complaint in this action. 10x denies the remaining allegations of this paragraph.

81. This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

## <u>VIZGEN'S COUNTERCLAIM I</u>

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**
*(Against Plaintiff Harvard)*

82. 10x incorporates by reference its responses to paragraphs 1-81 above.

83. This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

84. This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

85.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

86.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

87.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

88.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

89.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

90.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

91.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

92.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

93.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

94.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

95.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

96.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

97.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

## VIZGEN'S COUNTERCLAIM II

### (Breach of Warranty)
*(Against Plaintiff Harvard)*

98.     10x incorporates by reference its responses to paragraphs 1-97 above.

99.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

100.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

101.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

102.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

103.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

104.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

## **VIZGEN'S COUNTERCLAIM III**

### **(Negligent Misrepresentation)**
### *(Against Plaintiff Harvard)*

105.     10x incorporates by reference its responses to paragraphs 1-104 above.

106.    This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

107.    This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

108.    This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

109.    This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

110.    This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

111.    This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

112.    This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

113.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

114.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

115.     This counterclaim is asserted against Harvard only and no response from 10x is required. In addition, no answer is required at this time pursuant to Harvard's pending motion to dismiss.

## **VIZGEN'S COUNTERCLAIM IV**

**(Tortious Interference with Contractual and Advantageous Business Relations)**
*(Against Plaintiff 10x)*

116.     10x incorporates by reference its responses to paragraphs 1-115 above.

117.     No answer to Paragraph 117 is required at this time pursuant to 10x's pending motion to dismiss.

118.     No answer to Paragraph 118 is required at this time pursuant to 10x's pending motion to dismiss.

119.     No answer to Paragraph 119 is required at this time pursuant to 10x's pending motion to dismiss.

120.     No answer to Paragraph 120 is required at this time pursuant to 10x's pending motion to dismiss.

121.     No answer to Paragraph 121 is required at this time pursuant to 10x's pending motion to dismiss.

122.    No answer to Paragraph 122 is required at this time pursuant to 10x's pending motion to dismiss.

123.    No answer to Paragraph 123 is required at this time pursuant to 10x's pending motion to dismiss.

124.    No answer to Paragraph 124 is required at this time pursuant to 10x's pending motion to dismiss.

125.    No answer to Paragraph 125 is required at this time pursuant to 10x's pending motion to dismiss.

126.    No answer to Paragraph 126 is required at this time pursuant to 10x's pending motion to dismiss.

127.    No answer to Paragraph 127 is required at this time pursuant to 10x's pending motion to dismiss.

### <u>VIZGEN'S COUNTERCLAIM V</u>

**(Mass. Gen. Law Ch. 93A §§ 2 and 11)**
*(Against Plaintiff 10x)*

128.    10x incorporates by reference its responses to paragraphs 1-127 above.

129.    No answer to Paragraph 129 is required at this time pursuant to 10x's pending motion to dismiss.

130.    No answer to Paragraph 130 is required at this time pursuant to 10x's pending motion to dismiss.

131.    No answer to Paragraph 131 is required at this time pursuant to 10x's pending motion to dismiss.

132.    No answer to Paragraph 132 is required at this time pursuant to 10x's pending motion to dismiss.

133.    No answer to Paragraph 133 is required at this time pursuant to 10x's pending motion to dismiss.

134.    No answer to Paragraph 134 is required at this time pursuant to 10x's pending motion to dismiss.

135.    No answer to Paragraph 135 is required at this time pursuant to 10x's pending motion to dismiss.

136.    No answer to Paragraph 136 is required at this time pursuant to 10x's pending motion to dismiss.

137.    No answer to Paragraph 137 is required at this time pursuant to 10x's pending motion to dismiss.

138.    No answer to Paragraph 138 is required at this time pursuant to 10x's pending motion to dismiss.

139.    No answer to Paragraph 139 is required at this time pursuant to 10x's pending motion to dismiss.

140.    No answer to Paragraph 140 is required at this time pursuant to 10x's pending motion to dismiss.

## <u>VIZGEN'S COUNTERCLAIM VI</u>

### <u>(Declaration of Non-Infringement of U. S. Patent No. 11,021,737)</u>

*(Against Plaintiffs 10x and Harvard)*

141.    10x incorporates by reference its responses to paragraphs 1-140 above.

142.    Admitted.

143.    Admitted.

144.    Admitted.

145.    Admitted.

146.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 737 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

147.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 16.

148.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

148.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

149.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 737 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

150.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## VIZGEN'S COUNTERCLAIM VII

### (Declaratory Judgment of Invalidity of U.S. Patent No. 11,021,737)

*(Against Plaintiffs 10x and Harvard)*

151.    10x incorporates by reference its responses to paragraphs 1-150 above.

152.    Admitted.

153.    Admitted.

154.    Admitted.

155.    Admitted.

156.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 737 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

157.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

158.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

159.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

160.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

161.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

162.     10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 737 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

163.     10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## VIZGEN'S COUNTERCLAIM VIII

## (Declaratory Judgment of Non-Infringement of United States Patent No. 11,293,051)

*(Against Plaintiffs 10x and Harvard)*

164.     10x incorporates by reference its responses to paragraphs 1-163 above.

