IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-595 (MFK) |
| VIZGEN, INC., | ) ) | |
| Defendant. | ) ) | |
| VIZGEN, INC., | ) ) | |
| Counterclaim-Plaintiff, | ) ) | |
| and | ) ) | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | ) ) ) | |
| Counterclaim-Plaintiff as to certain claims, | ) ) ) | |
| v. | ) ) | |
| 10X GENOMICS, INC., Counterclaim-Defendant as to certain claims, | ) ) ) ) | |
| and | ) ) | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | ) ) ) | |
| Counterclaim-Defendant as to certain claims. | ) ) ) | |

**10X GENOMICS, INC.'S ANSWER TO VIGZEN, INC.'S COUNTERCLAIMS TO PLAINTIFFS' SECOND AMENDED COMPLAINT, DEFENSES AND COUNTERCLAIMS**

Plaintiff 10x Genomics, Inc. ("10x") hereby answers the allegations in the Counterclaims

to Plaintiffs' Second Amended Complaint asserted by Defendant Vizgen Inc. ("Vizgen") against

Plaintiffs ("Counterclaims") (D.I. 138 [Sealed], D.I. 148 [Public]). Co-Plaintiff President and Fellows of Harvard College ("Harvard") joins with respect to Counterclaims VI-XV and the allegations pertaining thereto.

Unless expressly admitted, 10x denies each and every allegation in Vizgen's Counterclaims. To the extent that any non-numbered statements in the Amended Counterclaims, including but not limited to any headings, sub-headings, or footnotes therein, contain allegations,10x denies each and every such allegation.

## 10X'S ANSWERS TO VIZGEN'S COUNTERCLAIMS

## NATURE OF THE ACTION

1.      10x admits that Vizgen purports to state a claim for breach of the implied covenant of good faith and fair dealing, breach of warranty, and negligent misrepresentation against Harvard. 10x admits that Vizgen purports to state a claim against 10x for tortious interference with contractual and advantageous business relationships against 10x, and purports to state a claim for conspiracy to monopolize against Harvard and 10x in violation of the Sherman Act and the Cartwright Act, attempted monopolization against 10x in violation of the Sherman Act, and breach of contract as to a third-party beneficiary against Harvard and 10x. 10x denies that the claims have any merit. Except as so admitted, 10x denies any remaining allegations of this paragraph.

2.      10x admits that Vizgen purports to have entered into a license agreement with Harvard. 10x lacks sufficient knowledge or information concerning any license between Vizgen and Harvard to form a belief as to the truth of the allegations of this paragraph relating to the communications and any agreements between Vizgen and Harvard and on that basis denies them. 10x denies the remining allegations of this paragraph.

3.      Denied.

4.      10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph relating to Vizgen's knowledge, and on that basis denies them. 10x admits that Harvard applied for and was awarded a grant from the National Institute of Health ("NIH") which research was related to the Patents in suit. 10x denies the remaining allegations of this paragraph.

5.      Denied.

6.      Denied.

7.      Denied.

8.      10x admits that Vizgen purports to seek a declaratory judgement of non-infringement and invalidity of U.S. Patent Nos. 11,021,737, 11, 293,051, 11,293,052, 11,549,136 and 11,299,767. 10x denies that the claims have any merit. Except as so admitted, 10x denies any remaining allegations of this paragraph.

9.      10x admits that Defendant's Counterclaim purports to state a claim of infringement of U.S. Patent No. 11,098,303 ("the 303 Patent") by 10x. 10x denies that the claim has any merit. 10x lacks sufficient knowledge or information to form a belief as to the truth of the second sentence of this paragraph and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

## THE PARTIES

10.      Denied.

11.      On information and belief, admitted.

12.      Admitted.

13.      10x admits that Harvard is an educational institution in Massachusetts with its principal place of business in Cambridge, MA. 10x lacks sufficient knowledge or information to

form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

**JURISDICTION AND VENUE**

14.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that the Court has subject matter jurisdiction over Vizgen's counterclaims VI-XV pursuant to 28 U.S.C. §§ 2201 and 2202, and 10x admits that the Court has subject matter jurisdiction over Vizgen's counterclaim XVI pursuant to U.S.C. §§ 1331 and 1338(a) and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, provided that standing and other requirements are met. Except as so admitted, 10x denies any remaining allegations of this paragraph.

15.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

16.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

17.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that it filed a Complaint and First Amended Complaint in this action, and that the Court has personal jurisdiction over 10x for purposes of this action. 10x also admits that it has brought suit and filed counterclaims in this district. Except as so admitted, 10x denies the remaining allegations of this paragraph.

18.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that it filed its original Complaint and First Amended Complaint in this action, and that venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) for purposes of Plaintiffs' claims and Vizgen's Counterclaims VI-XV of this action. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## BACKGROUND

### A.     Harvard's Church Lab Enters The Single-Cell Spatial Transcriptomics Field

19.     This paragraph does not contain allegations against 10x but on information and belief it contains general characterizations of the following third-party publications purporting to describe aspects of the field of Spatial Transcriptomics: (1) Moses & Pachter, Museum of spatial transcriptomics, 19 Nature Methods 534 (2022), Abstract. 3 ("Moses & Pachter"); and (2) Marx, Method of the Year: spatially resolved transcriptomics, 18 Nature Methods 9-14 (2021) ("Marx") which speak for themselves. As such, they do not conform to Federal Rule of Civil Procedure 8 ("Rule 8") and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x admits that Marx states that "*Nature Methods* has crowned spatially resolved transcriptomics Method of the Year." 10x denies the remaining allegations of this paragraph.

20.     This paragraph does not contain allegations against 10x but on information and belief it contains general characterizations of the field of Spatial Transcriptomics. As such, they do not conform to Rule 8 and no specific admission or denial from 10x is required. 10x denies that Vizgen invented and "pioneered" technology that allowed "spatial information [to be] accurately captured at the single-cell level in massively multiplexed, error-robust manner." 10x denies the remaining allegations of this paragraph.

21.     This paragraph does not contain allegations against 10x but on information and belief it contains general characterizations of the field of Spatial Transcriptomics. As such, they do not conform to Rule 8 and no specific admission or denial from 10x is required. To the extent a response is required, 10x admits that Dr. George Church and his team produced innovations that are now revolutionizing the study of cellular transcriptomes including the spatial analysis thereof. 10x denies the remaining allegations of this paragraph.

22.     10x admits, on information and belief that Dr. Church, through his lab and Harvard University, applied for grant funding in May 2009, under the "Centers of Excellence in Genomics Science" Program Announcement Number PAR-08-094. 10x admits the program announcement is at NIH Program Announcement, February 22, 2008,   https://grants.nih.gov/grants/guide/pa-files/par-08-094.html and describes NIH policy. 10x states that the NIH Policy statements and Program announcement speak for themselves and that Vizgen's characterizations are vague, ambiguous, misleading and incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

23.     10x states that the grant application attached as Exhibit 1 speaks for itself and that Vizgen's characterizations are vague, ambiguous, misleading and incomplete and on that basis 10x denies them. 10x denies that the cited statements in the grant application attached as Exhibit 1 constitute legally binding promises or commitments as alleged in this paragraph. 10x denies the remaining allegations of this paragraph.

24.     10x states that the grant application attached as Exhibit 1 speaks for itself and that Vizgen's characterizations are vague, ambiguous, misleading and incomplete and on that basis 10x denies them. 10x denies that the cited statements in the grant application attached as Exhibit 1 constitute legally binding promises or commitments as alleged in this paragraph. 10x denies the remaining allegations of this paragraph.

25.     10x states that the grant application attached as Exhibit 1 speaks for itself and that Vizgen's characterizations are vague, ambiguous, misleading and incomplete and on that basis 10x denies them. 10x denies that the cited statements in the grant application attached as Exhibit 1 constitute legally binding promises or commitments as alleged in this paragraph. 10x denies the remaining allegations of this paragraph.

26.     10x states that the grant application attached as Exhibit 1 speaks for itself and that Vizgen's characterizations are vague, ambiguous, misleading and incomplete and on that basis 10x denies them. 10x denies that the cited statements in the grant application attached as Exhibit 1 constitute legally binding promises or commitments as alleged in this paragraph. 10x denies the remaining allegations of this paragraph.

27.     10x states that the grant application attached as Exhibit 1 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, misleading and/or incomplete and on that basis 10x denies them. 10x denies that the cited statements in the grant application attached as Exhibit 1 constitute legally binding promises or commitments as alleged in this paragraph. 10x denies the remaining allegations of this paragraph.

