IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Plaintiffs,<br><br>    v.<br><br>VIZGEN, INC.,<br><br>    Defendant. | C.A. No. 22-595 (MFK) |
| VIZGEN, INC.,<br><br>    Counterclaim-Plaintiff,<br><br>and<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Counterclaim-Plaintiff as to certain claims,<br><br>    v.<br><br>10X GENOMICS, INC.,<br><br>    Counterclaim-Defendant as to certain claims,<br><br>and<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Counterclaim-Defendant as to certain claims. | |

**STIPULATED FIRST SUPPLEMENTAL PROTECTIVE ORDER
TO GOVERN ACCESS TO SOURCE CODE**

10x Genomics, Inc. ("10x"), President and Fellows of Harvard College ("Harvard"), and Vizgen, Inc. ("Vizgen") (collectively, the "Parties") hereby stipulate and agree, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to the approval of the Court, to supplement the Stipulated Protective Order (D.I. 52) (the "Protective Order") and will govern the Parties' access to computer source code, as defined below in Section 1.1. The provisions of this First Supplemental Protective Order are in addition to the conditions and requirements of the Protective Order, all of which are expressly incorporated herein. All undefined capitalized terms herein shall have the same meaning as in the Protective Order.

1. **DEFINITIONS**

    1.1.    *Source Code*: The term "Source Code" shall mean extremely sensitive information or material representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms and structure of software or hardware designs, as well as bioinformatics algorithms or similar information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Source code includes source code, object code (*i.e.,* computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), any text written in any high-level programming language defining firmware and/or software functionalities implemented on an integrated circuit, microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all notes, annotations, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, and files containing source code in C, C++, BREW, Java ME, J2ME, assembler, digital signal processor

(DSP) programming languages, VHDL, Verilog, other HDL formats, and any other human readable text programming languages.

1.2. *Highly Confidential Outside Attorneys' Eyes Only – Source Code*: The term "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall mean information or material that a designating party believes, in good faith, embodies, contains, reflects, or refers to Source Code. Information and material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections, procedures, and requirements in the Protective Order governing Protected Material in addition to the protections, procedures, and requirements described herein.

**2. INSPECTION AND DESIGNATION OF SOURCE CODE**

2.1. <u>Introduction</u>.  To the extent production of source code becomes necessary in this case, including but not limited to the information described in Section 1.1, a Producing Party may designate such source code as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." Nothing in this Protective Order shall obligate the parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

2.2. Access to Source Code will be given only to the following SOURCE CODE QUALIFIED PERSONS: (i) persons authorized for disclosure of confidential information under paragraph 7.2 subsections (1), (2), (3), (4), (5), (7), and (8) and (ii) up to four (4) outside qualified consultants and/or qualified experts (i.e., not existing employees or affiliates of a party) retained for the purpose of this litigation and authorized for disclosure of confidential information under paragraph 7.2 subsection (6) of the Stipulated Protective Order who are also expressly identified to the Designating Party as seeking access to CONFIDENTIAL SOURCE CODE - ATTORNEY'S EYES ONLY INFORMATION, and subject to the following disclosure requirements.

      2.2.1.    For each of the Receiving Party's qualified consultants and/or qualified experts expressly identified to the Designating Party as seeking access to CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION, the Receiving Party's disclosure of the qualified expert's or consultant's educational and detailed employment history under paragraph 8.1 of the Protective Order to the Designating Party and shall also provide copies of the "Acknowledgement and Agreement To Be Bound By Protective Order and Supplement" attached as Exhibit A, that has been signed by that proposed expert.

      2.3.    <u>Protections</u>. Protected Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall be subject to all of the protections afforded to "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" information, including the provisions on Other Proceedings set forth in Section 10 and the Prosecution Bar set forth in Section 11, and may be disclosed only to the individuals to whom "OUTSIDE ATTORNEYS' EYES ONLY INFORMATION" may be disclosed and who have complied with Section 2.2 above.

