# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
| Plaintiffs, | C.A. No. 22-595-MFK |
| v. | JURY TRIAL DEMANDED |
| VIZGEN, INC., | |
| Defendant. | |
| VIZGEN, INC., | |
| Counterclaim-Plaintiff, | |
| and | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
| Counterclaim-Plaintiff as to certain claims, | |
| v. | |
| 10X GENOMICS, INC., | |
| Counterclaim-Defendant as to certain claims, | |
| and | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
| Counterclaim-Defendant as to certain claims. | |

**LETTER TO THE HONORABLE MATTHEW F. KENNELLY
IN OPPOSITION TO 10X'S MOTION TO COMPEL
<u>FREEDOM TO OPERATE ANALYSES</u>**

Dear Judge Kennelly,

Vizgen, Inc. ("Vizgen") respectfully opposes 10x Genomics, Inc.'s ("10x") motion to compel (the "Motion") production of a privileged Freedom-to-Operate ("FTO") analysis conducted by the law firm Choate Hall & Stewart LLP ("Choate FTO"). D.I. 418. 10x seeks an order that Vizgen has waived its privilege over the substance of the Choate FTO analysis based on a *single sentence* in a memorandum provided to third parties ("Choate Memo"). Under the law, 10x has failed to demonstrate that this single sentence constitutes a privilege waiver that should require Vizgen to produce not only the Choate FTO analysis, but "all documents and communications concerning it." *Id.* at 1. Moreover, because Vizgen does not intend to rely on the Choate FTO for any purposes in this litigation, 10x's argument that the Choate FTO is directly relevant to 10x's claim of willful infringement is misplaced and incorrect. Similarly, there is no basis for 10x's contention that the Choate FTO analysis is relevant to Vizgen's antitrust counterclaims, as the analysis and Vizgen's factual basis for its counterclaims occurred years apart. For the reasons set forth below, 10x's request should be denied in its entirety.

**A.     The Choate FTO Analysis Is Privileged And Vizgen Has Not Waived That Privilege**

As the party seeking to obtain privileged information, 10x bears the burden of proving that Vizgen waived privilege over the Choate FTO. *Brigham & Women's Hosp. Inc. v. Teva Pharms. USA, Inc.*, 707 F. Supp. 2d 463, 469 (D. Del. 2010). In general, FTO analyses performed under the direction of counsel are privileged. *Sight Sciences, Inc. v. Ivantis, Inc.*, No. 21-1317-GBW-SRF, 2023 U.S. Dist. LEXIS 204811, at *4 (D. Del. July 3, 2023) (denying motion to compel production of FTO documents because "[a]ttorney-client privilege applies to communications involving technical information when they are made for the purpose of providing or obtaining legal advice") (quoting *First Quality Tissue, LLC v. Irving Consumer Prods., Ltd.*, No. 19-428-RGA, 2022 U.S. Dist. LEXIS 59809, at *3-4 (D. Del. Mar. 31, 2022)); *see also RTC Indus., Inc. v. Fasteners for Retail, Inc.*, No. 17-C-3595, 2020 U.S. Dist. LEXIS, at *37-38 (N.D. Ill. Mar. 24, 2020) (permitting privilege redactions for counseling related to product clearance or freedom to operate). 10x does not meaningfully dispute this general rule, nor can it. Instead, 10x argues that Vizgen waived privilege based on a single sentence in a document provided to third parties. 10x relies on two district court cases to support its position: *Gtech Corp. v. Sci. Games Int'l. Inc.*, No. 04-138-JJF, 2005 U.S. Dist. LEXIS 56099 (D. Del. Nov. 22, 2005), and *SSI Techs., LLC v. Dongguan Zhengyang Elec. Mech.*, No. 20-019-JDP, 2021 U.S. Dist. LEXIS 127204 (W.D. Wisc. July 8, 2021). D.I. 418 at 3. Neither of these cases apply to the facts here such that the general rule of privilege over FTO analyses should be disregarded.

For example, in *Gtech* the court found a waiver as to the substantive content of an FTO opinion based on a statement made to a potential buyer to obtain a competitive advantage in the marketplace. 2005 U.S. Dist. LEXIS 56099, at *2-3. In waiving the privilege, the court reasoned that Gtech should not be permitted to use the privilege as a sword and a shield – a sword to gain a competitive commercial advantage, and a shield offered by the privilege. *Id.* at *6 (finding it would be unfair to shield the contents of the FTO where "the content of those documents was disclosed voluntarily in an effort to gain an advantage in a competitive commercial endeavor"). Contrary to the facts of *Gtech*, Vizgen has not used the content of the Choate FTO analysis to assure or induce reliance on customers to obtain any such competitive advantage in a commercial

endeavor. Instead, the Choate law firm prepared the Choate FTO for Vizgen, generally discussing the 10x technology. *See generally*, D.I. 418, Ex. 1. And while Choate did provide one sentence regarding the Choate FTO stating that Choate "did not identify any meaningful FTO impediments to the commercialization of the MERFISH product[,]" as flagged by 10x (D.I. 418 at 1), Choate also expressly and affirmatively directed recipients of the document to acknowledge that they *should not* rely on the fact that Vizgen had obtained a FTO opinion, and that the FTO opinion was only for the benefit of Vizgen, and *no one else*. Choate also expressly indicated that the legal analysis of the FTO was *not* provided, and that the privilege was not waived. Specifically, Choate stated:

> We understand that you may decide to share this memorandum with third parties, including potential investors in Vizgen. We further understand that Vizgen intends to maintain the attorney-client privilege and related protections, and does not intend to waive them. For this reason, we have not stated our legal analysis in this memorandum. Any third party who receives this memorandum should be asked to acknowledge that it is **intended for information purposes only, it does not constitute legal advice, and it cannot be relied on by anyone other than Vizgen**. We are, of course, happy to speak with counsel for prospective investors to answer any questions concerning the facts and assumptions that underlie our FTO analysis.

