**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Plaintiffs,<br><br>    v.<br><br>BRUKER SPATIAL BIOLOGY, INC. AND BRUKER NANO, INC.,<br><br>        Defendants. | C.A. No. 22-261-MFK |
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>        Plaintiffs,<br><br>    v.<br><br>VIZGEN, INC.,<br><br>        Defendant. | C.A. No. 22-595-MFK |
| BRUKER SPATIAL BIOLOGY, INC. AND BRUKER NANO, INC.,<br>        Plaintiffs,<br><br>    v.<br><br>10X GENOMICS, INC.,<br><br>        Defendant. | C.A. No. 22-1375-MFK |

**JULY 15, 2024 JOINT STATUS REPORT**

# TABLE OF CONTENTS

1.    595 Case: Pretrial and trial schedule for the 303 patent infringement counterclaims (Vizgen, Harvard, and 10x) ................................................................................. 1

2.    261 Case: Pretrial schedule (10x, Harvard, and Bruker) .................................................. 4

3.    1375 Case: Pretrial and trial schedule (10x and Bruker) .................................................. 7

4.    261 Case: Trial date adjustment in view of conflicts for 10x's lead counsel and two of 10x's anticipated testifying experts (10x, Harvard, and Bruker)....................................... 9

5.    261 Case: adjustment to Bruker's 85-hour deposition hours limit in view of the Vizgen 595 case deposition transcripts (10x, Harvard, and Bruker)............................................. 9

6.    1375 Case: Agreed adjustment to discovery limits now that the 1375 case is no longer coordinated with the 261 and 595 cases ........................................................................ 12

7.    595 and 261 Cases: update regarding agreed cross-use of discovery ............................. 12

Pursuant to this Court's July 8, 2024 Oral Order, the parties jointly submit the following joint status report.

The parties have met and conferred but have not been able to reach agreement on the following five disputed issues:

1. 595 Case: Pretrial and trial schedule for the 303 patent infringement counterclaims (Vizgen, Harvard, and 10x)

2. 261 Case: Pretrial schedule (10x, Harvard, and Bruker)

3. 1375 Case: Pretrial and trial schedule (10x and Bruker)

4. 261 Case: Trial date adjustment in view of conflicts for 10x's lead counsel and two of 10x's anticipated testifying experts (10x, Harvard, and Bruker)

5. 261 Case: adjustment to Bruker's 85-hour deposition hours limit in view of the Vizgen 595 case deposition transcripts (10x, Harvard, and Bruker)

The parties have reached agreement on the following two issues:

6. 1375 Case: adjustment to discovery limits now that the 1375 case is no longer coordinated with the 261 and 595 cases

7. 595 and 261 Cases: update regarding agreed cross-use of discovery

These items are all addressed in the corresponding numbered sections below.

## 1. 595 Case: Pretrial and trial schedule for the 303 patent infringement counterclaims (Vizgen, Harvard, and 10x)

### a. 10x's Position

10x proposes a schedule for Vizgen's 303 patent infringement counterclaims that will allow this Court to oversee the completion of expert discovery regarding the 303 patent before handing the 303 patent counterclaims to another judge from the District of Delaware in August 2025 to resolve summary judgment motions (in August-September 2025) and conduct the trial (in October 2025 or at that Court's convenience). 10x's proposed schedules for the Vizgen 303 patent

1

counterclaims and for all four trials across these three cases are attaced as **Attachment A** (showing how the deadlines fall for all four trials). The 595 case deadlines for the Church patent infringement claims and antitrust-related counterclaims are set by D.I. 447 and not disputed.

Because the 303 patent counterclaims will be tried by another judge from the District of Delaware, a trial date before the fall of 2025 is unlikely. Given that and the burden to 10x and Harvard of expediting the 261 case, 10x proposes staging the expert report deadlines for the 303 patent issues later than the current expert report deadlines for the other 595 case issues (the 10x/Harvard Church Patent infringement claims and Vizgen's antitrust-related counterclaims). The other 595 cases issues will already require expert reports from at least multiple technical and economic experts. Allowing all parties to focus on expert discovery for those issues in August-October 2024 before later turning to expert discovery for the 303 patent counterclaims in October 2024-January 2025 will save costs and help balance workloads for all parties and all parties' counsel.

