# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>   Plaintiffs,<br><br> v.<br><br>VIZGEN, INC.,<br><br>   Defendant.<br><br>VIZGEN, INC.,<br><br>   Counterclaim-Plaintiffs,<br><br> v.<br><br>10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>   Counterclaim-Defendants | C.A. No. 22-595-MFK |

**PLAINTIFFS' SUBMISSION REGARDING
[PROPOSED] JURY INTERROGATORIES FOR IMPLIED LICENSE
(IN RESPONSE TO ITEM NO. 5, ORAL ORDER, JANUARY 22, 2025)**

**Plaintiffs' Position:**

The Court requested a set of special interrogatories in view of the potential overlap in factual issues to be decided by the Jury with respect to Vizgen's Counts I (Breach of the Implied Covenant of Good Faith and Fair Dealing), V (Mass. Gen. Laws. Ch. 93A arising out of Breach of the Implied Covenant of Good Faith and Fair Dealing), and XXI (Mass. Gen. Laws. Ch. 93A arising out of the NIH Grant Theory). However, there is no overlap between the underlying facts to be considered with respect to Vizgen's Implied License Defense and these claims, as demonstrated by Vizgen's proposed special interrogatories. Accordingly, Plaintiffs object to the inclusion of any of the below special interrogatories as unnecessary to the adjudication of implied license.

However, should the Court still wish to pose special interrogatories regarding the factual basis for Vizgen's implied license defense to the jury, Plaintiffs have proposed language that is directed to facts that may be relevant to the Federal Circuit's requirements for Vizgen's implied license defense for at least the reasons described below. Plaintiffs reserve all rights regarding any factual or legal determinations that must be made by the Court in connection with Vizgen's implied license defense that do not overlap with determinations the jury must make in connection with above counterclaims.

Vizgen informed Plaintiffs they would not join this submission. Plaintiffs include both parties' proposals for convenience of the Court.

**Vizgen's Position:**

1.  In 2019, did Harvard know that Vizgen intended to commercialize a product [**Vizgen**: using Professor Xiaowei Zhuang's MERFISH technology] [**Plaintiffs**:[1] that would use the specific features now accused of infringing the Asserted Claims of the Church Patents]?

Yes: _____      No: _____

2.  In the 2019 license agreement between Harvard and Vizgen, did Harvard require Vizgen to commercialize [**Vizgen:** MERFISH] [**Plaintiffs**:[2] a product that would use the specific features now accused of infringing the Asserted Claims of the Church Patents]?

Yes: _____      No: _____

---

[1] **Plaintiffs' Position:** The special interrogatory cannot be directed at *any* commercialization of MERFISH, which is a set of technologies that is broader than the accused features, but necessarily at a commercialization that necessarily infringes the asserted claims. *See Endo Pharms., Inc. v. Actavis, Inc.*, 746 F.3d 1371, 1377-1378 (Fed. Cir. 2014) ("We begin with the well-established proposition, recognized in *TransCore*, that a patent license does not convey to the licensee 'an absolute right' to make, use, or sell a product 'because not even the patentee . . . is given that right.'" … "The doctrine of legal estoppel does not nullify these general principles." … "[W]e concluded that the patentee was legally estopped from asserting a patent whose claim scope fully encompassed that of the claims of one of the licensed patents." … "To avoid a wind-fall to the licensee, we expressly limited the implied license to the scope of the licensed claims." … "We reject Appellees' invitation to expand the implied license doctrine. You get what you bargain for. And we will not use the implied license doctrine to insert ourselves into that bargain and rewrite the contract.") (emphasis in original) (rejecting argument that *Transcore* permits implied license by legal estoppel beyond continuations or related patents and finding district court erred as a matter of law in finding legal estoppel). *See also Oyster Optics, LLC v. Infinera Corp.*, No. 2:19-cv-00257-JRG, 2021 WL 1109130, at *10 (Mar. 23, 2021 E.D. Tex.) (applying *Endo Pharms.*: "[T]he Federal Circuit has strongly rejected the notion that implied license applies beyond continuations when the license agreement in question is limited to enumerated patents." … "The Federal Circuit has made clear that the relevant inquiry is whether the asserted patent's 'claim scope fully encompasses that of the claims of one of the licensed patents.") (quoting *Endo Pharms.*).

[2] **Plaintiffs' Position:** See Plaintiffs' Position regarding Question 1.

3

3. **[Plaintiffs position**: interrogatory is redundant][3] Did Harvard accept money from Vizgen regarding the product Vizgen designed using [**Vizgen**: MERFISH technology] [**Plaintiffs:**[4] the specific features that are now accused of infringing the Asserted Claims of the Church Patents]?

