**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,

Plaintiffs,

v.

VIZGEN, INC.,

Defendant.

C.A. No. 22-595-MFK

**PUBLIC VERSION**

**PLAINTIFFS' SUBMISSION REGARDING AFFIRMATIVE DEFENSES**

Pursuant to the Court's direction at the January 21, 2025 Status Hearing and the Court's January 22, 2025 Oral Order, Plaintiffs 10x Genomics, Inc. and the President and Fellows of Harvard College ("Harvard") respectfully submit this identification of affirmative defenses. For the Court's convenience, the chart in Exhibit A organizes Plaintiffs' affirmative defenses by their applicability to counterclaims asserted by Vizgen, Inc. and specifies whether each defense presents an issue for determination by the Court or the jury.

**1. Failure to State a Claim (Plaintiffs' First Defenses)[1]**

Plaintiffs' First Defense (Failure to State a Claim) applies to all of Vizgen's remaining counterclaims. Failure to state a claim is not an affirmative defense but identifies defects in

[1] The Defense numbers referenced herein correspond to the defenses pleaded in 10x's Answer to Vizgen's Amended Counterclaims to Plaintiffs' Second Amended Complaint (D.I. 466) and Harvard's Answer to Vizgen's Amended Counterclaims to Plaintiffs' Second Amended Complaint (D.I. 465).

Vizgen's prima facie case.[2] It is properly raised "in any pleading" per Federal Rule of Civil Procedure 12(h)(2)(A).

**2. Infringement (10x's Second Defense)**

10x's Second Defense (Infringement) applies to Vizgen's Counterclaim Nos. VI, VIII, X, XII, and XIV seeking declaratory judgment on infringement of the Asserted Patents. Plaintiffs will prove that Vizgen directly and indirectly infringes the asserted claims, which is an issue for the jury to decide.

**3. Validity (10x's Third Defense)**

10x's Third Defense (Validity) applies to Vizgen's Counterclaim Nos. VII, IX, XI, XIII, and XV seeking declaratory judgment on the validity of the Asserted Patents. Vizgen bears the burden of proving by clear and convincing evidence all invalidity issues. Indefiniteness is an issue for the Court to decide. All remaining asserted invalidity grounds are proper for the jury to decide.

**4. No Exceptional Case (10x's Ninth Defense)**

10x's Ninth Defense (No Exceptional Case) applies to Vizgen's Counterclaim Nos. VI, VII, VIII, IX, X, XI, XII, XIII, and XV seeking a declaratory judgment on the issues of infringement and validity of the Asserted Patents, and Vizgen's Counterclaim No. IV of tortious interference with advantageous business relations. Vizgen cannot show this is an exceptional case warranting an award of attorneys' fees under 35 U.S.C. § 285. Section 285 of the Patent Act authorizes courts to award reasonable attorneys' fees to the prevailing party in "exceptional cases." A case qualifies as exceptional when it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the

[2] The defenses identified as appropriate for the jury to decide are subject to the Court's ability to dispose of Vizgen's counterclaims on a Rule 50 motion if Vizgen has been heard on its counterclaims and the Court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for Vizgen on its claim.

case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Courts apply the same substantive standard to all claims under the Patent Act, regardless of whether they arise from a declaratory judgment action or an infringement counterclaim. *See CreAgri, Inc. v. Pinnaclife, Inc.*, No. 11-CV-06635, 2014 WL 2508386, at *6 (N.D. Cal. June 3, 2014) (analyzing § 285 equally in declaratory judgment context). The burden of proving a case is exceptional rests on the party seeking fees. *Id.* at 557; *Honeywell Int'l Inc. v. Fujifilm Corp.*, 708 F. App'x 682, 683 (Fed. Cir. 2018); Plaintiffs also assert "no exceptional case" as a defense.

Whether a case is exceptional is a matter committed to the sound discretion of the district court. *See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563-65 (2014); *Central Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983) (noting that "the question of whether a case is 'exceptional' is a factual determination for the trial judge"). The Court should decide this issue.

