IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC., et al.,     ) | |
|                            ) | |
|          Plaintiffs,    ) | |
|                            ) | |
|    vs.                    ) | Case No. 22-cv-595-MFK |
|                            ) | |
| VIZGEN, INC.,         ) | |
|                            ) | |
|          Defendant.    ) | |

## ORDER ON OBJECTION TO DEFENDANT'S INVALIDITY GROUNDS FOR TRIAL

The trial in this case will begin on Monday, February 3, 2025. Vizgen's "narrowed invalidity grounds for trial," apparently served on January 30 (but not filed on the docket), reads as follows:

    1. For U.S. Patent Nos. 11,293,051; 11,021,737; 11,293,052; and 11,549,136:

- Larsson Dissertation (incorporating by reference Göransson (2009)) or in view of Göransson (2009).

- Gunderson (2004) in view of Sood '043 and/or Levsky (2002).

- Section 112 invalidity based on enablement and written description.

- Invalidity based on failure to establish entitlement to priority dates from provisional applications.

    2. For U.S. Patent No. 11,299,767:

- Deisseroth '075 in view of Nilsson '214.

- Chetverin '082 in view of Nilsson '214.

10x and Harvard have objected to the ground asserted in the fourth bullet point regarding the first group of patents. They contend that the ground related to "priority" was not timely disclosed under the Scheduling Order (for which they cite only Dkt. 45);

was not disclosed in Vizgen's January 24 disclosure of reduced invalidity grounds; and "would exceed Vizgen's maximum number of prior art grounds for trial." Dkt. 694. The Court requested further briefing.

The Court confesses that it is somewhat perplexed by Vizgen's response to plaintiffs' objections. Vizgen's primary contention is that plaintiffs' objection "is an attempt to exclude opinions and evidence that this Court has already ruled upon." Def.'s Resp. to Pls.' Notice of Obj. at 1 (dkt. 699). In support of this, Vizgen cites various discovery-related and motion *in limine* rulings. *See id.* at 1-2. But the fact that the Court allowed Dr. Metzker's rebuttal report and ruled in a particular way on motions *in limine* does not appear to the Court to have anything to do with the objections now asserted by plaintiffs, which have to do with the timeliness of the disclosure *as invalidity grounds to be asserted at trial*, not evidentiary admissibility or whether an expert's discussion of the point was properly included in a rebuttal Rule 26(a)(2) disclosure.

Second, Vizgen seems to say that its reliance on the continuation-in-part application as a ground for invalidity is "separate from the assertion of specific pieces of prior art," and that this "has always been part of this case." *Id.* at 2. But this, again, does not seem to directly address the objections now raised by 10x and Harvard, which concern the timeliness of the disclosure that this defense would be asserted at trial.

Finally, Vizgen takes the position that its January 30 disclosure, on this particular point, amounted to a "clarification" of an earlier version of its narrowed invalidity grounds for trial, served several days earlier, that resulted from an argument by plaintiffs during the January 27 final pretrial conference—regarding the admissibility of the testimony of Vizgen expert Russell Slifer—that Vizgen's earlier-filed narrowed invalidity

contentions did not involve anything regarding priority. See Jan. 27, 2025 Tr. at 89. It appears that Vizgen is saying that it simply wanted to clarify that the priority question was still in the case. See Def.'s Resp. to Pls.' Notice of Obj. at 2 ("Plaintiffs' counsel argued in connection with Plaintiffs' MIL 8 . . . that there were no invalidity issues remaining in the case related to the CIP application. This was news to Vizgen. Vizgen's January 30 disclosure made clear that the CIP priority issue was still an issue for trial.") (citation omitted). But again, this doesn't appear to the Court to target plaintiffs' objection regarding the timeliness of the "clarified" disclosure in which this was first included as one of the narrowed invalidity grounds to be asserted at trial.[1] Perhaps this is an argument by Vizgen that even if the disclosure relating to priority is in fact late, it is not unfairly prejudicial to plaintiffs, and thus should not result in striking the defense. But the Court can't tell for sure; Vizgen does not explain or attempt to show why there is no prejudice.

It seems to the Court that if the ground asserted by Vizgen in the fourth bullet point is a basis for invalidating one or more of the patents, then it is an invalidity ground that ought to have been disclosed in a timely fashion. But the Court can't verify from plaintiffs' submission that "timely," in this context, actually means January 24 (or whatever date plaintiffs are arguing is the right date, which is unclear). Neither plaintiffs nor Vizgen cite to any order or agreement that imposed January 24, 2025, a date ten days before trial, or anything like that as a deadline, let alone what exactly it was

---

[1] The Court also notes that when it denied plaintiffs' motion to bar Slifer—their motion *in limine* 8—it did not make a ruling on the viability, disclosure, or timeliness of any priority-based defense. Rather, the Court made Rule 403-based rulings regarding the admission of Slifer's testimony. See Jan. 27, 2025 Tr. at 90.

3

supposedly a deadline for. The only thing that the Court could find that comes close is the following provision of the scheduling order entered on September 19, 2022 (dkt. 45):

> Each Defendant shall provide final invalidity contentions 30 days after the Court issues a claim construction order. Each Defendant shall identify no more than 25 prior art references, 4 prior art grounds per claim, and 4 non-prior art grounds per claim.

Dkt. 45 ¶ 7(h).[2] This, however, can't be a reference to the January 24, 2025 disclosure of reduced invalidity grounds, as the Court's claim construction ruling was issued a year before that, on February 1, 2024. And even if this is the right reference for the disclosure requirement plaintiffs are seeking to enforce, they have not explained how the supposed add-on by Vizgen runs afoul of that order—among other things, how they are doing the counting when they say that Vizgen has disclosed too many invalidity grounds.

Finally, plaintiffs' reply to Vizgen's response to the objection does not help much: plaintiffs seem to argue both that the contested point "is a new and improper validity ground," Pls.' Reply at 1, and that it "is not a viable validity defense," *id.* at 2, at least not by itself. That's not terribly helpful either.

If the parties are getting the sense by this point that the Court feels as though it has been left at sea by their submissions, they are getting it right. As a result, the Court cannot make a ruling at this point on plaintiffs' objection. It will have to wait until trial. And to be clear, the Court *does not seek*, and *is not authorizing*, further briefing or motion practice on this point. It is going to have to be oral argument, and it is going to

---

[2] Plaintiffs cite this same scheduling order in their notice of objection, *see* Dkt. 694 at 1, but the order, Dkt. 45, is seventeen pages long, and plaintiffs did not bother to include a reference to any particular page or paragraph.

have to wait until February 3. When that argument takes place, the parties had best have at hand and ready whatever orders, filings, and disclosures they intend to rely on, and not simply fling at the Court oral references to one or more of the 700-some docket entries in this case. Finally, because the parties largely left the Court to engage in a wheel-spinning exercise in addressing their submissions, the Court reserves the right to charge the time spent on any further argument on this issue—which, to repeat, is going to have to be oral argument in the courtroom, not further written submissions—as trial time, and it also reserves the right to charge all of that time against the party that loses the dispute. With this in mind, the Court encourages the parties to discuss the issue in good faith to attempt to resolve it on their own.

Date: February 1, 2025
(emailed to counsel; will be
docketed on February 3, 2025)

_____
MATTHEW F. KENNELLY
United States District Judge