THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 10X GENOMICS, INC., et al.,        ) | |
|         ) | |
|        Plaintiffs,      ) | |
|         ) | |
| vs.                    ) | Case No. 22-cv-595-MFK |
|         ) | |
| VIZGEN, INC.,             ) | |
|         ) | |
|        Defendant.     ) | |

## ORDER ON CERTAIN CLAIM CONSTRUCTION ISSUES

The parties have identified two disputed claim construction issues that the Court is called upon to resolve. *See, e.g., O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008); *Cordis Corp. v. Bos. Scientific Corp.,* 561 F.3d 1319, 1337 (Fed. Cir. 2009) ("[I]t is improper to argue claim construction to the jury . . . ."). *See generally Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996) (claim construction is a question for the Court, not the jury). The twist here is that it appears that the disputes involve matters that bear on certain prior art-related defenses.

    1.    The first question concerns whether the analysis involved in the method disclosed in certain of the patents-in-suit must be performed *in situ*. *In situ*, however, is not a term used in the relevant claim language. In this regard, plaintiffs have identified claim 24 of the 737 patent as representative for present purposes:

    24.    A method for biological analysis, comprising:

    (a) providing a cell or tissue sample, wherein said cell or tissue sample comprises an analyte at a location of said cell or tissue sample;

    (b) binding a detection reagent to said analyte at said location; wherein said detection reagent comprises (i) a probe that binds to said analyte and (ii) one or more pre-determined subsequences;

>(c) detecting a temporal order of signal signatures at said location, wherein said temporal order of signal signatures is associated with said one or more predetermined subsequences; and
>
>(d) using said temporal order of signal signatures to identify said location of said analyte in said cell or tissue sample.

In this particular claim, the relevant language is found in limitation (d): "in said cell or tissue sample."

This term, the Court concludes, means what it says in context. The patented method identifies the location of the analyte in the cell or tissue sample; the claim doesn't say the analysis itself has to occur in the sample. Vizgen contends that plaintiffs' validity expert, Dr. Rahul Satija, has opined that this term requires the analysis to occur *in situ*, in other words, in the tissue sample that has been drawn from the host. But that's not what this claim language says. And indeed, as Vizgen points out, the patents' common specification says that "[i]n some embodiments, the cells can be *ex vivo* or cultured cells, e.g. *in vitro*," and it goes on from there. *See* 737 Patent at 35:5-6. This indicates that the analysis contemplated by the patent can occur on cells extracted from the tissue sample.

2. The second question before the Court is whether the patents require "multiplex" or "high-multiplex" detection of analytes, in other words, the detection of multiple analytes (or a lot of multiple analytes) at the same time. Again, the dispute appears to focus on certain opinions of Dr. Satija.

The parties appear to agree that the term "multiplex" or "multiplexing" does not appear in the claim language. Indeed, the opposite is true: at least some of relevant claims, as Vizgen argues, disclose a method that consists of binding a detection

2

reagent to "*an* analyte" or "*said* analyte."  Such claims cannot be read to *require* multiplexing.  *See, e.g., ABS Global, Inc. v. Cytonome/ST, LLC*, 84 F.4th 1034, 1040 (Fed. Cir. 2023) ("use of 'a' or 'an' before a noun naming an object requires that the phrase be construed to mean 'one or more' unless the context sufficiently indicates otherwise.") (some internal quotation marks omitted).  There are certain claims that expressly involve a "plurality" of analytes—meaning more than one—but not all of the claims require this.  Thus any testimony that the patents in their entirety are limited to "multiplexy" or "high multiplexy" would be contrary to the claim language.

The term "multiplexed" appears in the relevant patents' common specification, which states that the embodiments disclosed in the patents are "based on, at least in part, the development of a multiplexed biological assay and readout."  What this indicates is that the disclosed methods *may* cover the detection of multiple analytes, not that each and every one of the patents' claims *has to*.  Testimony to the contrary is therefore inadmissible.

3. One final word.  In its submission (dkt. 666, p. 7), plaintiffs appear to contend that the Court's resolution of these disputes may impact other testimony or arguments.  Perhaps so.  But that is a matter that will be addressed during the trial, subject to the time limitations the Court has set.

Date:  February 2, 2025
(emailed to counsel; will be
docketed on February 3, 2025)

_____
MATTHEW F. KENNELLY
United States District Judge