**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| 10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>       Plaintiffs,<br><br>    v.<br><br>VIZGEN, INC.,<br><br>         Defendant | C.A. No. 22-595-MFK |
| VIZGEN, INC.,<br><br>       Counterclaim-Plaintiff,<br><br>    v.<br><br>10X GENOMICS, INC. and PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>       Counterclaim-Defendants | |

**PRELIMINARY INSTRUCTIONS TO THE JURY**

Date:  February 3, 2025

# TABLE OF CONTENTS

I.    GENERAL INSTRUCTIONS ................................................................. 4

    A.    Functions of the Court and the Jury........................................ 4

    B.    Duties of Jurors ..................................................................... 4

II.    EVIDENCE IN THE CASE ................................................................. 5

    A.    Consideration of Witness Testimony ..................................... 5

    B.    Deposition Testimony ............................................................ 5

    C.    Weighing the Evidence .......................................................... 5

    D.    What is Not Evidence ............................................................ 6

    E.    Note-Taking ........................................................................... 6

III.    BURDEN OF PROOF ........................................................................ 7

    A.    Preponderance of Evidence .................................................. 7

    B.    Clear and Convincing Evidence............................................. 7

IV.    Parties and the Nature of the Case .................................................. 8

V.    ISSUES TO BE DECIDED ................................................................ 10

VI.    UNITED STATES PATENTS.............................................................. 11

VII.    THE PARTS OF A PATENT .............................................................. 12

VIII.    THE PATENT CLAIMS...................................................................... 13

IX.    PERSON OF ORDINARY SKILL....................................................... 14

X.    INFRINGEMENT ............................................................................... 15

    A.    Direct Infringement ................................................................ 15

    B.    Indirect Infringement ............................................................. 15

    C.    [DISPUTED] Willful Infringement .......................................... 16

XI.    INVALIDITY...................................................................................... 18

    A.    Invalidity – Anticipation ......................................................... 18

B.      Invalidity – Obviousness ........................................................... 18

C.      Invalidity – Enablement............................................................. 19

D.      Invalidity – Written Description ................................................ 19

XII.    CLAIM FOR TORTIOUS INTERFERENCE....................................... 20

XIII.   CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ................................................................................. 21

XIV.    MASSACHUSETTS CHAPTER 93A ................................................ 22

XV.     DAMAGES ...................................................................................... 23

XVI.    RULES GOVERNING CONDUCT OF JURORS .............................. 24

XVII.   HOW TRIAL WILL PROCEED ........................................................ 25

## PRELIMINARY INSTRUCTIONS

### I. GENERAL INSTRUCTIONS

#### A. Functions of the Court and the Jury

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you about your duties as jurors and to give you instructions regarding this case. At the end of the trial, I will give you more detailed instructions. The instructions that I give you at the end of the case will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

#### B. Duties of Jurors

I will begin with the general rules explaining your duties as the jurors in this case.

It will be your duty to find what the facts are from the evidence presented during the trial. You, and you alone, are the judges of the facts. You will also have to apply those facts to the law as I instruct you both during these preliminary instructions and at the end of the trial. You must follow my instructions on law, whether you agree with them or not. All the instructions are important, and you should consider them together as a whole.

You must perform these duties fairly and impartially. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

## II.    EVIDENCE IN THE CASE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

### A.    Consideration of Witness Testimony

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness. I will give you additional instructions about this at the end of the trial.

### B.    Deposition Testimony

During the trial, certain testimony will be presented to you by playing videos of deposition testimony given under oath. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

### C.    Weighing the Evidence

You should use common sense in weighing the evidence and consider the evidence in light of your observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

### D.    What is Not Evidence

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

- the attorneys' statements, arguments, questions, and objections of the attorneys;

- any testimony that I instruct you to disregard; and

- anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

### E.    Note-Taking

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impression of each juror about the testimony.

### III.    BURDEN OF PROOF

In these instructions, I will use the terms "preponderance of the evidence" and "clear and convincing evidence."

#### A.    Preponderance of Evidence

When I say a party must prove a proposition by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that the proposition is more probably true than not true.

#### B.    Clear and Convincing Evidence

When I say that a party must prove a proposition by "clear and convincing evidence," this is what I mean: When you have considered all of the evidence, you must be convinced that the proposition is highly probable that it is true. This is a higher burden of proof than "more probably true than not true."

## IV.    PARTIES AND THE NATURE OF THE CASE

Each side has asserted claims in this case.