165.     Admitted.

166.     Admitted.

167.     Admitted.

168.     Admitted.

169.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 051 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

170.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 16.

171.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

172.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 051 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

173.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## **VIZGEN'S COUNTERCLAIM IX**

## **(Declaratory Judgment of Invalidity of U.S. Patent No. 11,293,051)**

*(Against Plaintiffs 10x and Harvard)*

174.    10x incorporates by reference its responses to paragraphs 1-173 above.

175.    Admitted.

176.    Admitted.

177.    Admitted.

178.    Admitted.

179.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28

U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 051 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

180.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

181.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

182.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

183.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

184.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 051 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

185.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## **VIZGEN'S COUNTERCLAIM X**

## **(Declaratory Judgment of Non-Infringement of United States Patent No. 11,293,052)**

*(Against Plaintiffs 10x and Harvard)*

186.    10x incorporates by reference its responses to paragraphs 1-185 above.

187.    Admitted.

188.    Admitted.

189.    Admitted.

190.    Admitted.

191.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 052 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

192.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 16.

193.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

194.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 052 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

195.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural

schedule set by the Court in this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## VIZGEN'S COUNTERCLAIM XI

### (Declaratory Judgment of Invalidity of U.S. Patent No. 11,293,052)

*(Against Plaintiffs 10x and Harvard)*

196.    10x incorporates by reference its responses to paragraphs 1-195 above.

197.    Admitted.

198.    Admitted.

199.    Admitted.

200.    Admitted.

201.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 052 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

202.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

203.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

204.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

205.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

206.     10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 052 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

207.     10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## VIZGEN'S COUNTERCLAIM XII

## (Declaratory Judgment of Non-Infringement of United States Patent No. 11,293,054)

*(Against Plaintiffs 10x and Harvard)*

208.     10x incorporates by reference its responses to paragraphs 1-207 above.

209.     Admitted.

210.     Admitted.

211.     Admitted.

212.     Admitted.

213.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 054 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

214.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 16.

215.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

216.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 054 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

217.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## <u>VIZGEN'S COUNTERCLAIM XII</u>

## <u>(Declaratory Judgment of Invalidity of U.S. Patent No. 11,293,054)</u>

*(Against Plaintiffs 10x and Harvard)*

218.    10x incorporates by reference its responses to paragraphs 1-217 above.

219.    Admitted.

220.    Admitted.

221.    Admitted.

222.    Admitted.

223.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28

U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 054 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

224.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

225.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

226.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

227.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

228.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 054 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

229.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## **VIZGEN'S COUNTERCLAIM XIV**

### **(Declaratory Judgment of Non-Infringement of United States Patent No. 11,299,767)**

*(Against Plaintiffs 10x and Harvard)*

230.    10x incorporates by reference its responses to paragraphs 1-229 above.

231. Admitted.

232. Admitted.

233. Admitted.

234. Admitted.

235. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 767 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

236. This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 16.

237. The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

238. 10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 767 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

239. 10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural

schedule set by the Court in this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## VIZGEN'S COUNTERCLAIM XV

### (Declaratory Judgment of Invalidity of U.S. Patent No. 11,299,767)

*(Against Plaintiffs 10x and Harvard)*

240.    10x incorporates by reference its responses to paragraphs 1-239 above.

241.    Admitted.

242.    Admitted.

243.    Admitted.

244.    Admitted.

245.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 767 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

246.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

247.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

248.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

249.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

250.     10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 767 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

251.     10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## VIZGEN'S COUNTERCLAIM XVI

## (Alleged Infringement by 10x of the Zhuang '303 Patent)

### *(Against 10x)*

252.     10x incorporates by reference its responses to paragraphs 1-251 above.