28.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

29.     10x admits that Exhibit 2 purports to be the Notice of Award for Grant No. 1P50HG005550-01. 10x states that Exhibit 2 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, misleading and/or incomplete and on that basis 10x denies them. 10x denies that the cited statements in Exhibit 2 constitute legally binding promises or commitments as alleged in this paragraph. 10x denies the remaining allegations of this paragraph.

30.     10x admits that Exhibit 2 purports to be the Notice of Award for Grant No. 1P50HG005550-01. 10x states that Exhibit 2 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, misleading and/or incomplete and on that basis 10x denies them. 10x denies that the cited statements in Exhibit 2 constitute legally binding promises or commitments as alleged in this paragraph. 10x denies the remaining allegations of this paragraph.

31.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

32.     10x states that the grant materials attached as Exhibits 1 and 2 speak for themselves and that Vizgen's characterizations are incorrect, vague, ambiguous, misleading and/or incomplete and on that basis 10x denies them. 10x denies that the cited statements in the grant application attached as Exhibit 1 constitute legally binding promises or commitments as alleged in this paragraph. 10x denies the remaining allegations of this paragraph.

33.     The allegations in this paragraph are directed to the alleged acts of Harvard and Dr. Church. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

34.     The allegations in this paragraph are directed to the alleged acts of Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

35.     Denied.

36.     10x admits that U.S. Provisional Application No. 61/579,265 (the "265 Provisional") was filed on December 22, 2011. 10x states that the 265 Provisional speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, misleading and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

37.     10x admits that U.S. Provisional Application No. 61/777,383 (the "383 Provisional") was filed on March 12, 2013. 10x admits U.S. Patent No. 11,299,767 claims priority to the 383 Provisional. 10x states that the 383 Provisional speaks for itself and that Vizgen's

characterizations are incorrect, vague, ambiguous, misleading and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

38.     10x admits that Harvard has filed patents claiming priority to the 383 Provisional and the 265 Provisional. 10x denies the remaining allegations of this paragraph.

39.     10x admits that the 10x Genomics, Inc., October 16, 2020 Registration Statement describes 10x's acquisition of the outstanding shares of ReadCoor. That Registration Statement speaks for itself and Vizgen's characterizations in this paragraph are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x admits that U.S. Application No. 16/941,585, was filed on July 29, 2020, and claims priority to the 265 Provisional. 10x denies the remaining allegations of this paragraph.

40.     10x admits that U.S. Application No. 16/941,585, claims priority to the 265 Provisional and the 383 Provisional. 10x denies the remaining allegations of this paragraph.

41.     10x admits that U.S. Patent Nos. 11,293,051, 11,293,052, and 11,549,136 claim priority to the 265 Provisional and the 383 Provisional. 10x denies any remaining allegations of this paragraph.

42.     10x admits that each of the patents in suit contain inventions made with Government support under grant number 1P50HG005550 awarded by NHGRI. 10x denies the remaining allegations of this paragraph.

43.     10x admits that U.S. Patent Nos. 11,021,737 contains the following language: "This invention was made with Government support under grant number 1P50HG005550 awarded by NHGRI." 10x denies the remaining allegations of this paragraph.

44.     10x admits that each of the patents in suit contains the following language: "This invention was made with Government support under grant number 1P50HG005550 awarded by NHGRI." 10x denies the remaining allegations of this paragraph.

**B.     Vizgen's MERFISH and MERSCOPE Technology**

45.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

46.     10x admits that Vizgen asserts the '303 patent against 10x, but denies that the allegations have any merit. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remainingallegations of this paragraph and on that basis denies them.

47.     Denied.

48.     Denied.

49.     Denied.

50.     10x denies that Dr. Zhuang's work is "pioneering." 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

51.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

52.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

**C.     Vizgen's Allegations that Dr. Church Engaged In "Self-Dealing"**

53.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required,10x states that the grant application attached as Exhibit 1 speaks for itself and that Vizgen's characterizations are vague, ambiguous, misleading and incomplete and on that basis 10x denies them. 10x denies that the cited statements in the grant application

attached as Exhibit 1 constitute legally binding promises or commitments as alleged in this paragraph. 10x denies the remaining allegations of this paragraph.

54.     10x admits that on September 9, 2016, Harvard and ReadCoor entered into a license agreement. 10x denies the remaining allegations of this paragraph.

55.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

56.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

57.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

58.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

59.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's

characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

60.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

61.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

62.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

63.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

64.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

65.     10x admits that Exhibit 3 is a copy of the September 9, 2016 license agreement between Harvard and ReadCoor. 10x states that Exhibit 3 speaks for itself and that Vizgen's characterizations are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

66.     10x denies that Harvard and Church breached any agreements with the NIH. 10x denies that Harvard or Dr. Church made any alleged "promises" and any implication that the grand award is governed by contract law. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

67.     Denied.

68.     Denied.

69.     10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

**D.      Zhuang Co-Founds Vizgen**

70.     10x admits that Vizgen alleges that Harvard is the owner of the 303 Patent. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

71.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

72.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

73.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

74.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

75.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

76.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

77.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

78.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

79.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

80.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

81.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

82.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

83.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

84.     10x admits that Vizgen asserts in its public literature that the MERSCOPE Platform is based on the MERFISH (Multiplexed error-robust fluorescence in situ hybridization) technology. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis 10x denies them.

85.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

86.     10x admits that, on information and belief, Vizgen announced the launch of MERSCOPE in March 2021.

87.     Denied.

88.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

89.     10x admits that the 10x Genomics, Inc., October 16, 2020 Registration Statement describes 10x's acquisition of the outstanding shares of ReadCoor. That Registration Statement speaks for itself and Vizgen's characterizations in this paragraph are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph regarding Harvard and on that basis denies them.

90.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

### E.     10x Sets its Sights on Single Cell Spatial Transcriptomics

91.     10x denies the allegations of the first sentence of this paragraph. 10x admits its Chromium platform enables high-throughput analysis of individual biological components. 10x admits its Visium platform enables researchers to understand the spatial positions of biological analytes within tissues at high resolution. The remaining allegations of this paragraph are Vizgen's characterizations of third-party reports which speak for themselves and to the extent Vizgen's characterizations of those are incorrect, vague, ambiguous, and/or incomplete,10x denies them. To the extent that paragraph 91 purports to identify, describe or characterize any "market" in the case, this is a legal conclusion to which no response is required.  To the extent that a response is required, 10x denies that this paragraph has alleged any proper market for any claim. 10x denies any remaining allegations in this paragraph.

92.     10x admits that on May 5, 2022, 10x CEO Serge Saxonov stated, "just about every paper you see now within tissues makes use of Chromium Visium data." The remaining allegations of this paragraph are Vizgen's characterizations of third-party reports which speak for themselves and to the extent Vizgen's characterizations of those are incorrect, vague, ambiguous, and/or incomplete, 10x denies them.

93.     Denied.

94.     Denied.

95.     10x admits that it announced in October 2020 that it had acquired all outstanding shares of ReadCoor. 10x denies the remaining allegations of this paragraph. 10x admits that 10x's Annual Report describes 10x's acquisition of the outstanding shares of ReadCoor. That Annual Report speaks for itself and Vizgen's characterizations in this paragraph are incorrect, vague, ambiguous, and/or incomplete and on that basis 10x denies them. To the extent the allegations of this paragraph are not directed at 10 (such as allegations related to ReadCoor customers), 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.  To the extent these allegations are directed to 10x, 10x denies them. 10x denies any remaining allegations of this paragraph.

96.     Denied.

97.     This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

98.     Denied.

99.     10x admits that 10x commercially launched the Xenium platform on or around December 8, 2022. Except as so admitted, 10x denies the remaining allegations of this paragraph.

100.   10x admits that the Xenium Analyzer instrument, Xenium In Situ reagents and panels, Xenium software, and the full support of 10x's team of spatial experts is available as part of the Xenium platform. 10x admits that http://www.10xgenomics.com/in-situ-technology includes some information related to the Xenium platform. Except as so admitted, 10x denies the remaining allegations of this paragraph.

101.   10x admits that the Xenium Analyzer instrument, Xenium In Situ reagents and panels, Xenium software, and the full support of 10x's team of spatial experts is available as part of the Xenium platform. 10x admits that http://www.10xgenomics.com/in-situ-technology includes some information related to the Xenium platform. Except as so admitted, 10x denies the remaining allegations of this paragraph.