      2.4.    <u>Procedure for Review of Source Code</u>.  Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's Outside Counsel of Record or another mutually agreed upon location.  The source code shall be made available for inspection on a secured computer (the "Source Code Computer"). The Source Code Computer shall be a stand-alone computer(s) (*i.e.*, the computer(s) may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet, and may not be connected to any printer or storage device other than the internal hard

disk drive of the computer without the consent of the supplier).  The Source Code Computer shall be a current vintage, Windows-based laptop or desktop computer having at least 4 gigabytes of memory, shall have a mouse, and a screen with a minimum size of twenty-one inches, and shall be connectable to a second screen supplied by the Receiving party at the Receiving party's option. The Source Code computer(s) shall be kept in a single secure location at an office(s) of the supplier's outside litigation counsel located in the Northern District of California, United States. The parties will meet and confer and work reasonably to determine a mutually convenient location. The Source Code Computer(s) may be password protected with disk encryption and shall have the Source Code stored on a hard drive contained inside the computer(s) or, at the supplier's election, otherwise accessible on the secure computer(s).  The Source Code Computers may be locked down so that additional peripheral devices cannot be connected to the Source Code Computers by the Receiving Party.  The Producing Party shall produce Source Code in computer searchable format on the secure computer(s).   The secure computer(s) shall at the Receiving party's request, include reasonable analysis tools appropriate for reviewing and searching the Source Code.  The Receiving Party's Outside Counsel and/or Experts may request that commercially available software tools for viewing and searching source code be installed on the secured computer, provided, however, that (a) where applicable, the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools, which approval shall not be unreasonably withheld; and (c) such other software tools can be used in a manner consistent with all of the protections herein.  At least seven (7) days in advance of the date upon which the Receiving Party wishes to have the  additional software tools available for use on the Source Code Computer, the Receiving Party shall:  (1) provide the Producing Party with a CD or DVD (or via other appropriate means, e.g., flash/thumb drive or file transfer) containing such licensed software

tool(s); or (2) direct the Producing Party to where the software tools may be obtained (e.g., online), with any specific intructions and/or requests for download onto the Source Code Computer.  For the purposes of clarity, the Parties agree that the Receiving Party need only provide appropriate software tools to the Producing Party one time and can reasonably expect that the software tools will remain available for use on the inspection computer thereafter without further notice by the Receiving Party.  To the extent that such tools record local working files or other records reflecting the work performed by the receiving party, such files and records shall not be reviewed, altered, or deleted by the supplier.  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code or sequence information onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code or sequence information review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code or sequence information.  The Receiving Party's Outside Counsel and/or Experts shall be entitled to take notes relating to the source code but may not copy the source code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.  Each page of any such notes containing source code information (and any additional notes, analyses, or descriptions relating thereto) must be marked as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

        2.5.       No copies shall be made of Source Code, whether physical, electronic, or otherwise, other than volatile copies necessarily made in the normal course of accessing the Source Code on the secure computer, except for: (1) print outs of reasonable portions of the Source Code in accordance with the provisions of paragraphs 2.6 and 2.7 of this First Supplemental Protective Order; and (2) such other uses to which the parties may agree or that the Court may order.  The

Receiving Party shall not use any outside electronic device to copy, record, photograph, or otherwise reproduce Source Code. "Reasonable portions of the Source Code" shall be limited to the portions that are necessary to understand a relevant feature of an accused product. The receiving party may not bring any electronic devices into the secured review room, including but not limited to, cameras, video recording equipment, sound recording equipment, smartphones, tablets, cellular telephones, laptops or computers, floppy drives, CDs, DVDs, USB-connectable devices, zip drives or any drives of any kind, peripheral equipment and/or other electronic recording media. No other written or electronic record of the Source Code is permitted except as otherwise provided in this paragraph. No notes shall be made or stored on the Source Code Computer, nor left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the supplier upon discovery, without reviewing the substance of the notes upon discovery. The Supplying Party may exercise personal supervision from outside the review room over the Receiving party when the receiving party is in the Source Code review room to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code is being created or transmitted in any way. Such supervision, however, shall not entail review of any work product generated by the Receiving Party, *e.g.*, monitoring the screen of the secure computer, monitoring any surface reflecting any notes or work product of the receiving party, or monitoring the key strokes of the Receiving Party. There will be no video supervision by any Supplying Party. The Supplying Party may employ security measures on the Source Code Computer such as physical measures to prevent or detect tampering with the Source Code Computer, disabling of communication ports and software functionality, data encryption, access logging limitations on access privileges by the Receiving Party, and specification and configuration of the operating system, so long as such measures do

not impact the normal operation of the reasonable analysis tools to be used for inspecting the Source Code.  The Receiving Party shall not attempt to circumvent any security measures implemented by the Supplying Party, under any circumstances.  In order to verify that its Source Code has not later been altered, the Supplying Party may benchmark the materials before and after they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computers.