D.I. 418, Ex. 1 at VIZ00319336 (emphasis added). This reservation of privilege and clear instruction to recipients of the Choate Memo *not* to rely on the memorandum is contrary to the facts upon which the court found waiver in *Gtech* (*i.e.*, because the FTO opinion there was used as a "tactical employment of [privilege]" to "gain a competitive advantage in the marketplace.") U.S. Dist. LEXIS 56099, at *6-7. Choate's disclaimer against reliance is markedly different and, under the analysis set forth in *Gtech*, cannot result in a waiver of any privilege.

10x also argues that *SSI Technologies, LLC v. Dongguan Zhengyang Electronic Mechanical, Ltd.*, 2021 U.S. Dist. LEXIS 127204 (W.D. Wisc. July 8, 2021), supports its waiver argument. D.I. 418 at 3. But the *SSI* case is also distinguishable from the facts here. In *SSI*, the defendant, DZEM, sent a letter to its customers announcing that an FTO had been performed, that the law firm found that DZEM's products did not infringe any patents, ***and*** included an excerpt of the FTO analysis in the letter to third parties. 2021 U.S. Dist. LEXIS 127204, at *4. The court found that because DZEM had included an excerpt of the FTO opinion, "SSI [was] entitled to see the remainder of the FTO." *Id.* at *4-5. Thus, the court's ruling turned entirely on DZEM's voluntary disclosure of a portion of the FTO to its customers. *Id*. Here, Vizgen has not quoted or otherwise excerpted the Choate FTO in communications with third parties, and also expressly indicated that it would *not* reveal any contents of the opinion. In short, 10x has not carried and cannot carry its burden as a matter of law to demonstrate that Vizgen has waived privilege as to the contents of the Choate FTO.

**B.      The Choate FTO Is Not Relevant To Any Claims In This Case**

10x also claims that the Choate FTO is relevant because it is evidence that "Vizgen's infringement of the 10x patents has been willful" and it allegedly "disproves" Vizgen's antitrust counterclaims. D.I. 418 at 1. Neither of these arguments is supported by the facts.

2

10x asserts that the Choate FTO is relevant because "Vizgen's infringement of the 10x patents has been willful." D.I. 418 at 1. Importantly, 10x ignores (or has chosen not to reveal to the Court) that Vizgen expressly stated to 10x that it does not intend to rely on the Choate FTO to defend against 10x's allegations of willfulness.[1] It is well settled that advice of counsel or FTO opinions are only relevant, and a waiver only occurs, when the accused infringer intends to rely on the analysis as a defense to willfulness. *See In re EchoStar Communs. Corp.*, 448 F.3d 1294, 1299 (Fed. Cir. 2006) ("Once a party announces that it will rely on advice of counsel, for example, in response to an assertion of willful infringement, the attorney-client privilege is waived."). Because Vizgen does not intend to rely on the Choate FTO, it is not relevant to the issue of willfulness.

10x next contends that Vizgen's decision to conduct the Choate FTO is relevant to and "undermines" Vizgen's antitrust allegation that in 2019 "it had 'been assured' by Harvard that 'it was receiving the particular intellectual property from Harvard that it needed to start its business and commercialize that MERSCOPE/MERFISH technology.'" D.I. 418 at 1 (citing D.I. 138 at 15, ¶ 2). This argument is a *non sequitur*; the allegation relates to statements made by Harvard, not Vizgen, more than two years before Vizgen obtained the Choate FTO. 10x does not, and cannot, tie Vizgen's obtaining the Choate FTO to any specific cause of action that it claims would be undermined by that analysis. *Id.* at Ex. 1. Vizgen's antitrust counterclaims detail 10x and Harvard's scheme to prevent legitimate competition in the market for single-cell spatial transcriptomics, and detail ***10x and Harvard's actions*** in furtherance of the anticompetitive scheme they perpetrated. The Choate FTO has no relevance to the significance of 10x and Harvard's statements and actions undertaken against Vizgen.

C. **10x Is Not Entitled To All Documents Relating To The Choate FTO**

Finally, 10x contends that it is entitled to "not only the Vizgen FTO Analysis but all documents and communications concerning it." D.I. 418 at 3. The Federal Circuit has ruled, however, that the scope of a waiver as to attorney work product protection is not as broad as the scope of an attorney client communications waiver. *In re EchoStar Communs. Corp.*, 448 F.3d at 1302 ("[W]ork product waiver is not a broad waiver of all work product related to the same subject matter like the attorney-client privilege."). Communications between a client and its attorney relating to an FTO and the FTO itself may be discoverable as relevant to the knowledge of the accused infringer. Any work product not communicated to the client is not discoverable, however, because "it provides little if any assistance to the court in determining whether the accused knew it was infringing." *See id.* at 1303, 1304. Thus, should 10x prevail on its Motion, it is not entitled to **all** documents relating to the Choate FTO without any limitation merely because it references or relates to the Choate FTO. Instead, if the Court determines that 10x is entitled to the Choate FTO itself, the Court should exclude from discovery any opinions of or documents from counsel that were not communicated to Vizgen.

For the reasons stated above, the Court should deny 10x's motion to compel production of the Choate FTO and all documents and communications relating to it. To the extent the Court grants 10x's motion, it should be limited in scope as set forth herein.

---

[1] Vizgen's position was provided to 10x during the meet and confer process for this Motion, and also by supplementation of an interrogatory response.

Respectfully submitted,

*/s/ Jennifer P. Siew*

Jennifer P. Siew (No. 7114)

cc: All Counsel of Record (via electronic mail)

4