Vizgen's proposal that the 303 patent counterclaims should be tried by this Court in March 2025 is not workable for reasons of both case management challenges and the burden to 10x and Harvard. *See* **Attachment B** (Vizgen's Proposed 303 Patent Schedule). As the Court is aware, 10x, Harvard, and Bruker are already working to compress the pretrial schedule for the 261 case so that this Court can try the 261 case (which has substantial overlap with the 595 case's Church patent claims and antitrust-related counterclaims) before this Court returns its Delaware cases to the District of Delaware judges around August 2025. Vizgen's proposal would force 10x and Harvard to prepare for and try another trial while they are still completing the post-trial briefing related to the first February 2025 trial in the 595 case and while they are briefing summary judgement and *Daubert* motions and preparing for trial in the 261 case. That would severely prejudice both 10x

and Harvard. Vizgen's reference to the UPC proceedings is a red herring—Vizgen's 303 patent counterclaims have no relevance to or overlap with any of the issues involved in 10x and Harvard's UPC patent infringement case against Vizgen.

**b.     Vizgen's Position**

In light of the Court's preference to try the '303 patent separately, Vizgen proposes the schedule in **Attachment B** for the 595 Case (with other cases shown for convenience).  Under this proposal, the current expert report, summary judgment, and motion in limine dates would remain the same, and the '303 patent trial would occur towards the end of March 2025, subject to the Court's availability.

Vizgen believes that the dates for expert reports and pretrial motions should remain unchanged because the parties are already addressing those deadlines for the 10x patents and antitrust counterclaims.  Some issues for those claims will overlap with the '303 patent, such as scope of relevant product markets and patents, and Harvard's licensing practices.  10x's proposal to postpone those dates would create inefficiency by requiring separate rounds of expert reports for the '303 patent, leading to six report deadlines, two separate rounds of summary judgment briefing, and extension of expert discovery by three months.  Harvard does not oppose keeping the existing schedule for expert reports.

Regarding the trial date, Vizgen proposes only a short delay for the '303 patent trial to ensure the Court can manage both trials to ensure consistency, and to resolve the 595 Case before co-pending UPC proceedings.  This Court previously accelerated trial in the 595 Case partly to allow for a jury verdict before a UPC decision in proceedings between 10x and Vizgen.  The UPC recently indicated that a hearing in those proceedings may now take place in March 2025.  Under 10x's proposal, trial of the '303 patent will not occur until seven months later, in October 2025, which would unnecessarily delay resolution of Vizgen's patent counterclaim.

c. **Harvard's Position**

Harvard does not join Vizgen's request to proceed with a March 2025 trial on issues related to the '303 Patent in view of the Court's prior statements concerning unavailability, as well as the need for Harvard and its counsel to prepare for the May 2025 trial in the '261 matter. Indeed, in view of expected post-trial motion practice in the '261 matter, Harvard believes that any trial prior to August 2025, at the earliest, would not be feasible. Harvard takes no position on whether 10x's proposed dates for the trial on issues related to the '303 Patent should be adopted, or whether the dates for such a trial should alternatively be set at some time in the future.

2. **261 Case: Pretrial schedule (10x, Harvard, and Bruker)**

a. **10x and Harvard's Position**

Following the Court's guidance to have the 261 case trial ready by May 19, 2025,[1] 10x and Harvard propose a schedule that closes fact discovery on September 25, 2024, completes expert discovery by January 2024 (before the Vizgen 595 trial), and has summary judgment and *Daubert* motion briefing submitted between late February 2025 and March 2025 (after the Vizgen 595 trial). 10x and Harvard's full proposed 261 case schedule is attached as **Attachment A**. This schedule gets the 261 case ready for trial by May 19 while also recognizing that counsel for 10x and for Harvard will be deeply involved in trial preparation and trial in the Vizgen 595 case during late January 2025 and early February 2025 (trial in the 595 case is set to begin February 3, 2025).