Yes: _____     No: _____

4. **[Plaintiffs position**: interrogatory is redundant][5] Did Harvard receive any royalty payments from Vizgen for sales of products using **[Vizgen**: MERFISH technology] [**Plaintiffs**:[6] the specific features that are now accused of infringing the Asserted Claims of the Church Patents]?

Yes: _____     No: _____

5. **[Vizgen**: Did Vizgen inform Harvard that it had placed its product in an external lab in 2020?] [**Plaintiffs**:[7] Did Vizgen inform Harvard in 2020 that it had placed in an external lab a product that used the features now accused of infringing the Asserted Claims of the Church Patents?

Yes: _____     No: _____

---

[3] **Plaintiffs' Position:** There is no dispute in the case that Harvard accepted money relating to MERSCOPE. This question therefore has the same scope as Question 1 that seeks Harvard's awareness that Vizgen would commercialize a product that uses the accused features.
[4] **Plaintiffs' Position:** See Plaintiffs' Position regarding Question 1.
[5] **Plaintiffs' Position:** There is no dispute in the case that Harvard accepted royalty payments relating to MERSCOPE. This question therefore has the same scope as Question 1 that seeks Harvard's awareness that Vizgen would commercialize a product that uses the accused features.
[6] **Plaintiffs' Position:** See Plaintiffs' Position regarding Question 1.
[7] **Plaintiffs' Position:** See Plaintiffs' Position regarding Question 1.

6. [**Plaintiffs:** Before filing this lawsuit, did Harvard tell Vizgen that it could [**Vizgen:** not] commercialize the MERFISH technology Harvard licensed to Vizgen [**Vizgen:** because of the asserted Church patents] [**Plaintiffs**:[8] in a way that uses the specific features that are now accused of infringing the Asserted Claims of the Church Patents]?

Yes: _____        No: _____

---

[8] **Plaintiffs' Position:** See Plaintiffs' Position regarding Question 1.

5

## **FINAL PAGE OF THE JURY INTERROGATORIES**

You have now reached the end of the Interrogatories and should review the answers to ensure they accurately reflect your unanimous determinations. The presiding juror should then sign and date this document in the spaces below.

The presiding juror should retain possession of both the Interrogatories and the Verdict Form and bring these documents when the jury is brought back into the courtroom.


**Signature of Presiding Juror:**                                           **Date: February ___, 2025**


_____

Respectfully Submitted,

*Of Counsel:*
TENSEGRITY LAW GROUP LLP

Matthew D. Powers
Paul Ehrlich
William P. Nelson
Stefani Smith
Robert Gerrity
Li Shen
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065
Tel: (650) 802-6000

Azra M. Hadzimehmedovic
Aaron M. Nathan
Samantha A. Jameson
Ronald J. Pabis
Kiley White
Joanna R. Schacter
Parshad K. Brahmbhatt
Grace Gretes
1676 International Drive
Suite 910
McLean, VA 22102-3848
Tel: (650) 802-6000

10x_Vizgen_Service@tensegritylawgroup.com

LATHAM & WATKINS LLP
Marguerite M. Sullivan
Molly M. Barron
Christopher John Brown
Brian Barrows Goodell
Sahdia Khan
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
marguerite.sullivan@lw.com
molly.barron@lw.com
chris.brown@lw.com
brian.goodell@lw.com
sahdia.khan@lw.com

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Jason J. Rawnsley*
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
Gabriela Z. Monasterio (#7240)
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com
monasterio@rlf.com

*Attorneys for 10x Genomics*

Kelly Fayne
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
kelly.fayne@lw.com

Dated: January 24, 2025

| | |
|---|---|
| *Of Counsel*: | MORRIS JAMES LLP |
| | |
| Michael J. Tuteur | */s/ Cortlan S. Hitch* |
| Ruben J. Rodrigues | Kenneth L. Dorsney (#3726) |
| Geoffrey M. Raux | Cortlan S. Hitch (#6720) |
| Lea Gulotta James | 500 Delaware Ave., Suite 1500 |
| Lucas I. Silva | Wilmington, DE 19801-1494 |
| Amani S. Kmeid | (302) 888-6800 |
| James W. Matthews | kdorsney@morrisjames.com |
| FOLEY & LARDNER LLP | chitch@morrisjames.com |
| 111 Huntington Avenue | |
| Boston, MA 02199 | *Attorneys for President and Fellows of* |
| (617) 502-3284 | *Harvard College* |

Sarah E. Rieger
Kate E. Gehl
Ian T. Hampton
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-2400

Jarren N. Ginsburg
Alan D. Rutenberg
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 295-4071

Jared J. Braithwaite, Esq.
Maren Laurence, Esq.
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, Utah 84111
(801) 401-8920

Andrew M. Gross, Esq.
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
(312) 832-4532

BOST-F-10Xv.Vizgen@foley.com

Dated: January 24, 2025