**5. Justification / Privilege (10x's Twelfth Defense)**

10x's Twelfth Defense (Justification / Privilege) applies to what remains of Vizgen's Tortious Interference Claim against 10x (Vizgen's Counterclaim No. IV). The Court held that "the only aspect of Count 4 that survives summary judgment is the claim of tortious interference with advantageous business relations arising from 10x's discounting practices vis-à-vis certain Vizgen customers." Memorandum Opinion and Order (D.I. 641). Improper motive or means is a necessary element of Vizgen's prima facie case of tortious interference. Justification and/or privilege—including the existence of valid business justifications for the acts—either rebuts the prima facie showing or is a defense. *Devlin v. WSI Corp.*, 833 F. Supp. 69, 78 (D. Mass. 1993) (citing *Steranko* v. *Inforex, Inc.*, 5 Mass. App. Ct. 253, 273, 362 N.E.2d 222 (1977)). Vizgen has not identified any specific Vizgen customers or customer contracts that are the alleged subject of 10x's alleged

tortious interference claim and has therefore failed to state a claim. 10x will also present evidence that its conduct vis-à-vis Vizgen's customers is within the normal realm of such competitive relationships. Section 768 of the Restatement (Second) of Torts recognizes that competitors, in certain circumstances, are privileged in the course of competition to interfere with others' prospective contractual relationships. *See Acumed LLC v. Advanced Surgical Servs.*, 561 F.3d 199, 215 (3rd Cir. 2009) (under section 768 a competitor does not interfere improperly with the other's relation if the actor does not employ wrongful means, does not create an unlawful restraint of trade and where the "purpose is at least in part to advance his interest in competing with the other.") *Id.* at 215. The defense of justification/privilege is a question for the jury.

**6. Lack of Injury; No Loss or Damages; No Causation (10x's Seventeenth Defense, Harvard's Fifth Defense)**

10x's Seventeenth Defense (Lack Injury; No Loss or Damages; No Causation) applies to Vizgen's Counterclaim No. IV of tortious interference with advantageous business relations. Vizgen bears the burden of proving that 10x's alleged conduct caused Vizgen to suffer economic harm from the canceled contract, an element of Vizgen's prima facie case of tortious interference. Vizgen must show economic harm that resulted directly from 10x's alleged improper interference. *See Bruno Int'l Ltd. v. Vicor Corp.*, 2015 U.S. Dist. LEXIS 123556, 2015 WL 5447652 (D. Mass. Sept. 16, 2015) *citing United Air Lines, Inc. v. Gregory*, 716 F. Supp. 2d 79, 87 (D. Mass. 2010). The evidence will show that to the extent Vizgen lost sales to Xenium, those lost sales were not caused by any improper motives or means of 10x but by a number of other factors including Xenium's superior performance compared to Vizgen's MERSCOPE product, 10x's superior customer support, the reputation of 10x in the industry, and the preexisting relationship between 10x and its customers.

Harvard asserts these same defenses in its Fifth Defense to Vizgen's Counterclaim Nos. I, V, and XXI for breach of the implied covenant of good faith and fair dealing, as well as violations of Mass. Gen. Law Ch. 93A §§ 2 and 11. Vizgen bears the burden of proving a causal nexus between Harvard's alleged conduct and any harm or damages Vizgen purportedly incurred. Vizgen will be unable to do so. *See, e.g., Medical Air Techn. Corp. v. Marwan Inv., Inc.*, 303 F.3d 11, 22 (1st Cir.2002) ("Without causation, there can be no claim for ... breach of the implied covenant of good faith and fair dealing."); *De Giovanni v. Jani-King Int'l, Inc.*, 262 F.R.D. 71, 81 (D. Mass. 2009) ("Chapter 93A claims require proof of the 'causal nexus' between a defendant's unfair business practice and the injury suffered by a plaintiff."). The evidence at trial will show that Vizgen was never promised any access to patent rights other than those specifically identified in the License Agreement it entered into with Harvard. The evidence will also show that Vizgen did not have any reasonable basis to presume that it did or would have access to other patents owned by Harvard that were not included in the License Agreement, or that it would not be liable to Harvard for infringement if it acted in a manner that infringed other patents owned by Harvard that were not included in the License Agreement. In addition, the evidence will show that, in growing its business and pursuing commercialization of its product, Vizgen did not know about or rely upon any purported promises or representations made by Harvard to the NIH. As a result, Vizgen will not be able to establish a causal connection between the damages it is seeking in this lawsuit and Harvard's conduct and, consequently, it cannot recover any such damages from Harvard.