The plaintiffs, 10x Genomics, Inc. (which I will call 10x), and the President and Fellows of Harvard College (which I will call Harvard) have asserted claims against the defendant, Vizgen, Inc., for patent infringement.  The claims for patent infringement involve U.S. Patent Nos. 11,021,737, 11,293,051, 11,293,052, 11,549,136, and 11,299,767. Patents are often referred to by their last three digits. I, and the lawyers and the witnesses, will refer to the patents in this case as the 737, 051, 052, 136, and 767 patents.

These patents relate to methods of performing analysis of biological molecules and their locations in cell or tissue samples. During the trial, the parties will offer testimony to familiarize you with this subject matter.

Harvard is owner of the five patents I have just referenced, and 10x is the exclusive licensee of the patents.   I will refer to them collectively as "Plaintiffs."  Plaintiffs contend that Vizgen has infringed and is infringing the patents by using the accused Vizgen MERSCOPE instrumentalities. Plaintiffs contend that they are entitled to recover monetary damages caused by that infringement. Plaintiffs also contend that Vizgen's infringement is willful.

Vizgen denies that it has infringed and is infringing Plaintiffs' patents, and it contends that the patents are invalid.

Vizgen has asserted a claim against Harvard for violating a Massachusetts law that prohibits unfair competition or unfair or deceptive conduct, as well as a claim for breach of the implied covenant of good faith and fair dealing that arises from a contract between Vizgen and Harvard.  In addition, Vizgen has asserted a claim against 10x for

interfering with Vizgen's relationships with certain customers.

## V.    ISSUES TO BE DECIDED

I will now give you some information about the law and the issues that will be presented to you at this trial. At the close of the trial, I will give you specific instructions about the law you are to follow as you deliberate to reach your verdict. You must follow the law as I describe it to you.

## VI.    UNITED STATES PATENTS

To help you understand what patents are and how they are obtained, you will now be shown a video produced by the Federal Judicial Center. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

[*The video will be played*]

## VII.    THE PARTS OF A PATENT

You have been provided with a copy of the patents involved in this case. Please look at the one of those—the 051 patent—as I identify its different sections. Other patents are also involved in this case. I am using this particular patent as an example to describe the various parts of a patent.

The first page of the 051 patent provides identifying information, including the date the patent issued and patent number along the top; the name of the inventor, the filing date; the assignee, which is the company or individual that owned the patent on the date it was issued; and a list of documents considered in the Patent Office during the time the patent was being sought.

The next part of the patent, which is sometimes referred to as the specification, begins with a brief statement about the subject matter of the invention, which is called an abstract. This is found on the first page.

Next are the drawings, which appear as Figures 1 to 15 on the next 14 pages.  The drawings depict various aspects or features of the invention. They are described in words later in the patent.

A description of the invention appears next. In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are also numbered. A description of the 051 patent begins at column 1, line 1, and continues to column 83, line 15. It includes a background section, a summary of the invention, and a detailed description of the invention, including some specific examples. The description of the invention is followed by one or more numbered paragraphs, which are called the claims.

## VIII.    THE PATENT CLAIMS

The claims of a patent define the invention covered by the patent. In other words, the claims describe what the patent does and does not cover, somewhat like the way a property deed describes the boundaries of a parcel of land.

When a process is accused of infringing a patent, the patent claims must be compared to the accused process to determine whether infringement has been proven. The claims are also at issue when the validity of a patent is challenged. In reaching your determinations with respect to infringement and invalidity, you must consider each claim of the patent separately.

In this case, we are concerned with claim 47 of U.S. Patent No. 11,021,737; claim 85 of U.S. Patent No. 11,293,051; claim 35 of U.S. Patent No. 11,293,052; claim 7 of U.S. Patent No. 11,549,136; and claim 4 of U.S. Patent No. 11,299,767. For convenience, the parties and I will often refer to these patents by the last three numbers of their patent number. Plaintiffs contend that Vizgen infringes each of those claims by use of the MERSCOPE platform. Vizgen denies this and contends that these claims are invalid. Collectively, the patents will be referred to as the "asserted patents" and the claims listed above will be referred to collectively as the "asserted claims."

The language of patent claims may not be clear to you. I have defined certain words and phrases in some of the claims. You will be provided with these definitions during the course of the trial. You must use the meanings I give you when you decide whether the patent is infringed and whether it is invalid.

13

## IX.    PERSON OF ORDINARY SKILL

In these instructions, I will use the concept of a "person of ordinary skill in the field of the invention." In this case, the field of the invention is  analysis of biological molecules. It will be up to you to decide the level of ordinary skill in that field. I will give you further instructions about this at the end of the case.

## X.    INFRINGEMENT

10x and Harvard contend that Vizgen has infringed and is infringing; has induced others to infringe; and has contributed to infringement of the patents. Vizgen denies these contentions. Plaintiffs are required to prove infringement by a preponderance of the evidence.