253.     No answer to Paragraph 253 is required at this time pursuant to 10x's pending motion to dismiss.

254.     No answer to Paragraph 254 is required at this time pursuant to 10x's pending motion to dismiss.

255.     No answer to Paragraph 255 is required at this time pursuant to 10x's pending motion to dismiss.

256.     No answer to Paragraph 256 is required at this time pursuant to 10x's pending motion to dismiss.

257.     No answer to Paragraph 257 is required at this time pursuant to 10x's pending motion to dismiss.

258.     No answer to Paragraph 258 is required at this time pursuant to 10x's pending motion to dismiss.

259.     No answer to Paragraph 259 is required at this time pursuant to 10x's pending motion to dismiss.

260.     No answer to Paragraph 260 is required at this time pursuant to 10x's pending motion to dismiss.

261.     No answer to Paragraph 261 is required at this time pursuant to 10x's pending motion to dismiss.

262.     No answer to Paragraph 262 is required at this time pursuant to 10x's pending motion to dismiss.

263.     No answer to Paragraph 263 is required at this time pursuant to 10x's pending motion to dismiss.

264.     No answer to Paragraph 264 is required at this time pursuant to 10x's pending motion to dismiss.

265.     No answer to Paragraph 265 is required at this time pursuant to 10x's pending motion to dismiss.

266.     No answer to Paragraph 266 is required at this time pursuant to 10x's pending motion to dismiss.

267.     No answer to Paragraph 267 is required at this time pursuant to 10x's pending motion to dismiss.

268.     No answer to Paragraph 268 is required at this time pursuant to 10x's pending motion to dismiss.

269.     No answer to Paragraph 269 is required at this time pursuant to 10x's pending motion to dismiss.

## JURY DEMAND

270.     10x acknowledges Vizgen's request for a jury trial on its counterclaims and, pursuant to Federal Rule of Civil Procedure 38(b), 10x also demands a jury trial on all issues so triable.

## 10X'S DEFENSES TO DEFENDANT'S COUNTERCLAIMS

By listing any matter as a defense herein, 10x does not assume the burden of proving any matter about which Vizgen, or any other party, bears the burden of proof under applicable law.

10x reserves all rights with respect to assertion of defenses relating to Vizgen's Counterclaims IV, V, AND XVI that are the subject of 10x's pending motion to dismiss.

### FIRST DEFENSE—FAILURE TO STATE A CLAIM

Vizgen's Counterclaims fail to state a claim upon which relief can be granted.

### SECOND DEFENSE—INFRINGEMENT

Each of the asserted claims of the 10x Asserted Patents is infringed.

### THIRD DEFENSE—VALIDITY

Each of the asserted claims of the 10x Asserted Patents is valid and enforceable.

### ADDITIONAL DEFENSES

10x has not knowingly and intentionally waived any applicable defenses and reserves the right to assert, and hereby gives notice that it intends to rely on additional defenses as they become known to it, including through discovery, Vizgen's pre-trial disclosures and evidence submitted in its case-in-chief. 10x reserves the right to amend this Answer to add, delete, or modify defenses based upon evidence or legal theories that may be disclosed through clarification of the Counterclaims, additional motion practice, Vizgen's pre-trial disclosures, and evidence submitted in its case-in-chief.

## **PRAYER FOR RELIEF**

10x denies that Defendant is entitled to any relief whatsoever from either 10x or the Court, including the relief requested in paragraphs a - h of Vizgen's Prayer for Relief.

Wherefore, in addition to the relief requested by Plaintiffs in their First Amended Complaint, 10x prays that the Court enter a judgment as follows:

A.     That Vizgen's Counterclaims VI-XV be dismissed with prejudice and Vizgen take nothing;

B.     That 10x and Harvard be awarded such other and further relief on Vizgen's Counterclaims VI-XV as the Court may deem appropriate;

C.     That judgment be entered in favor of 10x and Harvard against Vizgen on Vizgen's Counterclaims VI-XV;

D.     That Vizgen be required to pay 10x's attorneys' fees and costs;

E.     A declaration that the case is an exceptional case and that Vizgen be required to pay Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285;

F.     A judgment awarding 10x such other and further relief as the Court may deem just, reasonable, and proper.

OF COUNSEL:

TENSEGRITY LAW GROUP LLP

Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065
Tel: (650) 802-6000

Samantha Jameson
Ron Pabis
Kiley White
8260 Greensboro Dr.
Suite 260
McLean, VA  22102-3848
Tel: (650) 802-6000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Cameron P. Clark*
Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for 10x Genomics, Inc.*

Harvard joining as to Counterclaims VI-XV:

OF COUNSEL*:*

FOLEY & LARDNER LLP

Michael J. Tuteur
Geoffery M. Raux
Ruben J. Rodrigues
111 Huntington Avenue, Suite 2500
Boston, Massachusetts 02199
(617) 342-4016
graux@foley.com
rrodrigues@foley.com
mtuteur@foley.com

October 27, 2022

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for President and Fellows of Harvard College*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 27, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 27, 2022, upon the following in the manner indicated:

James L. Higgins, Esquire                                   *VIA ELECTRONIC MAIL*
Pilar G. Kraman, Esquire
Taylor E. Hallowell, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Defendant Vizgen, Inc.*

David Bilsker, Esquire                                       *VIA ELECTRONIC MAIL*
Sam Stake, Esquire
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
*Attorneys for Defendant Vizgen, Inc.*

Kevin P.B. Johnson, Esquire                                 *VIA ELECTRONIC MAIL*
Victoria F. Maroulis, Esquire
Andrew Bramhall, Esquire
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA  94065
*Attorneys for Defendant Vizgen, Inc.*

Angus Chen, Ph.D.                                           *VIA ELECTRONIC MAIL*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
*Attorneys for Defendant Vizgen, Inc.*

Patrick D. Curran, Esquire                                    *VIA ELECTRONIC MAIL*
Eric D. Wolkoff, Esquire
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA  02199
*Attorneys for Defendant Vizgen, Inc.*


                                        */s/ Cameron P. Clark*

                                        _____

                                        Cameron P. Clark (#6647)