102.   10x admits that it "expects the Xenium Analyzer will deliver targeted gene expression information at subcellular resolution at high sensitivity, and will be a complete end-to-end in situ solution: a robust instrument, consumables, panels, and software." https://www.prnewswire.com/news-releases/10x-genomics-showcases-robust-innovation-pipeline-at-xperience-2022-event-301487919.html.       10x       admits       that http://www.10xgenomics.com/in-situ-technology includes some information related to the Xenium platform. Except as so admitted, 10x denies the remaining allegations of this paragraph.

103.   10x admits that *TSS: 10X Genomics Presents its Single Cell and Spatial Multiomics Platforms*, YOUTUBE (Jun. 16, 2022), https://www.youtube.com/watch?v=wt8R70Pp8JE, purports to show a Xenium prototype. 10x admits that it expects the Xenium Analyzer will deliver targeted gene expression information at subcellular resolution at high sensitivity, and will be a complete end-to-end in situ solution. Except as so admitted, 10x denies the remaining allegations of this paragraph.

18

104.    10x admits that it displayed some aspects of the Xenium technology at the Alzheimer's Association International Conference (AAIC) in Amsterdam, the Netherlands, and some aspects of Xenium technology on social media. Except as so admitted, 10x denies the remaining allegations of this paragraph.

105.    Denied.

106.    10x admits that it reported revenue growth of 64% for the years ended 2021 and 2020. 10x denies the remaining allegations of this paragraph.

107.    10x admits that on May 3, 2022, Harvard and 10x filed the complaint for patent infringement against Vizgen in this action. 10x denies the remaining allegations in this paragraph.

108.    To the extent these allegations are asserted against Harvard and not 10x, 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph as it relates to Harvard, and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

109.    To the extent these allegations are asserted against Harvard and not 10x, 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

110.    To the extent these allegations are asserted against Harvard and not 10x, 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent these allegations are directed to 10x, 10x denies them.

F.      **The SST Market for Antitrust Analysis**

111.    This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, 10x denies that Vizgen's "SST" market is a market for antitrust

analysis and, on that basis, denies the allegations of this paragraph. 10x denies any remaining allegations in this paragraph on the basis that it lacks sufficient knowledge to answer them and/or because those allegations are vague, ambiguous, misleading and/or incomplete.

112.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, 10x denies that Vizgen's "SST" market is a market for antitrust analysis and, on that basis, denies the allegations of this paragraph.  10x denies any remaining allegations in this paragraph on the basis that it lacks sufficient knowledge to answer them and/or because those allegations are vague, ambiguous, misleading and/or incomplete.

113.    This paragraph contains legal conclusions to which no response is required. To the extent any response is required, 10x additionally denies that Vizgen's "SST" market is a market for antitrust analysis and, on that basis, denies the allegations of this paragraph. This paragraph contains general characterizations of Marx, Method of the Year: spatially resolved transcriptomics, 18 Nature Methods 9-14 (2021) ("Marx"). As such, they do not conform to Rule 8 and no specific admission or denial from 10x is required. To the extent that an answer is required, 10x admits that Marx states that "*Nature Methods* has crowned spatially resolved transcriptomics Method of the Year." 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

114.    This paragraph contains legal conclusions to which no response is required.  To the extent any response is required, 10x denies that Vizgen's "SST" market is a market for antitrust analysis and, on that basis, denies the allegations of this paragraph. 10x denies any remaining allegations in this paragraph as vague, ambiguous, misleading and/or incomplete.

115.    This paragraph contains legal conclusions to which no response is required.  To the extent any response is required, 10x denies that Vizgen's "SST" market is a market for antitrust

analysis and, on that basis, denies the allegations of this paragraph. The remaining allegations contain vague, ambiguous, misleading and/or incomplete characterizations of third-party references, which speak for themselves, and 10x denies any remaining allegations of this paragraph.

116.    This paragraph contains legal conclusions to which no response is required.  To the extent any response is required, 10x denies that Vizgen's "SST" market is a market for antitrust analysis and, on that basis, denies the allegations of this paragraph. 10x admits that Vizgen has commercially released its MERSCOPE platform, that 10x has commercially released its Xenium platform, and NanoString has commercially released its CosMx platform. To the extent that any allegations remain in this paragraph, 10x lacks sufficient information or knowledge or assess the truth of the allegations and on that basis denies them.

117.    This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, 10x denies that Vizgen's "SST" market is a market for antitrust analysis and, on that basis, denies the allegations of this paragraph. 10x denies any remaining allegations in this paragraph.

118.    This paragraph contains legal conclusions to which no response is required.  To the extent any response is required, 10x denies that Vizgen's "SST" market is a market for antitrust analysis and, on that basis, denies the allegations of this paragraph. 10x denies any remaining allegations in this paragraph.

119.    This paragraph contains legal conclusions to which no response is required.  To the extent that any response is required, 10x denies that Vizgen's "SST" market is a market for antitrust analysis and, on that basis, denies the allegations of this paragraph.10x states that the quotations from the cited earnings call speak for themselves. 10x denies any remaining allegations in this paragraph.

### G.      Vizgen's Allegations of Conspiracy

120.    Denied.

121.    Denied.

122.    This paragraph contains legal conclusions to which no response is required. To the extent a response is required, 10x denies the allegations in this paragraph.

123.    Denied.

124.    Denied.

125.    10x denies that it maintained any level of confidentiality over the Harvard Grant materials. The remaining allegations are directed to Harvard, and on that basis, 10x denies them. To the extent the allegations are directed to 10x, 10x denies them.

126.    10x denies that it maintained any level of confidentiality over the Harvard Grant materials. The remaining allegations are directed to Harvard, and on that basis, 10x denies them. To the extent the allegations are directed to 10x, 10x denies them.

127.    Denied.

128.    This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent that these allegations are directed to 10x, 10x denies them.

129.    10x admits that Vizgen sent the correspondence attached as Exhibit 6 on March 16, 2023, and that counsel for Harvard responded on March 30, 2023. 10x denies the remaining allegations of this paragraph.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    Denied.

136.    Denied.

137.    To the extent the first sentence in this paragraph contains legal conclusions, no response is required.  To the extent a response is required, 10x denies the allegations in this sentence.  10x additionally denies that Vizgen's "SST" market is a market for antitrust analysis and, on that basis, denies the allegations of this paragraph. To the extent that the paragraph purports to characterize a document in this case, that document speaks for itself.  10x additionally denies the remaining allegations in this paragraph.

138.    10x admits that Vizgen purports to quote a paper Kyle Mikson and Alex Vukasin, Canaccord Initiation of Coverage (July 25, 2022), but Vizgen did not attach a copy of that reference to the complaint. Thus, 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph regarding this paper. 10x denies the remaining allegations of this paragraph.

139.    Denied.

140.    Denied.

141.    Denied.

## COUNTERCLAIM I

### Breach of the Implied Covenant of Good Faith and Fair Dealing

*(Against Plaintiff Harvard)*

142.    10x incorporates by reference its responses to the paragraphs above.

143.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

144.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

145.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

146.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

147.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

148.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

149.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

150.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

151.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

152.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

153.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

154.    This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

155. This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

156. This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

157. This counterclaim is asserted against Harvard only and no response from 10x is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

## COUNTERCLAIM II

### Breach of Warranty

*(Against Plaintiff Harvard)*

158. 10x incorporates by reference its responses to the paragraphs above.

159. This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

160. This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

161. This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

162. This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

163. This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

164. This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

165. This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

## COUNTERCLAIM III

### Negligent Misrepresentation

*(Against Plaintiff Harvard)*

166.    10x incorporates by reference its responses to the paragraphs above.

167.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

168.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

169.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

170.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

171.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

172.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

173.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

174.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

175.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

176.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

177.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

178.    This counterclaim has been dismissed (D.I. 114) and no response from 10x is required.

## <u>COUNTERCLAIM IV</u>

**Tortious Interference with Contractual and Advantageous Business Relations**

*(Against Plaintiff 10x)*

179.    10x incorporates by reference its responses to the paragraphs above.