      2.6.      The Source Code Computers shall be configured with a means for selecting Source Code for printing, as permitted herein.  No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code material, except that SOURCE CODE QUALIFIED PERSONS may select portions of the Source Code to be printed by the Supplying Party only when relevant to the claims and defenses in this litigation and reasonably necessary to facilitate the Receiving Party's preparation of filings with the Court, expert reports, contentions, pleadings, and hearing, deposition, or trial exhibits. SOURCE CODE QUALIFIED PERSONS shall not request Source Code to be printed that the Receiving Party has not reviewed on the Source Code Computer, or in order to review the Source Code elsewhere in the first instance, *i.e.*, as an alternative to reviewing the Source Code electronically on the Source Code Computer.  All original printed pages of Source Code shall be retained by the Supplying Party.  At the request of the Receiving Party, the Supplying Party shall, within three (3) business days, mail one (1) hard copy print out of the specific lines, pages, or files of the Source Code that the Receiving Party believes in good faith are necessary to understand a relevant feature of an accused product.  The Supplying Party and the Receiving Party shall meet and confer regarding any hard copies of the Supplying Party's Source Code requested by the Receiving Party that exceed 50 continuous pages. The Receiving Party shall be permitted to

receive a printout of 500 pages total from the Source Code Computer (per Supplying Party). If the Receiving Party reasonably believes that it is necessary to print more than set forth by these limits, the parties shall meet and confer in good faith to resolve the issue. If the Supplying Party objects in any manner to the production of the requested source code (*e.g.,* the request is too voluminous), it shall state its objection within an allotted three (3) business days pursuant to this paragraph. In the event of a dispute, the parties will meet and confer within five (5) business days of the objection being raised and if they cannot resolve it the parties will raise it with the Court.

      2.7.      To ensure the proper pages requested by the Receiving Party are printed, the Supplying Party shall provide the ability for the Receiving Party to save relevant files for printing as PDFs (preserving the line numbers and formatting using a program such as Notepad++) to a folder on the Source Code Computer for printing, or any other similar arrangement agreed to by the parties. Hard copy print outs of Source Code shall be provided on Bates numbered and watermarked or colored paper clearly labeled CONFIDENTIAL SOURCE CODE - ATTORNEY'S EYES ONLY INFORMATION on each page and shall be maintained by the receiving party's outside litigation counsel or SOURCE CODE QUALIFIED PERSONS in a secured locked area. To the extent that hard copy print outs of Source Code are maintained by a Receiving Party's qualified expert, the qualified expert shall store the hard copy print outs in a secure locked container located in the qualified expert's home office at all times when the hard copy print outs of Source Code are not in use. The receiving party may also temporarily keep the print outs at:

        1.    the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s) and during hours when the proceeding(s) are being conducted, but in no event overnight (except in the event the paper copies are

kept at the Court overnight because they were submitted/filed with the Court pursuant to this paragraph);

2. the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s) during hours when the deposition(s) are being conducted, but in no event overnight in a deposition room (during which time such Source Code shall be secured as otherwise required by the protective order); and,

3. any reasonably secure intermediate location reasonably necessary to transport the print outs (*e.g.,* a locked hotel room prior to a Court proceeding or deposition, or a secure carrier such as Fedex). For avoidance of doubt, an access-restricted location within the facilities of outside litigation counsel or a qualified expert, such as a conference room within an access restricted office while the print outs are being reviewed or used or a locked drawer or cabinet when the print outs are not in use, shall constitute a secured locked area. The Receiving Party shall exercise due care in limiting visual access to the print outs, maintaining the security of the print outs at these temporary locations, and transporting the print outs to and from these temporary locations. Moreover, no more than 20 continuous pages or 100 total pages may be shipped via Federal Express, or other similar carrier, in any one single container. For the avoidance of doubt, any shipment of the Supplying Party's Source Code in paper format that exceeds the limitations above would be required to be shipped in multiple containers. No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that:

A. At the Receiving Party's request, up to three (3) additional sets, for a total of four sets of printed Source Code (subject to the limitations in 2.7.3 above) may be requested and provided by the Supplying Party in a timely fashion. Printouts of Source Code may be made only by the Supplying Party, and such printouts must include (1) directory path information and filenames from which the Source Code Material came, and (2) line numbers;

B. One hard copy of the printed Source Code (subject to the limitations in 2.7.3 above) may be marked as an exhibit for a deposition, but shall not be provided to the reporter or attached to the deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. The printed copy of the source code shall be maintained by counsel for the party presenting the exhibit during the deposition in a secured locked area. All copies of any portion of Source Code in whatever form shall be securely destroyed if they are no longer in use;

C. A Receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document only to the extent necessary, provided that the Source Code documents are appropriately marked under the Protective Order, as Supplemented, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE - ATTORNEY'S EYES ONLY

INFORMATION; or (2) those pages containing quoted Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE - ATTORNEY'S EYES ONLY INFORMATION;

      D. To the extent permitted by the Court, the parties will seek permission to treat print outs of Source Code as physical exhibits that will be submitted to the Court in sealed and labeled envelopes. Notwithstanding the foregoing, the Supplying Party and the Receiving Party shall meet and confer to the extent that the Receiving Party believes that it is reasonably necessary to submit electronic copies of the Source Code as exhibits. To the extent that physical exhibits of the Source Code are not permitted by the Court, electronic copies of Source Code may be made to be included in documents and filings which, pursuant to the Court's rules, procedures and order(s), must be filed or served electronically. In either event, electronic copies of (i) excerpts, of less than 50 contiguous lines of Source Code, from the hard copy print outs of the Source Code, (ii) summaries and/or descriptions of the Source Code created by the Receiving Party, and (iii) testimony related to the Source Code (*e.g.*, deposition and/or hearing transcripts or videos) may be included, as reasonably necessary, in documents and filings that may be filed, submitted, and/or served electronically, but the Receiving Party shall include only such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to

the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. Notwithstanding the foregoing, the receiving party may file under seal printed Source Code with the Court without encryption. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order;

2.8. <u>Notice Prior to Review of Source Code</u>.  All persons who will review a Producing Party's "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" information on behalf of a Receiving Party, including a Receiving Party's Outside Counsel of Record, shall be identified in writing to the Producing Party at least two (2) days in advance of the first time that such person reviews such information. Such identification shall be in addition to any other disclosure required under the Protective Order.  The Receiving Party shall provide at least five (5) business days' notice to access the source code and make reasonable efforts to restrict its requests for access to the secure computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:30 p.m. local time at the reviewing location. Upon reasonable notice from the Receiving Party, the Supplying Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the computer outside of normal business hours. Such an expanded review period shall not begin earlier than 8:00 a.m. and shall not end later than 8:00 p.m. local time at the reviewing location. The parties are to cooperate in good faith such that maintaining the Source Code at the offices of the Supplying Party's outside litigation counsel shall not unreasonably hinder the Receiving Party's ability to

efficiently conduct the prosecution or defense in this investigation. The Receiving Party is entitled to inspect on as many separate occasions as reasonably needed within the timing procedures given above and the Court's Scheduling Order.

2.9. <u>Identification for Source Code Review</u>. All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a Receiving Party shall be identified in writing to the supplier at least five (5) calendar days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any disclosure required under this Protective Order. The supplier shall, at least two (2) calendar days prior to such review, provide the SOURCE CODE QUALIFIED PERSON conducting the review with information explaining how to start, log on to, and operate the secure computer in order to access the produced Source Code on the secure computer. For subsequent reviews by SOURCE CODE QUALIFIED PERSONS, the Receiving Party shall give at least two (2) business days (and at least 48 hours) notice to the supplier of such review. Advance notice for a subsequent review shall be sufficient when provided by 1:00 p.m. (local time at the location of the Source Code Computers) during the course of a review session, for such review to continue on the next subsequent business day. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state, by the United States Federal Government, or by the nation state of the authorized person's current citizenship. Access to the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.