Bruker's proposed schedule (**Attachment C**)[2] would severely prejudice 10x and Harvard

---

[1] As addressed in item 4 of this joint status report, 10x respectfully requests a two-week shift of the 261 trial date to June 2025 because of conflicts that 10x's lead counsel and two of 10x's anticipated testifying experts have with the current May 19-29 trial window.

[2] Counsel for Bruker provided its proposed 261 schedule only 4 minutes before the 5:00 pm eastern time filing deadline for this joint status report, modifying Bruker's previous 261 proposed schedule that stacked multiple expert discovery deadlines on top of the Vizgen 595 case trial.

by giving 10x and Harvard only 3 weeks to prepare they rebuttal expert reports over the holiday period between December 20, 2024 and January 10, 2025. 10x and Harvard expect those 261 case rebuttal reports to include at least a substantial antitrust economist rebuttal report in addition to a substantial patent validity rebuttal report. The previously agreed joint proposed schedule for the 261 case that targeted an August 2025 trial date gave 10x and Harvard more than 6 weeks to prepare those substantial rebuttal reports. Cutting in half the time to prepare those reports (and stacking that time during the holiday season) would be completely unworkable for 10x and Harvard and their experts. Bruker also proposes a January 31, 2025 deadline for completing expert depositions. That timing is not workable in view of the February 3 595 case trial that will require the attention of 10x and Harvard's same counsel—it would force 10x and Harvard's same counsel to complete all of the expert depositions in the 261 case during the two weeks immediately proceeding the Vizgen 595 case trial when those same counsel need to be preparing for that trial. Ending fact discovery in time to complete expert discovery in the 261 case before the 595 case trial (as 10x and Harvard propose) avoids stacking deadlines on top of the Vizgen trial and preserves an appriate minimum of at least six weeks for 10x and Harvard to prepare their responsive expert reports.

Bruker argues that it needs more additional fact discovery time than 10x and Harvard's proposed 261 schedule provides. However, Bruker's argument ignores that the 261 case was only **1.5 months** away from the March 15, 2024 close of fact discovery when NanoString filed for bankruptcy on February 4, 2024. Case 261 D.I. 231 (scheduling order). Before the bankrtupcy stay, the parties' document productions (including email and ESI production) were already substantially completed and the case was ready to proceed to depositions. Bruker's acquisition of NanoString closed on May 6, 2024 and Bruker and its counsel have already had more than two months since

that time to restart and get back up to speed regarding this case. Bruker now also has the benefit of all the depositions taken in the 595 case, and Bruker agrees that it now needs only 45 hours of deposition time (rather than the 85 hours of depositions that would have needed to be completed by March 15 under the pre-stay scheduling order). 10x's proposal to complete fact discovery by September 25 (more than 2 additional months from now) is entirely reasonable given the substantial amount of fact discovery that was already completed prior to the stay and the two months that have already passed since Bruker's acquisition of NanoString and the lifiting of the bankruptcy automatic stay.

> b.    **Bruker's Position**

Bruker's proposed schedule follow's the Court's guidance to set trial to begin on May 19, 2025 and sets the close of fact discovery on November 22, 2024, completion of expert discovery by January 31, 2025, and has summary judgment and *Daubert* motion briefing submitted between March 2025 and April 2, 2025. Bruker's full proposed 261 case schedule is attached as **Attachment C**.

Bruker's proposal provides for sufficient time for discovery and is reasonable.  To date, the parties have not scheduled any additional depositions, and scheduling may be challenging for witnesses in light of the summer holiday season and given prior experience.  Plaintiffs rely on time that has already elapsed, but there is only one deposition scheduled.  Moreover, Plaintiffs only provided the deposition transcripts on July 8, 2025 following the Court's June 14, 2025 order directing 10x and Harvard to produce the existing deposition transcripts to Bruker.  The transcripts revealed the need for meaningful additional discovery because Vizgen's examinations were disproportionately weighted toward non-overlapping issues, including Vizgen's unique patents, defenses and counterclaims.