Lack of injury, no loss or damages, and/or no causation are questions for the jury.

**7. Unclean Hands (Harvard's Fourth Defense)**

Harvard's Fourth Defense (unclean hands) applies to Vizgen's Counterclaim Nos. I, V, and XXI for breach of the implied covenant of good faith and fair dealing, as well as violations of

Mass. Gen. Law Ch. 93A §§ 2 and 11. This defense is based on the "equitable maxim that he who comes into equity must come with clean hands and keep them clean throughout the litigation." *Haft v. Dart Grp. Corp.*, 841 F. Supp. 549, 576 (D. Del. 1993). This means a claimant must show "fair dealing and righteous conduct with reference to matters concerning which they seek relief." *Monsanto Co. v. Rohm & Haas Co.*, 456 F.2d 592, 599 (3d Cir. 1972). The evidence at trial will prove that Vizgen failed to abide by its promises to Harvard to use the patents at issue to develop a product in a commercially reasonable manner, specifically in a manner that did not infringe patent rights for which Vizgen had no license. The evidence will further show that it was Vizgen's responsibility as the master of its own product development and strategy to ensure its related conduct was lawful. The infringing conduct for which Vizgen now seeks relief, including equitable relief in the form of an implied license, was a result of its own unclean hands.

This defense is a question for the Court.

**8. Limitation on Liability (Harvard's Seventh Defense)**

Harvard's Seventh Defense (limitation on liability) applies to Vizgen's Counterclaim Nos. I, V, and XXI for breach of the implied covenant of good faith and fair dealing, as well as violations of Mass. Gen. Law Ch. 93A §§ 2 and 11. At trial, Vizgen will present evidence seeking monetary damages from Harvard. Such damages are barred in significant part by Section 8.4 of the License Agreement between Harvard and Vizgen. The License Agreement governs the commercial relationship between Harvard and Vizgen and the parties' respective rights. Section 8.4.2 [REDACTED]

[REDACTED] Damages are limited to the amounts that have been paid to Harvard under the Agreement. In addition, Section 8.4.1 [REDACTED]

[redacted]

Limitation on Liability is a question for the Court, particularly should the jury award Vizgen damages that constitute indirect damages and/or damages that exceed the amount of payments made by Vizgen to Harvard under the License Agreement.

**9. Mass. Gen. Laws ch. 231, § 85K (Harvard's Eighth Defense)**

Harvard's Eighth Defense applies to Vizgen's Counterclaim No. XXI for violation of Mass. Gen. Law Ch. 93A §§ 2 and 11. Counterclaim No. XXI concerns purported promises Harvard made to the NIH in a grant application from 2009. Vizgen will present evidence seeking monetary damages from Harvard in connection with Harvard's purported failure to comply with those promises. Such damages are barred in significant part because of the statutory cap on liability imposed by Mass. Gen. Laws Ch. 231, § 85K. According to Section 85K, an entity's liability is capped at $20,000 for any tort committed in the course of an activity designed to directly accomplish its charitable purposes. The evidence at trial will prove that Harvard is an educational institution, and a non-profit with charitable goals to conduct research to benefit society. The evidence will show that Harvard's application to the NIH for a grant to conduct research and any conduct that was governed by the awarded grant (to the extent enforceable obligations were created) was done in furtherance of Harvard's charitable goals and was not commercial in nature. Therefore, Section 85K applies and Vizgen cannot receive the award it seeks based on its existing claim.