Next I will describe Plaintiffs' contentions regarding the issue of infringement.

### A.    Direct Infringement

Plaintiffs contend that Vizgen infringed the asserted claims of the asserted patents by using the accused MERSCOPE instrumentalities. This is called "direct infringement." You must consider each patent claim separately.

To establish direct infringement, 10x and Harvard must prove that every requirement in the particular claim of Plaintiffs' patent that you are considering is found in Vizgen's process.

A requirement of a claim is found in Vizgen's process if the requirement is in Vizgen's process exactly as it is in the claim, or if the requirement is in Vizgen's process in a manner that is equivalent to what is in the claim. A step in Vizgen's process is equivalent to a claim requirement if it performs substantially the same function, in substantially the same way, to reach substantially the same result. In my instructions at the end of the trial, I will explain in more detail how you make this determination.

### B.    Indirect Infringement

10x and Harvard also contend that Vizgen engaged in "indirect infringement" of the patents.

First, Plaintiffs contend that Vizgen induced the infringement of the asserted claims of the patents. You must consider each patent claim separately.

15

To succeed on this contention, 10x and Harvard must prove by a preponderance of the evidence each of the following propositions regarding the particular patent claim you are considering:

- Vizgen knew of 10x and Harvard's patent;

- Vizgen encouraged or instructed one or more customers to use a product or perform a process in a manner that infringed 10x and Harvard's patent; and

- Vizgen knew or should have known that its acts would cause infringement of 10x and Harvard's patent.

Second, 10x and Harvard contend that Vizgen contributed to the infringement by others of the asserted claims of the patents. Again, you must consider each patent claim separately. To succeed on this contention regarding the particular patent claim you are considering, 10x and Harvard must prove each of the following propositions by a preponderance of the evidence:

- Vizgen knew of 10x and Harvard's patent;

- Vizgen sold or supplied a component that forms a significant part of the patented invention and that is not a commonly available item with other uses;

- Another person or entity infringed 10x and Harvard's patent by using this component; and

- Vizgen knew the component was especially made for a use that would infringe 10x and Harvard's patent.

### C.    Willful Infringement

10x and Harvard contend that Vizgen infringed 10x and Harvard's patents willfully. Infringement is willful if 10x and Harvard prove by a preponderance of the evidence that Vizgen knew it was infringing a patent or acted in reckless disregard of 10x and Harvard's

rights.  In making this determination, you should consider all of the evidence. You may not determine that the infringement was willful if all that is shown is that Vizgen was aware of the patent and infringed it.

At the conclusion of the case, I will explain in more detail how you are to decide the issue of willful infringement.

## XI.     INVALIDITY

Vizgen contends that all of the asserted claims of all of the asserted patents are invalid. Only a valid patent may be infringed. 10x and Harvard deny that these patent claims are invalid.

The law presumes each claim of the 737 patent, 051 patent, 052 patent, 136 patent, and 767 patent to be valid. For this reason, Vizgen has the burden of proving invalidity by clear and convincing evidence. If you find that any one of the requirements for a valid patent is not met for a patent claim, then that claim is invalid. You must consider the issue of validity separately for each claim that is at issue.

### A.     Invalidity – Anticipation

Vizgen contends that the invention covered by each asserted claim of the 737 patent, the 051 patent, the 052 patent, and the 136 patent is not new because it was "anticipated" by the prior art. "Prior art," in general, includes anything that was publicly known prior to the invention. I will provide you with a more specific definition following the conclusion of the evidence.

To prove that a claim is anticipated by the prior art, Vizgen must prove by clear and convincing evidence that each and every requirement of the claim is present in a single item of prior art and that a person with an ordinary level of skill in the field of the invention who looked at the prior art would have been able to make and use the invention disclosed in the claim.

### B.     Invalidity – Obviousness

Vizgen contends that the asserted claims of the 737 patent, the 051 patent, the 052 patent, the 136 patent, and the 767 patent are invalid for obviousness. A patent claim is invalid for obviousness if a person with an ordinary level of skill in the field of the

invention who knew about all the prior art existing at the time of the invention would have come up with the invention at that time. Unlike anticipation, obviousness may be shown by considering more than one item of prior art.

### C.     Invalidity – Enablement

Vizgen contends that the asserted claims of the 737 patent, the 051 patent, the 052 patent, and the 136 patent are invalid because the patents do not contain an enabling description of the invention. To succeed on this contention, Vizgen must prove that the specification section of the patent does not contain enough information to enable a person of ordinary skill in the field of the invention to make and use the full scope of the invention without undue experimentation.