180.    This paragraph asserts legal conclusions to which no response is required. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

181.    Denied.

182.    Denied.

183.    Denied.

184.    Denied.

185.    Denied.

186.    Denied.

187.    Denied.

188.    Denied.

189.    Denied.

190.    Denied.

## COUNTERCLAIM V

**Mass. Gen. Law. Ch. 93A §§ 2 and 11 (Related to Ongoing Prosecution)**

*(Against Plaintiffs 10x and Harvard)*

191.    10x incorporates by reference its responses to the paragraphs above.

192.    This paragraph asserts legal conclusions to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

193.    Denied.

194.    Denied.

195.    This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent the allegations are directed to 10x, 10x denies them.

196.    Denied.

197.    This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent the allegations are directed to 10x, 10x denies them.

198.    Denied.

199.    This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent the allegations are directed to 10x, 10x denies them.

200.    This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent the allegations are directed to 10x, 10x denies them.

201.    Denied.

202.    Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   This allegation is asserted against Harvard. 10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them. To the extent the allegations are directed to 10x, 10x denies them.

207.   Denied.

208.   Denied.

209.   Denied.

## COUNTERCLAIM VI

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,021,737

*(Against Plaintiffs 10x and Harvard)[1]*

210.   10x incorporates by reference its responses to the paragraphs above.

211.   Admitted.

212.   Admitted.

213.   Admitted.

214.   Admitted.

215.   This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 737 Patent but denies that

---

[1] Vizgen asserts that the Court "previously denied Plaintiff's motion to dismiss" regarding Counterclaims VI-XIII. See D.I. 138 at fn 96, 97, 104, 105-111. 10x has not previously moved to dismiss those counts and D.I. 114 did not address those counts.

Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

216.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 123.

217.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

218.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 737 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

219.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action but denies that Defendant's counterclaims have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## COUNTERCLAIM VII

### Declaratory Judgment of Invalidity of U.S. Patent No. 11,021,737

*(Against Plaintiffs 10x and Harvard)*

220.    10x incorporates by reference its responses to the paragraphs above.

221.    Admitted.

222.    Admitted.

223.    Admitted.

224.    Admitted.

225.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 737 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

226.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

227.    Denied.

228.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

229.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

230.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

231.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

232.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

233.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

234.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

235.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

236.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

237.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 737 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

238.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action but denies that Defendant's counterclaims have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## COUNTERCLAIM VIII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,293,051

*(Against Plaintiffs 10x and Harvard)*

239.    10x incorporates by reference its responses to the paragraphs above.

240.    Admitted.

241.    Admitted.

242.    Admitted.

243.    Admitted.

244.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 051 Patent but denies that

Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

245.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 123.

246.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

247.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 051 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

248.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action but denies that Defendant's counterclaims have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## COUNTERCLAIM IX

### Declaratory Judgment of Invalidity of U.S. Patent No. 11,293,051

*(Against Plaintiffs 10x and Harvard)*

249.    10x incorporates by reference its responses to the paragraphs above.

250.    Admitted.

251.    Admitted.

252.    Admitted.

253.    Admitted.

254.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 051 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

255.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

256.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

257.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

258.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

259.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 051 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

260.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action but denies that Defendant's counterclaims have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## COUNTERCLAIM X

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,293,052**

*(Against Plaintiffs 10x and Harvard)*

261.    10x incorporates by reference its responses to the paragraphs above.

262.    Admitted.

263.    Admitted.

264.    Admitted.

265.    Admitted.

266.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 052 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

267.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 123.

268.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

269.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 052 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

270.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action but denies that Defendant's counterclaims have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## COUNTERCLAIM XI

### Declaratory Judgment of Invalidity of U.S. Patent No. 11,293,052

*(Against Plaintiffs 10x and Harvard)*

271.    10x incorporates by reference its responses to the paragraphs above.

272.    Admitted.

273.    Admitted.

274.    Admitted.

275.    Admitted.

276.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 052 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

277.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

278.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

279.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

280.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

281.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 052 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

282.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action but denies that Defendant's counterclaims have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## COUNTERCLAIM XII

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,549,136

*(Against Plaintiffs 10x and Harvard)*

283.    10x incorporates by reference its responses to the paragraphs above.

284.    Admitted.

285.    Admitted.

286.    Admitted.

287.    Admitted.

288.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 136 Patent but denies that

Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

289.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 123.

290.    The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

291.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 136 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

292.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action but denies that Defendant's counterclaims have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## **COUNTERCLAIM XIII**

### **Declaratory Judgment of Invalidity of U.S. Patent No. 11,549,136**

*(Against Plaintiffs 10x and Harvard)*

293.    10x incorporates by reference its responses to the paragraphs above.

294.    Admitted.

295.    Admitted.

296.    Admitted.

297.    Admitted.

298.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 136 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

299.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

300.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

301.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

302.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

303.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 136 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

304.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action but denies that Defendant's counterclaims have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## <u>COUNTERCLAIM XIV</u>

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,299,767**

*(Against Plaintiffs 10x and Harvard)*

305.   10x incorporates by reference its responses to the paragraphs above.

306.   Admitted.

307.   Admitted.

308.   Admitted.

309.   Admitted.

310.   This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of valid and enforceable claims of the 767 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

311.   This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied. *See* Plaintiffs' First Amended Complaint and attachments/exhibits thereto. D.I. 123.

312.   The allegations of this paragraph are conclusions of law and characterizations of fact to which no response is required. To the extent that a response is required, 10x denies the allegations of this paragraph.

313.   10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 767 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

314.     10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action but denies that Defendant's counterclaims have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## COUNTERCLAIM XV

### Declaratory Judgment of Invalidity of U.S. Patent No. 11,299,767

*(Against Plaintiffs 10x and Harvard)*

315.     10x incorporates by reference its responses to the paragraphs above.

316.     Admitted.

317.     Admitted.

318.     Admitted.

319.     Admitted.

320.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, 10x admits that an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202 has arisen and exists between Plaintiffs and Defendant regarding Defendant's infringement of the valid and enforceable claims of the 767 Patent but denies that Defendant's allegations have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

321.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

322.     This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

323.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

324.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

325.    This paragraph states legal conclusions to which no response is required. To the extent that a response is required, the allegations in this paragraph are denied.

326.    10x admits that Defendant seeks a judicial determination of its rights and duties with respect to Plaintiffs' allegations of Defendant's infringement of the 767 Patent. Except as so admitted, 10x denies the remaining allegations of this paragraph.

327.    10x admits that a determination by this Court as to Plaintiffs' allegations in the First Amended Complaint and the remedies requested therein, including a determination as to Defendant's defenses and counterclaims, is appropriate and timely according to the procedural schedule set by the Court in this action but denies that Defendant's counterclaims have any merit. Except as so admitted, 10x denies the remaining allegations of this paragraph.

## COUNTERCLAIM XVI

### Infringement of the Zhuang '303 Patent

*(Against Plaintiff 10x)*

328.    10x incorporates by reference its responses to the paragraphs above.

329.    10x admits that Exhibit 8 to Vizgen's Amended Counterclaims purports to be a copy of the 303 Patent. 10x admits that the 303 Patent, on its face, has an issue date of August 24, 2021, is entitled "Systems and Methods for Determining Nucleic Acids," and was based on application No. 15/329,683 which purports to have entered the national stage on January 27, 2017, from International Application No. PCT/US2015/042556, filed July 29, 2015, and claims priority to (for example) U.S. Provisional No. 62/031,062, filed July 30, 2014.  10x admits that Xiaowei

Zhuang, Kok-Hao Chen, Alistair Boettiger, Jeffrey R. Moffitt, and Siyuan Wang are listed as the inventors on the face of the 303 Patent. 10x lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies them.

330.    Denied.

331.    10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

332.    10x lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and on that basis denies them.

333.    10x admits that the 303 Patent describes an alleged variation of smFISH using (1) "primary nucleic acid probes (also called encoding probes)" and (2) "secondary nucleic acid probes (also called readout probes)." *See*, *e.g.*, 303 Patent at 2:25-29. The "primary probes encode 'codewords' and bind to target nucleic acids in the sample" and "the secondary probes are used to read out the codewords from the primary probes." *Id.*, 8:1-6. The detection of optical signals from these probes generates a "pattern of binding or hybridization of the secondary nucleic acid probes" that "may be converted into a 'codeword'." *Id.*, 10:41-43. The claimed codewords of the 303 Patent are comprised binary 1s and 0s "where a value of 1 represents binding and a value of 0 represents no binding [in a given round of detection]." *Id.*, 10:43-46. 10x denies the remaining allegations of this paragraph.