2.10. Outside litigation counsel for the Receiving Party with custody of CONFIDENTIAL SOURCE CODE - ATTORNEY'S EYES ONLY INFORMATION shall maintain a source code log containing the following information: (1) the identity of each person

granted access to the CONFIDENTIAL SOURCE CODE -ATTORNEY'S EYES ONLY INFORMATION; and (2) the first date on which such access was granted. Outside litigation counsel for the Receiving Party will produce, upon request, each such source code log to the supplier within twenty (20) days of the final termination of the case and within twenty (10) days of any request for such a source code log from the Supplying Party.

2.11. <u>Final Disposition</u>.  Within sixty (60) days after the final disposition of this action, as defined in Section 4 of the Protective Order, the Receiving Party must serve upon the Producing Party the log and, at the Producing Party's option, either serve upon the Producing Party, or certify the destruction of, all paper copies of the Producing Party's source code.  In addition, all persons to whom the paper copies of the source code were provided must certify in writing that all copies of the source code were returned to the counsel who provided them the information and that they will make no use of the source code or of any knowledge gained from the source code in any future endeavor.

2.12. <u>Use of Source Code</u>. Access to and review of the source code shall be strictly for the purpose of investigating the claims and defenses at issue in this case. No person shall review or analyze any source code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing source code in this case in any other pending or future dispute, proceeding, or litigation.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER AND SUPPLEMENT

I, _____ [print or type full name], state:

I have been informed of and have reviewed the Stipulated Protective Order entered in this Case as well as the foregoing First Supplemental Protective Order To Govern Access to Source Code, and understand and agree to abide by their terms. I agree to keep confidential all information provided to me related to this case in accordance with the restrictions in the Stipulated Protective Order including the foregoing First Supplemental Protective Order To Govern Access to Source Code, and to be subject to the authority of the Court in the event of any violation or dispute related to this Protective Order.

Executed On_____.

_____ [Printed Name]

_____ [Signature]

OF COUNSEL:

TENSEGRITY LAW GROUP LLP
Matthew Powers
Paul Ehrlich
Stefani Smith
Robert Gerrity
Li Shen
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065

Samantha Jameson
Kiley White
Ronald J. Pabis
8260 Greensboro Drive, Suite 260
McLean, VA 22102-3848


OF COUNSEL:

QUINN EMANUEL URQUHART & SULLIVAN LLP

David Bilsker
Sam Stake
50 California Street, 22nd Floor
San Francisco, CA 94111

Kevin Johnson
Victoria Maroulis
Andrew Bramhall
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Cameron P. Clark*

Karen Jacobs (#2881)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for 10x Genomics, Inc.*


YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Pilar G. Kraman*

James L. Higgins (#5021)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jhiggins@ycst.com
pkraman@ycst.com

*Attorneys for Vizgen, Inc.*

|  |  |
|---|---|
| | MORRIS JAMES LLP |
| | */s/ Cortlan S. Hitch* |
| OF COUNSEL: | Kenneth L. Dorsney (#3726) |
| | Cortlan S. Hitch (#6720) |
| FOLEY & LARDNER LLP | 500 Delaware Avenue, Suite 1500 |
| | Wilmington, DE  19801-1494 |
| Geoffrey Raux | (302) 888-6800 |
| Ruben J. Rodrigues | kdorsney@morrisjames.com |
| Michael J. Tuteur | Chitch@morrisjames.com |
| 111 Huntington Avenue, Suite 2500 | |
| Boston, MA  02199 | *Attorneys for President and Fellows of* |
| (617) 342-4000 | *Harvard College* |

September 13, 2023

SO ORDERED  this 19th day of September, 2023

_____
The Honorable Matthew F. Kennelly
U.S. District Court Judge

18