10x's proposed schedule attempts to prejudice Bruker for 10x's own convenience. 10x filed multiple lawsuits and its multiple law firms can manage more than one case at one time. Further, 10x can leverage its work on overlapping issues in the Vizgen case.

**3.    1375 Case: Pretrial and trial schedule (10x and Bruker)**

**a.    10x's Position**

10x proposes a schedule for the 1375 case (Bruker's patent infringement counterclaims) that will allow this Court to oversee the completion of fact and expert discovery in the 1375 case before handing the 1375 case to another judge from the District of Delaware in August 2025. That judge can then oversee summary judgment and *Daubert* motion briefing in the fall of 2025 and conduct the trial in early 2026 at that Court's convenience. 10x's proposed schedule for the 1375 case is attaced as **Attachment A**.

Because the 1375 case will be tried by another judge from the District of Delaware, a trial date before late 2025 or early 2026 is unlikely. 10x's proposed 1375 case schedule works around the numerous deadlines required to get the 595 and 261 cases ready for trial in February and May/June of 2025, while still having the 1375 case ready for trial before that anticipated late 2025 or early 2026 trial date. This Court recently de-coupled discovery in the 1375 case from the 261 and 595 cases, and 10x's proposed April 2025 close of fact discovery allows the parties to focus now on completing fact discovery in the 261 case and getting that case ready for trial before turning to complete fact discovery in the 1375 case in between the Vizgen 595 trial and the 261 case trial. 10x's proposed June-July 2025 timing for expert reports in the 1375 case simarly allows time for the parties to focus on trying the 261 case before turning to expert discovery in the 1375 case (while still allowing this Court to finish supervising fact and expert discovery in the 1375 case).

Although Bruker argues in connection with the 261 case schedule that Bruker needs more time to complete fact discovery and depositions than 10x's proposed schedule would permit, in Bruker's proposed 1375 case schedule Bruker would force the parties to also complete all of the 1375 case fact discovery and the 261 case fact discovery during the same fall 2024 time period. Bruker requested 70 hours per side of deposition time for the 1375 case now that it is de-coupled from the 261 case—significantly more than the 45 hours of deposition time that Bruker agreed to for the 261 case for which Bruker says it needs more time in the schedule. 10x's schedule will allow Bruker and its counsel to focus on completing the 261 fact discovery this fall before turning to 1375 case fact discovery and depositions in 2025.

Bruker's proposed 1375 schedule would also prejudice 10x by forcing 10x to complete expert discovery in the 1375 case between February and May 2025 (when 10x is also trying the Vizgen 595 case and preparing to try the 261 case) and to brief summary judgment and *Daubert* motions in May and June 2025 (when 10x is trying the 261 case and briefing post-trial motions in the 261 case). There is no reason to prejudice 10x in that way when trial in the 1375 case is not likely to be set until late 2025 or early 2026.

**b.    Bruker's Position**

10x seeks again to prioritize the trials it seeks to pursue while deferring Bruker's case unnecessarily.   Even if this Court hands this case back to the Delaware court next summer, there is no need to delay getting the case ready for trial unnecessarily.   10x had originally expressed it was ready for  trial by December 2024 – its desire to push that case almost a year with additional delays likely is unfair.

**4.     261 Case: Trial date adjustment in view of conflicts for 10x's lead counsel and two of 10x's anticipated testifying experts (10x, Harvard, and Bruker)**

**a.     10x's Position**

10x respectfully asks the Court whether the Court has any flexibility its May 19-29, 2025, proposed trial date for the 261 case. 10x's lead counsel (Matt Powers) has a trial in an arbitration matter May 12-16, 2025, 10x's anticipated patent damages testifying expert (Julie Davis) has another trial already set for the week of May 19, and 10x's anticipated technical testifying expert (Professor John Quackenbush) has immoveable work conflicts the week of May 26 related to Harvard's commencement and his role as department chair. To account for these conflicts, 10x respectfully requests that the 261 case trial be set for two weeks later (June 2-13, 2025) with a pretrial conference on or around May 23, 2025, if agreeable to the Court. Counsel for Bruker confirmed that Bruker does not have any conflicts during 10x's proposed alternative trial window of June 2-13.