Whether Harvard qualifies for Section 85K is a question for the jury. *See Phipps v. Aptucxet Post No. 5988 V. F. W. Bldg. Ass'n, Inc.*, 7 Mass. App. Ct. 928, 929, 389 N.E.2d 1042, 1043 (1979); *Heinrich ex rel. Heinrich v. Sweet*, 118 F. Supp. 2d 73, 90 (D. Mass. 2000), *vacated sub nom. Heinrich v. Sweet*, 308 F.3d 48 (1st Cir. 2002). The application of the damages cap is a question for the Court, particularly should the jury award Vizgen damages in excess of $20,000.

### 10. Federal Preemption / The Noerr-Pennington Doctrine / First Amendment (Harvard's Tenth Defense)

Harvard's Tenth Defense (federal preemption/Noerr-Pennington) applies to Vizgen's Counterclaim Nos. I, V, and XXI for breach of the implied covenant of good faith and fair dealing, as well as violations of Mass. Gen. Law Ch. 93A §§ 2 and 11. A party who petitions the government for redress (*e.g.*, by filing a complaint or applying g for a patent) is generally immune from certain types of liability because such activity is protected by the First Amendment. *Magnetar Techs. Corp. v. Six Flags Theme Parks Inc.*, No. 07-127-LPS, 2011 U.S. Dist. LEXIS 16485 (D. Del. Feb. 18, 2011). This immunity is referred to as the *Noerr-Pennington* doctrine and extends to parties who petition the government, including commencing litigation. *Id*. at *6 (citing *Abbot Labs v. Teva Pharms. USA, Inc.*, 432 F. Supp. 2d 408, 424 (D. Del. 2006)). In addition, state law claims asserted against a patent holder "based on enforcing a patent in the marketplace, are 'preempted' by federal patent laws, unless the claimant can show that the patent holder acted in 'bad faith' in the publication or enforcement of its patent." *Wilco AG v. Packaging Techs. & Inspection LLC*, 615 F. Supp. 2d 320, 325 (D. Del. 2009) (quoting *800 Adept., Inc. v. Murex Secs. Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008)). Here, the evidence will show that Vizgen is using state law claims to recover damages from Harvard based on Harvard's assertion of lawfully obtained patent rights against Vizgen for infringement. Because state law claims seeking liability based on Harvard's assertion of validly obtained patents are preempted under federal law, Vizgen cannot recover.

Federal preemption and the application of the Noerr-Pennington doctrine are questions for the Court.

### 11. Actions in Accordance with Law / Mass Gen. Laws ch. 93A, § 3 (Harvard's Eleventh Defense)

Harvard's Eleventh Defense (actions in accordance with law) applies to Vizgen's Counterclaim Nos. V and XXI for violations of Mass. Gen. Law Ch. 93A §§ 2 and 11.

Massachusetts General Law Chapter 93A, §3 states that "[n]othing in this chapter shall apply to transactions or actions otherwise permitted under laws as administered by any regulatory board or officer acting under statutory authority of the commonwealth or the United States." The evidence presented at trial will show that Harvard obtained and prosecuted the patents asserted against Vizgen under the auspices of the U.S. Patent and Technology Office ("USPTO") and within the strictures of Title 37 of the Code of Federal Regulations, and subject to the rules and requirements set forth in the Manual of Patent Examining Procedure. In fact, the USPTO approved the issuance of the patents being asserted and the claims of those patents. In addition, the evidence will show that Harvard's grant application to the NIH and its conduct under the awarded grant was affirmatively permitted under the constructs of Bayh-Dole. To the extent Vizgen seek to prove that Harvard is liable under Chapter 93A based in whole or in part on the manner in which it obtained and prosecuted the patents being asserted in this lawsuit, or based on the purported promises it made to the NIH and its compliance therewith, such liability is barred under Chapter 93A, § 3.