### D.     Invalidity – Written Description

Vizgen contends that the asserted claims of the 737 patent, the 051 patent, the 052 patent, and the 136 patent are invalid because the patents' specifications do not contain an adequate written description of the invention. To succeed on this contention as to the particular patent claim you are considering, Vizgen must prove by clear and convincing evidence that a person with ordinary skill in the field who read the patent specification as of the effective filing date would not have recognized that the specification contains an adequate written description of each and every requirement of the particular patent claim that is at issue.

At the end of the trial, I will explain in more detail how you decide the various invalidity issues that have been asserted.

## XII.     CLAIM FOR TORTIOUS INTERFERENCE

I will now describe Vizgen's claims against Harvard and 10x.

First, Vizgen alleges that 10x improperly interfered with Vizgen's relationships with customers.

To succeed on this claim, Vizgen must prove each of the following propositions by a preponderance of the evidence:  (1) Vizgen reasonably expected to benefit from a business relationship with a customer or customers; (2) 10x knew about the expected business relationship or relationships; (3) 10x intentionally persuaded or caused the customer or customers not to enter into that relationship or those relationships; (4) 10x had an improper motive or used an improper method; and (5) Vizgen was harmed as a result of 10x's actions.

I will explain in more detail at the end of the trial how you decide this issue.

XIII.  **CLAIM FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

Vizgen alleges that Harvard violated the implied covenant of good faith and fair dealing in the license agreement that Vizgen entered with Harvard. As I will instruct you at the close of evidence, every contract contains an implied covenant of good faith and fair dealing. This covenant provides that neither party shall do anything that will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract. Vizgen must prove this by a preponderance of the evidence to succeed on this claim.

## XIV.    CLAIM UNDER MASSACHUSETTS CHAPTER 93A

Vizgen alleges that Harvard violated Chapter 93A of Massachusetts law. Chapter 93A makes it unlawful to engage in an unfair method of competition, or to engage in an unfair or deceptive act or practice in the conduct of any trade or commerce.

To succeed on this claim, Vizgen must prove each of the following propositions by a preponderance of the evidence:

1.  Harvard was engaged in "trade or commerce" in its dealings with Vizgen.

2.  Harvard engaged in an unfair method of competition or committed an unfair deceptive act or practice in the trade or commerce.

3.  Vizgen suffered a loss of money or property.

4.   Harvard's unfair method of competition or unfair or deceptive act or practice was a proximate cause of Vizgen's loss of money or property.

The actions must have ocurred primarily and substantially in Massachusetts. However, for this element, the burden is on Harvard to prove that the actions at issue did not occur primarily and substantially within Massachusetts.

## XV.    DAMAGES

10x and Harvard contend that they suffered damages as a result of Vizgen's infringement of the patents, in the form of a reasonable royalty on each of Vizgen's sales of an infringing product. I will explain to you at the end of the case how a reasonable royalty is determined.

Vizgen contends it suffered damages as a result of the alleged breach of the implied covenant of good faith and fair dealing, tortious interference, and Chapter 93A violations. I will instruct you on damages for Vizgen's claims at the end of the case.

Each side must prove its damages by a preponderance of the evidence.

## XVI.  RULES GOVERNING CONDUCT OF JURORS

Next, a few words about your conduct as jurors. First, during the trial, you may not discuss the case with anyone, including each other, and you may not permit anyone to discuss the case with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you may not discuss the case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, that is because they are not supposed to talk with you nor you with them. If anyone tries to talk to you about the case, bring it to my attention promptly via the court security officer. There are good reasons for this ban on discussions. The most important is the need for you to keep an open mind throughout the presentation of the evidence.

Second, do not read or listen to anything touching on this case in any way. If, for example, there may be a newspaper article, a radio or television report, or a posting online relating to this case, do not read, watch, or listen to the report. In addition, do not try to do any research or investigation on your own on matters relating to the case, including using the Internet. Everything you need to know about the case will be presented in court.

Most or all of you use cell phones, smart phones, tablets, and other portable electronic devices, as well as laptops and other computers. You must not use these or other electronic devices to communicate with anyone about the case or to get information about the case, about the parties, or about any of the witnesses or lawyers involved in the case. You may not communicate with anyone about the case on your cell phone, through email, text messaging, social media, Facebook, Snapchat, Twitter, Instagram, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.

**XVII.  HOW TRIAL WILL PROCEED**

The trial will proceed in the following manner:

First, 10x and Harvard's attorneys may make opening statements. Next, Vizgen's attorney may make an opening statement. An opening statement is not evidence but rather is simply a summary of what the attorney expects the evidence will show.

After the opening statements, the parties will present evidence, consisting of testimony and exhibits.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to this case.

After that, you will go to the jury room to deliberate on your verdict.