334.    10x admits that it has made and used versions of the Xenium product as a part of its preparations to enter the United States market. 10x admits that it is currently promoting the Xenium product on its website. 10x admits that it commercially launched the Xenium product on or around December 8, 2022. 10x denies the remaining allegations of this paragraph.

335.     10x admits that Exhibit 9 purports to be a chart comparing the claims of the 303 Patent to materials, some of which relate to the accused Xenium product and others that do not. 10x specifically denies the allegations in that chart. 10x denies the remaining allegations of this paragraph.

336.     Denied.

337.     10x admits that it was aware on or around August 24, 2021, that the Asserted Vizgen Patent had issued. 10x denies the remaining allegations of this paragraph.

338.     10x admits that it was aware on or around August 24, 2021, that the Asserted Vizgen Patent had issued. 10x denies the remaining allegations of this paragraph.

339.     10x admits that it sent Vizgen a letter on May 2, 2022. 10x admits it was aware on or around August 24, 2021, that the Asserted Vizgen Patent had issued. 10x denies the remaining allegations of this paragraph.

340.     Denied.

341.     10x admits that it is currently promoting the Xenium product by providing materials describing the Xenium platform, including on its website. 10x denies the remaining allegations of this paragraph.

342.     Denied.

343.     Denied.

344.     Denied.

345.     Denied.

## COUNTERCLAIM XVII

### Conspiracy to Monopolize in Violation of 15 U.S.C. § 2

*(Against Plaintiffs 10x and Harvard)*

346.     10x incorporates by reference its responses to the paragraphs above.

347.    Denied.

348.    Denied.

349.    Denied.

350.    Denied.

351.    To the extent this paragraph contains legal conclusions or purports to characterize the decision of any court, no response is required.  To the extent a response is required, the allegations and selective quotes contained therein are denied as misleading and incomplete.  To the extent not otherwise addressed above, the allegations in this paragraph are denied.

352.    Denied.

353.    Denied.

354.    Denied.

355.    Denied.

356.    Denied.

357.    Denied.

**COUNTERCLAIM XVIII**

**Attempted Monopolization in Violation of 15 U.S.C. § 2**

*(Against Plaintiff 10x)*

358.    10x incorporates by reference its responses to the paragraphs above.

359.    Denied.

360.    Denied.

361.    Denied.

362.    To the extent this paragraph contains legal conclusions or purports to characterize the decision of any court, no response is required.  To the extent a response is required, the

allegations and selective quotes contained therein are denied as being misleading and incomplete.

To the extent not otherwise addressed above, the allegations in this paragraph are denied.

363.    Denied.

364.    Denied.

365.    Denied.

366.    Denied.

367.    Denied.

368.    Denied.

## COUNTERCLAIM XIX

**Violation of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16720 et seq.**

*(Against Plaintiffs 10x and Harvard)*

369.    10x incorporates by reference its responses to the paragraphs above.

370.    Denied.

371.    Denied.

372.    Denied.

373.    Denied.

374.    Denied.

375.    Denied.

## COUNTERCLAIM XX

**Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.**

*(Against Plaintiffs 10x and Harvard)*

376.    10x incorporates by reference its responses to the paragraphs above.

377.    Denied.

378.    Denied.

## COUNTERCLAIM XXI

### Mass. Gen. Law. Ch. 93A §§ 2 and 11 (Related to Misrepresentations)

*(Against Plaintiffs 10x and Harvard)*

379.    10x incorporates by reference its responses to the paragraphs above.

380.    Denied.

381.    Denied.

382.    10x admits, on information and belief that Dr. Church, through his lab and Harvard University, applied for grant funding in May 2009, under the "Centers of Excellence in Genomics Science" Program Announcement Number PAR-08-094. 10x denies the remaining allegations of this paragraph.

383.    Denied.

384.    Denied.

385.    Denied.

386.    Denied.

387.    10x admits, on information and belief that Dr. Church, through his lab and Harvard University, applied for grant funding in May 2009, under the "Centers of Excellence in Genomics Science" Program Announcement Number PAR-08-094. 10x states that the grant application attached as Exhibit 1 speaks for itself and that Vizgen's characterizations are vague, ambiguous, and incomplete and on that basis 10x denies them. 10x denies the remaining allegations of this paragraph.

388.    Denied.

389.    Denied.

390.    10x admits that ReadCoor, Inc. was founded based on George Church's work at Harvard. 10x denies the remaining allegations of this paragraph.

391.    10x admits that it announced in October 2020 that it had acquired all outstanding shares of ReadCoor. 10x denies the remaining allegations of this paragraph. .

392.    Denied.

393.    Denied.

394.    Denied.

395.    Denied.

396.    Denied.

397.    Denied.

### COUNTERCLAIM XXII

**Breach of Contract – Third-Party Beneficiary**

*(Against Plaintiffs 10x and Harvard)*

398.    10x incorporates by reference its responses to the paragraphs above.

399.    This counterclaim has been dismissed (D.I. 193) and no response from 10x is required.

400.    This counterclaim has been dismissed (D.I. 193) and no response from 10x is required.

401.    This counterclaim has been dismissed (D.I. 193) and no response from 10x is required.

402.    This counterclaim has been dismissed (D.I. 193) and no response from 10x is required.

403.    This counterclaim has been dismissed (D.I. 193) and no response from 10x is required.

404.    This counterclaim has been dismissed (D.I. 193) and no response from 10x is required.

405.    This counterclaim has been dismissed (D.I. 193) and no response from 10x is required.

406.    This counterclaim has been dismissed (D.I. 193) and no response from 10x is required.

407.    This counterclaim has been dismissed (D.I. 193) and no response from 10x is required.

408.    This counterclaim has been dismissed (D.I. 193) and no response from 10x is required.

## JURY DEMAND

409.    10x acknowledges Vizgen's request for a jury trial on its counterclaims and, pursuant to Federal Rule of Civil Procedure 38(b), 10x also demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

10x denies that Vizgen is entitled to any of the relief set forth in its Prayer for Relief.

## 10X'S DEFENSES TO DEFENDANT'S COUNTERCLAIMS

By listing any matter as a defense herein, 10x does not assume the burden of proving any matter about which Vizgen, or any other party, bears the burden of proof under applicable law.

## FIRST DEFENSE—FAILURE TO STATE A CLAIM

Vizgen's Amended Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE—INFRINGEMENT

Each of the asserted claims of the 10x Asserted Patents is infringed.

## THIRD DEFENSE—VALIDITY

Each of the asserted claims of the 10x Asserted Patents is valid and enforceable.

## FOURTH DEFENSE—NON-INFRINGEMENT OF THE 303 PATENT

10x has not infringed and is not infringing directly, indirectly, or in any other manner any valid and enforceable claim of the 303 Patent, either literally or under the doctrine of equivalents.

## SIXTH DEFENSE—INVALIDITY OF THE 303 PATENT

The claims of the 303 Patent are invalid for failing to comply with one or more of the requirements for patentability under, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112 *et seq.*, and the rules, regulations, and laws pertaining to those provisions, including the applicable provisions of Title 37 of the Code of Federal Regulations.

## SEVENTH DEFENSE—LIMITATION ON DAMAGES RELATING TO THE 303 PATENT

Vizgen's 303 Patent infringement claims and Prayer for Relief are limited by 35 U.S.C. § 287.

## EIGHTH DEFENSE—ADEQUATE REMEDY AT LAW FOR ALLEGED LIABILITY RELATING TO THE 303 PATENT

Vizgen is not entitled to equitable relief with respect to the 303 Patent under any theory because Vizgen has not and will not suffer irreparable harm, is not without adequate remedy at law, the balance of the hardships does not favor entry of an injunction, and/or public policy concerns weigh against any equitable relief.

## NINTH DEFENSE—NO EXCEPTIONAL CASE

Plaintiffs have not engaged in any conduct that would make this case exceptional and/or would entitle Vizgen to an award of attorneys' fees.

## TENTH DEFENSE—PREEMPTION, IMMUNITY, FIRST AMENDNMENT

Vizgen's Counterclaims are barred by the *Noerr-Pennington* doctrine, federal preemption, immunity and the First Amendment to the United States Constitution.

## ELEVENTH DEFENSE—MASS. GEN. LAWS c 93A

Vizgen's  Counterclaims under Mass. Gen. Laws c. 93A (Counterclaim V and XXI) is barred by Mass. Gen. Laws c. 93A § 3. """

## TWELTHE DEFENSE—JUSTIFICATION/PRIVILEGE

Vizgen's Counterclaims are barred because the alleged acts underlying the claims were performed in Counterclaim defendants' exercise of their own contractual rights and the privilege enjoyed by competitors to compete.