**b.     Harvard's Position**

Harvard does not oppose 10x's request to adjust the trial date in the '261 case.

**c.     Bruker's Position**

Bruker takes no position on 10x's request to the Court to adjust the trial date in the '261 case.

**5.     261 Case: adjustment to Bruker's 85-hour deposition hours limit in view of the Vizgen 595 case deposition transcripts (10x, Harvard, and Bruker)**

**a.     10x and Harvard's Position**

Bruker's deposition hours limit in the 261 case should be reduced from 85 hours to 45 hours because more than 45 hours of the Vizgen case deposition time related to overlapping issues and because Bruker's counsel agreed that 45 hours of deposition time would be sufficient for

Bruker in the 261 case—indeed, 10x and Harvard believed the parties had reached agreement on this issue until shortly before the filing of this joint statement when Bruker's counsel stated that 10x and Harvard's deposition hours limit in the 261 case would also need to be reduced to 45 hours (even though 10x and Harvard have yet to depose a single NanoString or Bruker witness).

10x and Harvard diligently sought Bruker's proposal for how to adjust down Bruker's 85-hour deposition time limit in the 261 case in view of the Vizgen case deposition transcripts after this Court ordered Bruker to review those transcripts and provide its proposal at the June 14, 2024 teleconference.[3] On Friday July 12, Bruker finally made its proposal, proposing that Bruker receive 50 hours of deposition time in the 261 case. **Attachment D** (July email thread re: joint status report) at ECF stamp page 8 ("261: 50 hours of deposition time"). Although by 10x and Harvard's calculations of the time spent on overlapping issues in the Vizgen case depositions, 10x and Harvard believe 40 hours to be the more appropriate limit for Bruker (because more than 45 hours of Vizgen deposition time related to overlapping issues), 10x proposed a 45 hour limit to Bruker as an attempt to compromise and reach agreement. *Id*. at ECF page 7. Bruker's counsel indicated "I'm pretty confident we'll be very close or in agreement on all that." *Id*. at 6. However, shortly before the 5:00 pm eastern deadline for filing the joint status report, counsel for Bruker refused the 45-hour compromise, insisting (for the first time) that Harvard and 10x's deposition hours limit in the 261 case must also be reduced to 45 hours. *Id*. at 3.

10x and Harvard have yet to take a deposition of even a single NanoString or Bruker witness in the 261 case—nor did they depose any NanoString or Bruker witnesses in the Vizgen

---

[3] 10x and Harvard promptly offered to provide the 10x and Harvard party witness deposition transcripts to Bruker's counsel on June 14 provided Bruker agreed to treat them as Outside Attorneys Eyes Only information under the protective order. It was only non-party witness transcripts that were first provided to Bruker's counsel on July 8 following the July 8 teleconference.

595 case. There is no basis to reduce 10x and Harvard's 85-hour deposition time limit, nor has there ever been any discussion (let alone meet and confer) around reducing the 10x and Harvard side 261 case deposition hours limit. Because more than 45 hours of Vizgen's deposition questioning related to overlapping issues, Bruker's limit should be reduced to 40 hours. At most, because Bruker agreed that a 45 hour limit would be sufficient for its case, Bruker's limit should be set to 45 hours.