This question is for the Court.

**12. Failure to Mitigate (Harvard's Fifteenth Defense)**

Harvard's Fifteenth Defense (failure to mitigate) applies to Vizgen's Counterclaim Nos. I, V, and XXI for breach of the implied covenant of good faith and fair dealing, as well as violations of Mass. Gen. Law Ch. 93A §§ 2 and 11. As noted above, Vizgen will present evidence seeking damages tied to losses purportedly incurred in connection with efforts to develop and commercialize a product utilizing patents licensed from Harvard. Under applicable law, a "party has a general duty to mitigate damages if it is feasible to do so." *Brzoska v. Olson*, 668 A.2d 1355, 1367 (Del. 1995). The evidence to be adduced at trial will show that Vizgen was aware—or should have been aware—that its develop and commercialization efforts could ultimately lead to claims

of infringement of patent rights it did not have. Instead of acting in a commercially reasonable manner and taking steps to avoid infringement, Vizgen steered its product development and strategy (including its litigation strategy) in a way that has exacerbated its purported damages.

Mitigation of damages is a factual question for the jury to determine.

Respectfully Submitted:

*Of Counsel:*
TENSEGRITY LAW GROUP LLP

Matthew D. Powers
Paul Ehrlich
William P. Nelson
Stefani Smith
Robert Gerrity
Li Shen
555 Twin Dolphin Drive
Suite 650
Redwood Shores, CA 94065
Tel: (650) 802-6000

Azra M. Hadzimehmedovic
Aaron M. Nathan
Samantha A. Jameson
Ronald J. Pabis
Kiley White
Joanna R. Schacter
Parshad K. Brahmbhatt
Grace Gretes
1676 International Drive
Suite 910
McLean, VA 22102-3848
Tel: (650) 802-6000

10x_Vizgen_Service@tensegritylawgroup.com

LATHAM & WATKINS LLP
Marguerite M. Sullivan
Christopher John Brown

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Jason J. Rawnsley*
Frederick L. Cottrell, III (#2555)
Jason J. Rawnsley (#5379)
Alexandra M. Ewing (#6407)
Gabriela Z. Monasterio (#7240)
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
rawnsley@rlf.com
ewing@rlf.com
monasterio@rlf.com

*Attorneys for 10x Genomics*

Brian Barrows Goodell
Sahdia Khan
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
(202) 637-2200
marguerite.sullivan@lw.com
chris.brown@lw.com
brian.goodell@lw.com
sahdia.khan@lw.com

Kelly Fayne
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 391-0600
kelly.fayne@lw.com

Dated: January 24, 2025

*Of Counsel*:

Michael J. Tuteur
Ruben J. Rodrigues
Geoffrey M. Raux
Lea Gulotta James
Lucas I. Silva
Amani S. Kmeid
James W. Matthews
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
(617) 502-3284

Sarah E. Rieger
Kate E. Gehl
Ian T. Hampton
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-2400

Jarren N. Ginsburg
Alan D. Rutenberg
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street NW, Suite 600
Washington, DC 20007

MORRIS JAMES LLP

*/s/ Cortlan S. Hitch*
Kenneth L. Dorsney (#3726)
Cortlan S. Hitch (#6720)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
kdorsney@morrisjames.com
chitch@morrisjames.com

*Attorneys for President and Fellows of Harvard College*

(202) 295-4071

Jared J. Braithwaite, Esq.
Maren Laurence, Esq.
FOLEY & LARDNER LLP
95 S. State Street, Suite 2500
Salt Lake City, Utah 84111
(801) 401-8920

Andrew M. Gross, Esq.
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
(312) 832-4532