## THIRTEENTH DEFENSE—UNCLEAN HANDS

Vizgen's Counterclaims are barred by the doctrine of unclean hands.

## FOURTEENTH DEFENSE—LOCATION OF ALLEGED ACTS

Vizgen's Counterclaims are barred because the actions and transactions constituting the alleged unfair method of competition or the alleged unfair or deceptive act or practice did not occur primarily and substantially within the Commonwealth of Massachusetts.

## FIFTEENTH DEFENSE—STATUTE OF LIMITATIONS

Vizgen's  Counterclaims are barred by the statute of limitations.

## SIXTEENTH DEFENSE—WAIVER OR ACQUIESCENCE

Vizgen's Counterclaims are barred by the doctrine of waiver or acquiescence.

## SEVENTEENTH DEFENSE—LACK INJURY; NO LOSS OR DAMAGES; NO CAUSATION

Vizgen's Counterclaims are barred by Vizgen's failure to establish both factual causation and proximate causation. Vizgen's Counterclaims are also barred to the extent Vizgen has not injured by any alleged misconduct and has not accrued any form of monetary loss or loss to property.

## EIGHTEENTH DEFENSE—FAILURE TO MITIGATE DAMAGES

Vizgen's counterclaims are barred in whole or in part because it failed to mitigate its alleged damages, if any.

## NINETEENTH DEFENSE—CONSENT

Vizgen's counterclaims are barred in whole or in part because it has consented to the acts and practices alleged in the counterclaims.

## NINETEENTH DEFENSE—LACHES

Vizgen's counterclaims are barred in whole or in part by the doctrine of laches in that plaintiff has unreasonably delayed asserting its claims or alleged injuries and that delay has prejudiced 10x and Harvard.

## TWENTIETH DEFENSE—ESTOPPEL

Vizgen's counterclaims are barred in whole or in part because, as a result of its own acts and omissions, Vizgen is estopped in whole or in part from the relief that it seeks in its counterclaims.

## <u>TWENTY-FIRST DEFENSE—NO PUBLIC HARM (CAL. BUS. & PROF. CODE § 16720 ET SEQ)</u>

Vizgen's right to relief under at least Counterclaims XIX and XX are barred by the fact that there was no public harm arising from 10x's alleged violations of the law.

## <u>ADDITIONAL DEFENSES</u>

10x has not knowingly and intentionally waived any applicable defenses and reserves the right to assert, and hereby gives notice that it intends to rely on additional defenses as they become known to it, including through discovery, Vizgen's pre-trial disclosures, and evidence submitted in its case-in-chief. 10x reserves the right to amend this Answer to add, delete, or modify defenses based upon evidence or legal theories that may be disclosed through clarification of the Amended Counterclaims, additional motion practice, Vizgen's pre-trial disclosures, and evidence submitted in its case-in-chief. 10x has moved to dismiss Counterclaims XVII-XXII and will supplement its defenses should Vizgen be permitted to assert those Counterclaims in this action.

## <u>10X'S DECLARATORY JUDGMENT COUNTERCLAIMS</u>

Counterclaim Defendant 10x hereby alleges declaratory judgment counterclaims against Vizgen, Inc. ("Vizgen") and The President and Fellows of Harvard College ("Harvard").

## <u>NATURE OF ACTION</u>

1.     These are counterclaims for declarations of non-infringement, invalidity, and/or unenforceability of one or more claims of U.S. Patent No. 11,098,303 (the "303 Patent").

## <u>PARTIES</u>

2.     10x is a Delaware corporation with its principal place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.

3.     Vizgen is a Delaware corporation with its principal place of business at 61 Moulton Street, Cambridge, MA 02138.

4.      Harvard is a Massachusetts educational institution with a principal place of business in Cambridge, MA. Vizgen has asserted in its Counterclaims (CC ¶ 13) that Harvard is the owner and licensor of the 303 Patent.

## JURISDICTION AND VENUE

5.      This is an action for declaratory judgment of non-infringement, invalidity, and unenforceability of the 303 Patent arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*, and the Declaratory Judgment Act, 28 U.S.C §§ 2201-2202. An actual case and controversy exists under the Declaratory Judgment Act because Vizgen and Harvard have sued 10x asserting that the 303 Patent is valid, enforceable, and infringed by 10x, and 10x denies Vizgen's and Harvard's allegations.

6.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.

7.      This Court has personal jurisdiction over Vizgen and Harvard because Vizgen is a Delaware corporation and Harvard and Vizgen have availed themselves of this Court's jurisdiction when they filed the 303 Patent Counterclaim in this action.

8.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Vizgen is a Delaware corporation and Vizgen and Harvard filed their 303 Patent Counterclaim in this action.

## BACKGROUND

9.      In Vizgen and Harvard's Amended Counterclaim, Vizgen alleges that Harvard is the owner of the 303 Patent (CC ¶ 13).

10.     Vizgen's Sixteenth Counterclaim expressly accuses 10x of infringing the 303 Patent.

11.     As a result of Vizgen's actions and statements, including the filing and continued assertion of its Sixteenth Counterclaim, an actual and justiciable controversy exists between 10x and Vizgen with regard to the validity, infringement, and enforceability of the 303 Patent.

12.     A judicial declaration and determination is necessary and appropriate at this time given Vizgen's allegations and in order that 10x may ascertain its rights and duties with respect to the 303 Patent.

## COUNTERCLAIM I:  DECLARATORY JUDGMENT OF 10X'S NON-INFRINGEMENT OF U.S. PATENT NO. 11,098,303

13.     10x restates and incorporates by reference the denials, admissions, allegations, and defenses contained in its Answer, Defenses, and Counterclaims to Vizgen's Amended Counterclaims against 10x as if fully set forth herein. 10x further restates and incorporates by reference its allegations in paragraphs 1 through 12 of its Declaratory Judgment Counterclaims.

14.     In its Sixteenth Counterclaim, Vizgen has expressly accused 10x of infringing the 303 Patent.

15.     10x has not been and is not now infringing, directly or indirectly, literally or under the doctrine of equivalents, or willfully, any valid and enforceable claim of the 303 Patent.

16.     10x does not infringe any valid and enforceable claims of the 303 Patent at least because neither 10x nor anyone else has used or uses 10x's products to practice each and every step of the independent claims of the 303 Patent.

17.     For example, as properly construed, the 303 Patent claims require "producing a plurality of first hybridized complexes within a sample containing a plurality of different nucleic acid targets by exposing the sample to a plurality of different encoding nucleic acid probes, wherein each of the plurality of encoding nucleic acid probes comprises (i) a target sequence that specifically hybridizes to a different nucleic acid target or a different location of an identical

nucleic acid target of the plurality of different nucleic acid targets and (ii) one or more read sequences such that each of the plurality of first hybridized complexes comprises multiple encoding nucleic acid probes of the different encoding nucleic acid probes located in its different locations." The Accused Xenium Product does not practice this step as properly construed. The alleged "encoding probes" in the Accused Xenium Product do not comprise a target sequence that specifically hybridizes to a different nucleic acid target or a different location of an identical nucleic acid target of the plurality of different nucleic acid targets and "one or more read sequences such that each of the plurality of first hybridized complexes comprises multiple encoding nucleic acid probes of the different encoding nucleic acid probes located in its different locations" nor do they comprise the claimed read sequences that hybridize to the claimed readout nucleic acid probe literally or under the doctrine of equivalents.

18.     In addition, the Accused Xenium Product does not "produc[e] a plurality of readout probe-hybridized complexes by exposing each of the plurality of first hybridized complexes within the sample to a first readout nucleic acid probe, wherein the first readout nucleic acid probe comprises a first portion and a second portion, the first portion comprising a sequence that specifically hybridizes to one of the read sequences, and the second portion comprising a fluorescent signaling entity capable of producing a fluorescent signal" literally or under the doctrine equivalents.  The Accused Xenium Product does not produce the claimed first hybridized complex and cannot, therefore, expose the claimed first hybridized complex to the claimed readout nucleic acid probe. Vizgen has not identified what it contends is the accused "readout nucleic acid probe" and the Accused Xenium Product does not use the claimed "readout nucleic acid probe" at least because the Xenium product does not use a probe that comprises "a first portion and a second portion, the first portion comprising a sequence that specifically hybridizes to one of the read

sequences, and the second portion comprising a fluorescent signaling entity capable of producing a fluorescent signal." The Accused Xenium Product does not use "first readout nucleic acid probe[s]" that comprise at least a "first portion comprising a sequence that specifically hybridizes to one of the read sequences" on the alleged encoding probe or a "second portion comprising a fluorescent signaling entity capable of producing a fluorescent signal."