Accordingly, 10x and Harvard propose that paragraph 7(e)i. of the Scheduling Order (Case 261 D.I. 55) should be modified as below:

(e) Depositions.

i. Limitation on Hours for Deposition Discovery. The 10x and Harvard side in the 261 case is limited to a total of **85 hours** of taking fact testimony by deposition upon oral examination. The Bruker side in the 261 case is limited to a total of **40 hours** of taking fact testimony by deposition upon oral examination in view of the depositions already taken by Vizgen on overlapping issues in the 595 case. For depositions not taken during the NanoString bankruptcy stay, deposition time on overlapping issues will be counted against the total deposition time for Bruker (in the 261 case) and Vizgen (in the 595 case).

10x and Harvard have also asked Bruker to identify those witnesses from the set of Vizgen depositions that Bruker will agree not to seek to re-depose. Bruker has not agreed to provide such a list, and so appears to intend to re-depose many (if not all) of the 10x and Harvard (and perhaps non-party) witnesses who already sat for deposition in the Vizgen case.

11

   b.  **Bruker's Position**

   Plaintiffs' feign surpise that Bruker is proposing a revised deposition hours limit of 45 hours (subject to a good cause showing for more time) *for each side*. They wrongly claim they just learned about this. But Bruker has been consistent. Indeed, this morning at 9:33 am CT stated this directly: "For 261, Bruker can agree to 45 hours (subject to good cause) for each side." Bruker asked Plaintiffs to correct the factual misstatements in their section given the email record and, surprisingly, they have refused.

   On the merits of the issue, 10x and Harvard have provided no justification for why they should receive almost double the deposition time compared to Bruker. Indeed, Plaintiffs have taken depositions they plan to use in this case. Bruker will identify witnesses that it will not re-depose with more time to review the recently received transcripts after Plaintiffs provide an updated list of witnesses they will present at trial.

**6.  1375 Case: Agreed adjustment to discovery limits now that the 1375 case is no longer coordinated with the 261 and 595 cases**

   10x and Bruker have agreed to the following discovery limits for the 1375 case:

- Each side is limited to a total of **70 hours** of taking fact testimony by deposition upon oral examination in the 1375 case.
- A maximum of 35 interrogatories, including contention interrogatories, are permitted for each side (and this is a cumulative limit on the number of interrogatories that can be served by each side in the 261 or 1375 cases)
- A maximum of 75 requests for admission are permitted for each side (and this is a cumulative limit on the number of requests for admission that can be served by each side in the 261 or 1375 cases)

**7.  595 and 261 Cases: update regarding agreed cross-use of discovery**

   All requested deposition transcripts in the Vizgen case have been provided to Bruker. 10x, Harvard, Vizgen, and Bruker have reached agreement on language for amending the protective

ordrs in the 595 and 261 Cases to provide for cross-production and cross-use of document productions. The parties expect to submit the stipulated amended protective orders in the next couple of days.

Respectfully submitted,

RICHARDS, LAYTON & FINGER P.A.

/s/ *Jason J. Rawnsley*
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
RICHARDS, LAYTON & FINGER, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com

*Of Counsel:*
Matthew D. Powers
Paul T. Ehrlich
William P. Nelson
Stefani C. Smith
Robert Gerrity
Li Shen
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065

Azra M. Hadzimehmedovic
Aaron M. Nathan
Samantha A. Jameson
Ronald J. Pabis
Kiley White
Joanna R. Schacter
TENSEGRITY LAW GROUP, LLP

FARNAN LLP

/s/ *Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Of Counsel:*
Edward R. Reines
Derek C. Walter
Karnik F. Hajjar
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: 650-802-3000
Nanostring.10X@weil.com

Amanda Branch
Christopher Pepe
Kristin Sanford
Anne Corbett
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Nanostring.10X@weil.com

13

1676 International Dr.
Suite 910
McLean, VA 22102

10x_Harvard_NSTG_Service@tensegritylaw
group.com
10x_NSTG_Service@tensegritylawgroup.co
m

Marguerite M. Sullivan
Molly M. Barron
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200

***Attorneys for 10x Genomics, Inc.***

Eric S. Hochstadt
Natalie C. Kennedy
Yi Zhang
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Nanostring.10X@weil.com