BOST-F-10Xv.Vizgen@foley.com

Dated: January 24, 2025

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2025, copies of the foregoing were served upon the following parties as indicated below:

| | |
|---|---|
| James L. Higgins (No. 5021)<br>Pilar G. Kraman (No. 5199)<br>Jennifer P. Siew (No. 7114)<br>YOUNG, CONAWAY, STARGATT & TAYLOR LLP<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>YCST_vizgen@ycst.com<br><br>David Bilsker<br>Adam B. Wolfson<br>Sam Stake<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, California 94111<br>(415) 875-6600<br><br>Brian C. Cannon<br>Kevin P.B. Johnson<br>Victoria F. Maroulis<br>Andrew Bramhall<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>555 Twin Dolphin Dr., 5th Floor<br>Redwood Shores, California 94065<br>(650) 801-5000<br><br>Angus Chen, Ph.D.<br>Catherine T. Mattes<br>David D. LeRay<br>Andrew Tigchelaar<br>Neil Bhargav Setlur<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>295 5th Avenue<br>New York, NY 10016<br>(212) 849-7000<br><br>Patrick D. Curran<br>Eric D. Wolkoff<br>Kathleen Marini<br>Angela Nelson | **Via E-mail**<br>vizgen@quinnemanuel.com<br>YCST_vizgen@ycst.com<br>wcvizgen-10xservice@whitecase.com<br>cicero@chipmanbrown.com |

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>111 Huntington Avenue, Suite 520<br>Boston, MA 02199<br>(617) 712-7100<br><br>vizgen@quinnemanuel.com<br><br>Michael J. Songer<br>WHITE & CASE LLP<br>701 Thirteenth Street, NW<br>Washington, DC 20005<br>(202) 626-3647<br>wcvizgen-10xservice@whitecase.com<br><br>Henry Y. Huang<br>Tiffany T. Huynh<br>Hallie Kiernan<br>WHITE & CASE LLP<br>3000 El Camino Real<br>Palo Alto, CA 94306<br>(650) 213-0383<br>wcvizgen-10xservice@whitecase.com<br><br>Alexandra J. Cho<br>Samantha J. Kokonis<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 819-8200<br>wcvizgen-10xservice@whitecase.com<br><br>Joseph B. Cicero<br>CHIPMAN BROWN CICERO & COLE, LLP<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, DE 19801<br>(302) 295-0191<br>cicero@chipmanbrown.com<br><br>***Attorneys for Defendant Vizgen, Inc.*** | |
| Kenneth L. Dorsney (#3726)<br>Cortlan S. Hitch (#6720)<br>**MORRIS JAMES LLP**<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801 | **Via E-mail**<br>kdorsney@morrisjames.com<br>chitch@morrisjames.com<br>BOST-F-10Xv.Vizgen@foley.com |

(302) 888-6800
Kdorsney@morrisjames.com
Chitch@morrisjames.com

Geoffrey M. Raux, Esq.
Ruben J. Rodrigues, Esq.
Michael J. Tuteur, Esq.
Lea Gulotta James, Esq.
Lucas I. Silva, Esq.
Amani S. Kmeid, Esq.
**FOLEY & LARDNER LLP**
111 Huntington Avenue, Suite 2500
Boston, MA 02199
(617) 502-3284
(617) 502-3228

Sarah E. Rieger, Esq.
Kate E. Gehl, Esq.
Ian T. Hampton, Esq.
**FOLEY & LARDNER LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-2400

Jarren N. Ginsburg, Esq.
Alan D. Rutenberg, Esq.
**FOLEY & LARDNER LLP**
Washington Harbour
3000 K Street NW, Suite 600
Washington, DC 20007
(202) 295-4071

Jared J. Braithwaite, Esq.
Sydney K. Hecimovich, Esq.
Maren Laurence, Esq.
**FOLEY & LARDNER LLP**
95 S. State Street, Suite 2500
Salt Lake City, Utah 84111
(801) 401-8920

Andrew M. Gross, Esq.
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654
(312) 832-4532

| | |
|---|---|
| BOST-F-10Xv.Vizgen@foley.com<br><br>***Attorneys for President and Fellows of Harvard College*** | |

*/s/ Gabriela Z. Monasterio*
Gabriela Z. Monasterio (#7240)