19.     As another non-limiting example, the Accused Xenium Product does not "detect[] a fluorescent signal from each of the plurality of readout probe-hybridized complexes" literally or under the doctrine of equivalents. The Accused Xenium Product does not produce the claimed plurality of readout probe-hybridized complexes as properly construed and, therefore, fluorescent signals are not detected from them. Xenium does not "detect[] a fluorescent signal from each of the plurality of" readout probe-hybridized complexes.

20.     As another non-limiting example, the Accused Xenium Product does not "remov[e] the fluorescent signal from each of the plurality of readout probe-hybridized complexes by inactivating the fluorescent signaling entity or removing the fluorescent signaling entity from each of the plurality of readout probe-hybridized complexes." The Xenium product does not produce the claimed plurality of readout probe-hybridized complexes and, therefore, fluorescent signals are not removed from them literally or under the doctrine of equivalents.

21.     As another non-limiting example, the Accused Xenium Product also does not "produc[e] a different plurality of readout probe-hybridized complexes by exposing the sample to a different readout nucleic acid probe, wherein the different readout nucleic acid probe comprise a first portion and a second portion, the first portion comprising a sequence that specifically hybridizes to one of the read sequences, and the second portion comprising a fluorescent signaling entity capable of producing a fluorescent signal" as properly construed.  The Accused Xenium

Product does not "produc[e] a plurality of readout probe-hybridized complexes" and does not expose the sample to the claimed "readout nucleic acid probe," "wherein the first readout nucleic acid probe comprises a first portion and a second portion, the first portion comprising a sequence that specifically hybridizes to one of the read sequences, and the second portion comprising a fluorescent signaling entity capable of producing a fluorescent signal." The Accused Xenium Product does not use the claimed "readout nucleic acid probe" as properly construed at least because the Accused Xenium Product does not use a probe that comprises "a first portion and a second portion, the first portion comprising a sequence that specifically hybridizes to one of the read sequences, and the second portion comprising a fluorescent signaling entity capable of producing a fluorescent signal" literally or under the doctrine of equivalents.

22.     In addition, as another non-limiting example, the Accused Xenium Product does not "detect[] a fluorescent signal from each of the different plurality of readout probe hybridized complexes" literally or under the doctrine of equivalents. Xenium does not produce the claimed "readout probe hybridized complexes" or the "different plurality of readout probe hybridized complexes" as properly construed. The Accused Xenium Product does not "detect[] a fluorescent signal from each of the different plurality of readout probe hybridized complexes" literally or under the doctrine of equivalents.

23.     As another non-limiting example, the Accused Xenium Product does not "remov[e] the fluorescent signal from each of the different plurality of readout probe hybridized complexes by inactivating the fluorescent signaling entity or removing the fluorescent signaling entity from each of the different plurality of readout probe hybridized complexes" for the same reasons it does not "remov[e] the fluorescent signal from each of the plurality of readout probe-hybridized complexes." The Accused Xenium Product does not produce the claimed "readout probe-

hybridized complexes" and does not remove any fluorescent signal from such complexes. The Accused Xenium Product does not remove the fluorescent signal from each of what Vizgen has identified as the different plurality of readout probe hybridized complexes, literally or under the doctrine of equivalents.

24.    As another non-limiting example, the Accused Xenium Product does not "produc[e] codewords representing the plurality of different nucleic acid targets at locations within the sample, wherein each of the codeword represents one of the plurality of different nucleic acid targets and comprises multiple binary values 1 and 0, wherein a value of 1 is obtained when the fluorescent signal is detected from one of the plurality of readout probe hybridized complexes or one of the different plurality of readout probe-hybridized complexes at a respective location within the sample while a value of 0 is obtained when the fluorescent signal is not detected from one of the plurality of readout probe-hybridized complexes or one of the different plurality of readout probe-hybridized complexes at the respective location within the sample" literally or under the doctrine of equivalents. As explained above, the Accused Xenium Product does not produce a plurality of readout probe hybridized complexes as claimed and does not detect fluorescent signals from one of the claimed plurality of readout probe hybridized complexes. The Accused Xenium Product also does not produce codewords as claimed by the 303 Patent. The 303 Patent claims producing a codeword from multiple encoding nucleic acid probes hybridized to the same target molecule. The 303 Patent claims, as properly construed, require codewords to be produced through the interaction of readout probes hybridized to read sequences of the multiple encoding nucleic acid probes hybridized to the target molecule. The "optical signatures" detected by the Accused Xenium product are not codewords comprised of "multiple binary values 1 and 0, wherein a value of 1 is obtained when the fluorescent signal is detected from one of the plurality of readout probe

hybridized complexes or one of the different plurality of readout probe-hybridized complexes at a respective location within the sample while a value of 0 is obtained when the fluorescent signal is not detected from one of the plurality of readout probe-hybridized complexes or one of the different plurality of readout probe-hybridized complexes at the respective location within the sample." The Accused Xenium Product does not use a binary value-based coding system and does not practice this step literally or under the doctrine of equivalents.

25.     As another non-limiting example, the Accused Xenium Product further does not "match[] the codewords with valid codewords in a codebook by comparing the codewords to the valid codewords in the codebook, and if one of the codewords is not matched with one of the valid codewords in the codebook, applying an error detection or correction system, matching the one of the codewords with another of the valid codewords in the codebook, or discarding the one of the codewords, wherein the codebook comprises the valid codewords of the plurality of nucleic acid targets." The accused Xenium product does not produce the claimed "codewords" and does not match the claimed codewords "with valid codewords in a codebook" as properly construed. The Accused Xenium Product also does not perform the claimed error-detection or error-correction step as properly construed. The Accused Xenium Product does not employ the claimed error detection or error correction system and does not "correct" the observed intensity values to match a codeword in a codebook as claimed.

26.     As another non-limiting example, the Accused Xenium Product does not "determin[e] the plurality of nucleic acid targets in the sample based on results from the matching step" literally or under the doctrine of equivalents. The Accused Xenium Product does not perform the claimed matching and does not determine the plurality of nucleic acid targets based on results from the matching step.

27.    Additionally, each of the claims of the 303 Patent are invalid and unenforceable as set forth below in Count II of 10x's Declaratory Judgment Counterclaims. An invalid claim cannot be infringed.

28.    In view of the Sixteenth Counterclaim against 10x, there is an actual controversy between Vizgen and 10x regarding the 303 Patent. Accordingly, a valid and justiciable controversy has arisen and exists between Vizgen and 10x with respect to the alleged infringement of the 303 Patent. 10x desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate so that the parties may ascertain their respective rights and duties.

29.    10x is entitled to a declaratory judgment that: (a) it has not infringed and is not infringing, literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the 303 Patent, and (b) it is not liable for any alleged infringement of the 303 Patent.

## COUNTERCLAIM II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,098,303

30.    10x restates and incorporates by reference the denials, admissions, allegations, and defenses contained in its Answer, Defenses, and Counterclaims to Vizgen's Amended Counterclaims against 10x as if fully set forth herein. 10x further restates and incorporates by reference its allegations in paragraphs 1 through 29 of its Declaratory Judgment Counterclaims.

31.    The claims of the 303 Patent are invalid for failure to comply with the conditions of patentability, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. For example, all claims of the 303 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 at least in view of U.S. Patent No. 10,829,814 ("Fan"), WO 2014/182528 (the "Cal Tech PCT"), and/or WO 2013/096851A1 ("Levner"), alone or in combination with U.S. Patent Application Publication

2010/0291557 ("Livak"), U.S. Patent No. 8,765,642 ("Curry"), Gunderson et al., "Decoding Randomly Ordered DNA Arrays," *Genome Res*. 14(5): 870-877 (2004) ("Gunderson"), US2007/0231824 ("Chee"), Raj, et al., "Imaging individual mRNA molecules using multiple singly labeled probes," *Nature Methods*, Vol. 5, Issue 10, Oct. 2008, pp. 877-879 ("Raj 2008"), Patent Publication No. US2010/0323348 ("Hamady"), and/or U.S. Patent 10,457,980 ("Cai") which disclose(s) and/or render obvious all elements of the claims of the 303 Patent.