Courtland L. Reichman
Savannah H. Carnes
REICHMAN JORGENSEN LEHMAN & FELDBERG
LLP
100 Marine Parkway, Suite 300
Redwood Shores, California 94065
Telephone: (650) 623-1401
Fax: (650) 623-1449
creichman@reichmanjorgensen.com
scarnes@reichmanjorgensen.com

Sarah Jorgensen
REICHMAN JORGENSEN LEHMAN & FELDBERG
LLP
1201 West Peachtree Street, Suite 2300
Atlanta, GA 30309
Telephone: (202) 894-7310
sjorgensen@reichmanjorgensen.com

Christine E. Lehman
REICHMAN JORGENSEN LEHMAN & FELDBERG
LLP
1909 K St, NW
Suite 800
Washington, DC 20006
Telephone: (202) 894-7310
clehman@reichmanjorgensen.com

***Counsel for Bruker Spatial Biology, Inc. and
Bruker Nano, Inc.***

MORRIS JAMES LLP

/s/ *Cortlan S. Hitch*
_____
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Avenue, Suite 1500

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Jennifer P. Siew*
_____
James L. Higgins (No. 5021)
Pilar G. Kraman (No. 5199)

Wilmington, DE  19801
(302) 888-6800
Kdorsney@morrisjames.com
Chitch@morrisjames.com

Of Counsel:
Geoffrey M. Raux, Esq.
Ruben J. Rodrigues, Esq.
Michael J. Tuteur, Esq.
Sarah E. Rieger, Esq.
Lea Gulotta James, Esq.
John W. Custer, Esq.
Foley & Lardner LLP
111 Huntington Avenue, Suite 2500
Boston, MA 02199
(617) 502-3284
(617) 502-3228
BOST-F-10Xv.Nanostring@foley.com

Sarah E. Rieger, Esq.
Foley & Lardner LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 319-7101
BOST-F-10Xv.Nanostring@foley.com

Jarren N. Ginsburg, Esq.
Foley & Lardner LLP
Washington Harbour
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 295-4071
jginsburg@foley.com

**Attorneys for President and Fellows of
Harvard College**

Dated: July 15, 2024

Jennifer P. Siew (No. 7114)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
jhiggins@ycst.com
pkraman@ycst.com
jsiew@ycst.com

*Attorneys for Defendant and
Counterclaim-Plaintiff Vizgen, Inc.*

*Of Counsel:*

David Bilsker
Adam B. Wolfson
Sam Stake
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
davidbilsker@quinnemanuel.com
adamwolfson@quinnemanuel.com
samstake@quinnemanuel.com

Kevin Johnson
Victoria Maroulis
Andrew Bramhall
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, CA 65 (650) 801-5000
kevinjohnson@quinnemanuel.com
victoriamaroulis@quinnemanuel.com
andrewbramhall@quinnemanuel.com

Angus Chen
Catherine T. Mattes
David D. LeRay
Andrew Tigchelaar
Neil Bhargav Setlur
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

(212) 849-7000
anguschen@quinnemanuel.com
catherinemattes@quinnemanuel.com
davidleray@quinnemanuel.com
andrewtigchelaar@quinnemanuel.com
bhargavsetlur@quinnemanuel.com

Patrick D. Curran
Eric D. Wolkoff
Kathleen Marini
Angela Nelson
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100
patrickcurran@quinnemanuel.com
ericwolkoff@quinnemanuel.com
kathleenmarini@quinnemanuel.com
angelanelson@quinnemanuel.com

Michael J. Songer
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600
michael.songer@whitecase.com

Henry Y. Huang
Tiffany Huynh
WHITE & CASE LLP
3000 El Camino Real
Palo Alto, CA 94306
(650) 213-0300
henry.huang@whitecase.com
tiffany.huynh@whitecase.com

Alexandra J. Cho
Samantha J. Kokonis
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
alexa.cho@whitecase.com
samantha.kokonis@whitecase.com

*Counsel for Vizgen, Inc.*