32.     All of the claims of the 303 Patent are further invalid for failure to satisfy the requirements of 35 U.S.C. § 112. The specification of the 303 Patent fails to contain a written description of the claims or sufficient information to enable a person of ordinary skill in the art to practice the full scope of the claims. For example, all asserted claims of the 303 Patent are invalid for failing to provide the written description of and failing to enable a person of skill in the art to practice the step of "wherein each of the plurality of encoding nucleic acid probes comprises (i) a target sequence that specifically hybridizes to a different nucleic acid target or a different location of an identical nucleic acid target of the plurality of different nucleic acid targets." A person of ordinary skill in the art would not conclude that the applicant had invented or been in possession of the alleged invention including the full scope of how to design a system or method where each of the encoding probes successfully hybridizes to its target. The applicant also did not enable a person skilled in the art to use the claimed alleged invention commensurate in scope with the claims without undue experimentation. The specification does not teach one of skill in the art how to make or use a system where each of the encoding probes successfully hybridizes to its target. Moreover, undue experimentation is required to determine the operable embodiments. The applicant also neither enabled nor provided a working example of a system or method where each of the encoding probes successfully hybridizes to its target.

33.     Likewise, as another example, all asserted claims of the 303 Patent are invalid for lack of written description of and failing to enable a person of skill in the art to practice the step of "detecting a fluorescent signal from each of the plurality of readout probe-hybridized complexes." A person of ordinary skill in the art would not conclude that the applicant had invented or been in possession of the alleged invention including the full scope of how to design a system or method where each of the fluorescent signals of the claimed readout probe hybridized complex is detected. The applicant also did not enable a person skilled in the art to use the claimed alleged invention commensurate in scope with the claims without undue experimentation. The specification does not teach one of skill in the art how to make or use a system where each of the fluorescent signals of the claimed readout probe hybridized complex is detected. Moreover, undue experimentation is required to determine the operable embodiments. The applicant also neither enabled nor provided a working example of a system or method where each of the fluorescent signals of the claimed readout probe hybridized complex is detected.

34.     As another example, all of the 303 Patent claims are invalid for lack of written description of and failing to enable a person of skill in the art to practice the step of "removing the fluorescent signal from each of the plurality of readout probe-hybridized complexes by inactivating the fluorescent signaling entity or removing the fluorescent signaling entity from each of the plurality of readout probe-hybridized complexes." A person of ordinary skill in the art would not conclude that the applicant had invented or been in possession of the alleged invention including the full scope of how to design a system or method where each of the fluorescent signals of the claimed readout probe hybridized complex is removed. The applicant also did not enable a person skilled in the art to use the claimed alleged invention commensurate in scope with the claims without undue experimentation. The specification does not teach one of skill in the art how

to make or use a system where each of the fluorescent signals of the claimed readout probe hybridized complex is removed. Moreover, undue experimentation is required to determine the operable embodiments. The applicant also neither enabled nor provided a working example of a system or method where each of the fluorescent signals of the claimed readout probe hybridized complex is removed.

35.     As another non-limiting example, all of the Claims of the 303 Patent are invalid because the phrase "matching the codewords with valid codewords in a codebook by comparing the codewords to the valid codewords in the codebook, and if one of the codewords is not matched with one of the valid codewords in the codebook, applying an error detection or correction system, matching the one of the codewords with another of the valid codewords in the codebook, or discarding the one of the codewords" is indefinite. The 303 Patent fails to inform, with reasonable certainty, those skilled in the art about the scope of the invention. All Claims of the 303 Patent are invalid for lack of written description of and failing to enable a person of skill in the art to practice the method of "matching the codewords with valid codewords in a codebook by comparing the codewords to the valid codewords in the codebook, and if one of the codewords is not matched with one of the valid codewords in the codebook, applying an error detection or correction system, matching the one of the codewords with another of the valid codewords in the codebook, or discarding the one of the codewords." To the extent Vizgen alleges that this step is covered by a method that uses a probabilistic model to determine a most-likely assignment of a transcript based upon observed intensities, one of skill in the art would not understand that the named inventors of the 303 Patent, at the time the application was filed, invented or adequately disclosed such methods in the 303 Patent.

36.     Accordingly, a valid and justiciable controversy has arisen and exists between Vizgen and 10x with respect to the validity of the 303 Patent. 10x desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate so that the parties may ascertain their respective rights and duties.

37.     10x is entitled to a declaratory judgment that the claims of the 303 Patent are invalid and/or unenforceable.

## PRAYER FOR RELIEF

10x denies that Vizgen and Harvard are entitled to any relief whatsoever from either 10x or the Court, including the relief requested in paragraphs a - h of Vizgen's Prayer for Relief.

WHEREFORE, in addition to the relief requested by Plaintiffs in their Second Amended Complaint, 10x prays that the Court enter a judgment as follows:

A.     That Vizgen's Amended Counterclaims be dismissed with prejudice and Vizgen take nothing;

B.     That 10x and Harvard be awarded such other and further relief on Vizgen's Amended Counterclaims against 10x as the Court may deem appropriate;

C.     That judgment be entered in favor of 10x and Harvard against Vizgen on Vizgen's Amended Counterclaims against 10x;

D.     A declaration that the 303 Patent is not infringed;

E.     A declaration that the 303 Patent is invalid;

F.     That Vizgen be required to pay 10x's attorneys' fees and costs;

G.     A declaration that the case is an exceptional case and that Vizgen be required to pay Plaintiffs' attorneys' fees pursuant to 35 U.S.C. § 285;

H.      A judgment awarding 10x such other and further relief as the Court may deem just,

reasonable, and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Cameron P. Clark*

OF COUNSEL:

Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
TENSEGRITY LAW GROUP LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA  94065
(650) 802-6000

Ronald J. Pabis
Samantha Jameson
Kiley White
TENSEGRITY LAW GROUP LLP
8260 Greensboro Drive, Suite 260
McLean, VA  22102-3848
(650) 802-6000

July 31, 2023

Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for 10x Genomics, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 31, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 31, 2023, upon the following in the manner indicated:

James L. Higgins, Esquire                                              *VIA ELECTRONIC MAIL*
Pilar G. Kraman, Esquire
Maliheh Zare, Esquire
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
*Attorneys for Vizgen, Inc.*

David Bilsker, Esquire                                                  *VIA ELECTRONIC MAIL*
Adam B. Wolfson, Esquire
Sam Stake, Esquire
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
*Attorneys for Vizgen, Inc.*

Kevin P.B. Johnson, Esquire                                            *VIA ELECTRONIC MAIL*
Victoria F. Maroulis, Esquire
Andrew Bramhall, Esquire
Brian C. Cannon, Esquire
QUINN EMANUEL URQUHART & SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA  94065
*Attorneys for Vizgen, Inc.*

Angus Chen, Ph.D.                                                      *VIA ELECTRONIC MAIL*
Catherine T. Mattes, Esquire
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
*Attorneys for Vizgen, Inc.*

Patrick D. Curran, Esquire                              *VIA ELECTRONIC MAIL*
Eric D. Wolkoff, Esquire
Kathleen Marini, Esquire
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA  02199
*Attorneys for Vizgen, Inc.*

Michael J. Songer, Esquire                              *VIA ELECTRONIC MAIL*
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005-3807
*Attorneys for Vizgen, Inc.*

Henry Y. Huang, Esquire                                 *VIA ELECTRONIC MAIL*
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
*Attorneys for Vizgen, Inc.*

Kenneth L. Dorsney, Esquire                             *VIA ELECTRONIC MAIL*
Cortlan S. Hitch, Esquire
MORRIS JAMES LLP
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
*Attorneys for President and Fellows of
Harvard College*

Geoffrey M. Raux, Esquire                               *VIA ELECTRONIC MAIL*
Ruben J. Rodrigues, Esquire
Michael J. Tuteur, Esquire
FOLEY & LARDNER LLP
111 Huntington Avenue, Suite 2500
Boston, MA  02199
*Attorneys for President and Fellows of
Harvard College*

2

Sarah E. Rieger, Esquire                                        *VIA ELECTRONIC MAIL*
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI  53202
*Attorneys for President and Fellows of*
*Harvard College*


                                        /s/ *Cameron P. Clark*
                                        _____
                                        Cameron P. Clark (#6647)